IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SPARTON CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 92-580 |
| | ) | Chief Judge Damich |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**STATUS REPORT IN ACCORDANCE WITH THE COURT' S ORDER OF DECEMBER 21, 2005**

# ATTACHMENT

Steven Kreiss
Attorney at Law

1120 Connecticut Avenue N.W., Suite 240, Washington, DC 20036
Telephone (202) 347-6382 Facsimile (202) 347-7711

January 13, 2006

Gary L. Hausken, Esq.
Commercial Litigation Branch
Civil Division
Department of Justice
Washington D.C. 20530

**BY FACSIMILE**
(202) 307-0345

Re: Sparton Corporation v. United States,
U.S. Court of Federal Claims, No. 92-580C

Dear Mr. Hausken:

I am in receipt of your January 13, 2006 facsimile entitled "Status Report In accordance With The Court's Order Of December 21, 2005." Please attach this letter as an exhibit to the Status Report for incorporation into "A. Plaintiff's Statement" on page 1 of said "Status Report." Although I have treated your proposal in the "Introduction" below, Sparton is requesting the Court to consider the additional items numbered below inasmuch as the Court's December 21 Order permits the parties to discuss not only a proposed schedule for expert discovery, but also other things of importance to this litigation.

1. **Introduction**

The May 6, 2005 "Order Scheduling Discovery …" stated on page one that "[a]s an initial matter, the Court reminds the parties' counsel that the **discovery deadlines stated herein include** both fact and **expert discovery**." Bold and/or underscored words are for emphasis supplied. On page four of said May 6 Order, the Court required that "[t]he identity of any … expert witnesses … shall be disclosed … at least 90 days before trial … [and] [t]he party calling any expert shall, at the time notice is provided, produce a written report prepared by such expert …." (order p. 4, ¶c, subpars. i and ii). On page five of said May 6 Order, the Court stated "[d]iscovery shall close on December 31, 2006 [sic

2005, see May 10, 2005 order]." Defendant's December 16, 2005 Unopposed Motion For Enlargement Of Time To Complete Discovery sought an extension to complete and serve its expert reports, not conduct expert depositions. Plaintiff had previously provided defendant on January 29, 1999, seven years ago, with its pretrial submissions that identified its experts and provided defendant with infringement and accounting charts in support of plaintiff's case in chief. In the Court's December 21, 2005 Order, the Court has requested a joint status report on or before January 16, 2006 wherein "… the parties shall discuss *inter alia* a proposed schedule for expert discovery." Sparton's understanding of the May 6 Order was that expert discovery, with the exception of expert identification and production of expert reports, was to be initiated or completed by December 31, 2005, now January 3, 2006 under the December 21 Order. Sparton provides the above analysis because defendant desires expert **depositions** between April 7 and June 2, 2006 and the Court has referenced in its December 21 Order "a proposed schedule for expert discovery." If the Court intended in its December 21 Order to allow the parties to conduct expert depositions, then Sparton sets forth below a proposed schedule for such depositions. On the other hand, if the Court intended expert discovery to cover only the production of expert reports, then Sparton does not wish to depart from the spirit and intent of the Court's order.

Sparton's Proposed Schedule

| | |
|---|---|
| March 3, 2006 | Plaintiff's expert reports for its case in chief, infringement and accounting. |
| April 3, 2006 | Defendant's expert reports in rebuttal to plaintiff's case in chief and in support of all defenses and all alternate accounting theories other than the one proposed by Sparton. |
| May 3, 2006 | Plaintiff's rebuttal to defendant's reports |

If the Court intended by its December 21, 2005 Order to permit depositions of experts, then plaintiff proposes the period June 2 through August 2, 2006 for said depositions.

The defendant's proposed initial expert report format would not include infringement and accounting expert opinions and defendant's rebuttal expert report would not include accounting "reasonable royalty" expert opinions if plaintiff provides lost profit expert opinions in its initial report.

Accordingly, Sparton objects to defendant's expert report format. Full and complete expert report disclosure should be required. Sparton provided defendant with its infringement and lost profit accounting charts 7 years ago.

**2. Production of Classified Documents And/Or Their Declassification Or A Review Thereof For Declassification Purposes; Similar Review For Confidential Legend Documents**

Defendant has identified decades-old classified documents in response to plaintiff's discovery requests made years ago. A review of these documents for declassification purposes should be ordered so that they may be used at an open trial if declassification can be effectuated; alternatively, defendant should be ordered to process counsel's and Sparton's experts' and facility clearances for the classified documents to be used at trial if declassification can not occur. Similarly, documents with a confidential legend should be ordered reviewed to determine whether the legends should be removed to facilitate document review by experts and evidence presentation at trial.

**3. Discovery Initiated On Or Before January 3, 2006 Should Be Responded To In A Timely Manner**

Defendant has not inspected documents responsive to its document production discovery request initiated prior to January 3, 2006 and to which plaintiff has responded. Sparton has initiated discovery on January 3, 2006 to which defendant has not yet responded. Sparton's discovery will significantly reduce trial time because it is directed to admissions relating, *inter alia*, to the accounting base.

**4. Stipulations Regarding: (A) Manufacture Or Use By Or For The Government For Each Accused Device In The Accounting Periods Proposed By Each Party; (B) Sparton's Ownership Of The Patents In Suit; And (C) Admission In Evidence Of All Contracts Under Which Accused Devices Were Procured**

These stipulations will greatly reduce trial time.

**5. Request To File Electronically Motion For Reconsideration**

This request involves the Court's Claim Construction Order. The Court's claim construction is material to all remaining issues in litigation, including validity. If the Court's claim construction is incorrect, it could lead to a second trial, unnecessary expense and a further delay in the resolution of this case. Sparton believes that the Court's

claim construction regarding the "generally circular" limitation, as concerns the '120 patent, is in error and is controlled by the Federal Circuit law cited in the motion for reconsideration Sparton attempted to file in paper form rather than the electronic form as required by this Court. The importance of having this Court consider this motion, given that this case is 13½ years old and an error in claim construction could have a devastating financial impact upon both parties, can not be overstated. Such consideration prejudices neither party, particularly since the expert reports may be relying upon said claim construction and the Court's claim construction order is interlocutory.

**6. A Trial Date Should Be Set At This Stage In The Litigation**

This case will have reached its 14th anniversary this coming summer. A scheduled trial date is warranted.

**7. Sparton Requests That The Forthcoming Pretrial Conference Not Be Telephonic, But Instead Should Be In Open Court**

In view of the number of topics to cover at this forthcoming pretrial, Sparton believes that the pretrial should occur in an available CFC courtroom instead of by telephone.

Lastly, undersigned Sparton counsel authorizes government counsel to sign his name to the joint "Status Report" which incorporates this letter.

Very truly yours,

Steven Kreiss