IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SPARTON CORPORATION, | ) | |
| Plaintiff, | ) | |
| | ) | No. 92-580 |
| v. | ) | |
| | ) | Chief Judge Damich |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**RESPONSE OF THE UNITED STATES TO SPARTON'S MOTION TO DESIGNATE EXPERT WITNESSES**

Defendant offers this response to Sparton's Motion to Designate Expert Witnesses only to clarify its position and to make the court aware of facts and circumstances that must be considered before granting the motion.

First, Sparton asks that the court confer "qualified person" status on Professor Nash under the terms of the Stipulated Protective Order (Exhibit A),[1] and the addenda thereto for Hazeltine, Sippican and Boeing (hereinafter, the signatory contractors) information (Exhibits B-D, respectively). Before doing so, however, the signatory contractors are entitled to have an opportunity to present their views. There is no indication in the record that Sparton served its previous motion on the signatory contractors when that motion was filed, *see* Mot. to Designate Ralph C. Nash as an Independent Expert Under the May 26, 1993 Protective Ord. [Dkt No. 159]

[1] This document does not appear on the court's electronic docket; a copy is attached as an exhibit.

(hereinafter Mot. [Dkt No. 159]) at 11, nor is there any indication that Sparton has served its present motion on the signatory contractors, *see* Dkt No. 258.

Under the terms of the Protective Order and its addenda, the signatory contractors are entitled to notice and an opportunity to be heard. *see* Exh. B at ¶¶ 2-3, Exh. C at ¶¶ 3-4, Exh. D at ¶¶ 2-3. Sparton freely entered those agreements in order to obtain access to the proprietary information that it claims was necessary to prosecution of its case. Sparton should now be required to the live by the terms of the Stipulated Protective Order and its addenda.

Second, Sparton misstates the Government's position. Sparton states:

> Although defendant did object to Sparton's designation of Professor Ralph Nash as an independent expert witness under the May 26, 1993 Protective Order previously, defendant's counsel has informed Sparton's counsel that defendant no longer objects to said designation.

Pl. Mot. to Designate Expert Witnesses [Dkt No. 258]. This statement is inaccurate.

On July 2, 1999, the United States filed a motion to strike, *inter alia*, the declaration of Professor Nash submitted in opposition to the Government's motion for summary judgment. Def. Mot. to Strike the Declarations of of Messrs. Nash, Martin, Melvin and Boyle Submitted in Support of Pl. Opp. to Def. Motion for Summ. J. [Dkt No. 157]. The Government acknowledged Professor Nash's expertise in government procurement law, *id.* at 5, but requested that the court use its "gatekeeper authority"[2] to strike Professor Nash's declaration, because it was not helpful because he had applied markedly incorrect law and was merely a vehicle to provide the court with further legal argument. *Id.* at 5-15.

---

[2] *See Daubert v. Merrell-Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 588-590 (1993); *Hebert v. Lisle Corp.*, 99 F.3d 1109, 1117 (Fed. Cir. 1996) (courts should use their gatekeeper authority where purported experts proffer "markedly incorrect law").

And, on July 9, 1999, Sparton moved to designate Professor Nash as an expert under the Stipulated Protective Order (Exh. A), and the addenda thereto. Mot. [Dkt No. 159]. In its motion, Sparton acknowledges that Sippican Corp. also objected to Professor Nash being considered an expert under the protective order. *Id.* at 3. The United States, again acknowledged that Professor Nash was an expert in government procurement law and that he was independent. Def. Opp. to Pl. Mot. to Designate Ralph C. Nash as an Independent Expert Under the May 26, 1993 Protective Ord. [Dkt No. 161] 1-2. The Government, again, argued that Professor Nash's testimony would not be helpful to the court and should not be admitted. Accordingly, Professor Nash should not be granted access to proprietary information under the protective order and its addenda. *Id.* (citing, *inter alia*, *Daubert* and *Hebert*).

Then, on February 16, 2006, Sparton's counsel contacted counsel for the United States and requested to be informed whether the Government objected to the Professor Nash being treated as an expert. Government counsel responded that "the United States does not object to [] Professor Nash being a qualified person in accordance with the Stipulated Protective Order," but maintained its objections to Professor Nash testifying. Exhibit E (excerpt containing only pertinent portion of letter from Mr. Hausken to Mr. Kreiss).

Thus, contrary to Sparton's assertion, the position of the United States with respect to Professor Nash has not changed. The Government's only objection has been and continues to be that this court should utilize its gatekeeper authority to exclude the testimony of Professor Nash, who can only testify as a "legal expert." *See Hebert*, 99 F.3d at 1117.

For the reasons stated above, the United States submits that Sparton's motion must be denied until Sparton has complied with the terms of the addenda to the Stipulated Protective Order.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JOHN FARGO
Director

February 27, 2006

*s/ Gary L. Hausken*
GARY L. HAUSKEN
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D. C. 20530
Telephone: (202) 307-0342
Facsimile: (202) 307-3045

Attorneys for the United States

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SPARTON CORPORATION, | ) | |
| Plaintiff, | ) | |
| | ) | No. 92-580 |
| v. | ) | |
| | ) | Chief Judge Damich |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**RESPONSE OF THE UNITED STATES TO**

**SPARTON'S MOTION TO DESIGNATE EXPERT WITNESSES**

# EXHIBIT A

5-25-93

FILED
MAY 26 1993
U.S. COURT OF
FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

SPARTON CORPORATION, )
Plaintiff, )
v. ) No. 92-580C
THE UNITED STATES, ) Judge James F. Merow
Defendant. )

STIPULATED PROTECTIVE ORDER

The parties having agreed and stipulated to the entry of an order pursuant to Rule 26(c) of the Rules of the United States Court of Federal Claims (RCFC) for the protection of secret, confidential, and other proprietary information (but not information classified by reason of national security), as evidenced by the signatures of the attorneys of record, and the court having approved of such order,

IT IS HEREBY ORDERED that the following provisions shall govern the conduct of further proceedings in this action:

Definitions

1. The term "Proprietary Information" shall mean any document or other tangible thing or oral testimony that contains or reveals what a party considers to be its secret, confidential, or proprietary information. In designating such information as "Proprietary Information," a party shall designate only its trade secrets, information that it has maintained in confidence, or information in which it has a proprietary interest. Each party

shall act in good faith in designating information as "Proprietary Information."

2. The term "Qualified Person" shall mean:

(a) the plaintiff, attorneys for the plaintiff, their legal assistants, and members of their support staffs;

(b) the attorney of record for the defendant, other attorneys of the Civil Division of the Department of Justice, their legal assistants, and members of their support staffs;

(c) counsel for each department or agency of the Government involved in this lawsuit, their legal assistants, and members of their support staffs;

(d) any independent expert who is retained or consulted by counsel solely for the purpose of assisting in this action; and

(e) any other person who is designated as a "Qualified Person" by order of the court or by written agreement of the parties.

Use of Proprietary Information

3. Proprietary Information shall be used solely for the purpose of this action.

4. Nothing in this order shall prevent any person, including a Qualified Person, from making use of any information that is designated as Proprietary Information if such information:

(a) was lawfully in his or her possession prior to receipt under the provisions of this order;

(b) was or becomes available to the public through no fault of a receiving party;

(c) was or is obtained from a source who is not under an obligation of secrecy to the designating party; or

(d) is exempted from the operation of this order by written consent of the designating party.

If any party or person disputes or challenges the designation of any information as Proprietary Information based upon any ground specified in subparagraphs (a) through (c), such information shall, nevertheless, be treated as Proprietary Information in accordance with the provisions of this order until such designation is removed by order of the court or by written consent of the designating party.

Disclosure of Proprietary Information

5. Proprietary Information shall not be made available to anyone other than a Qualified Person or the party who produced such Proprietary Information, except as otherwise provided in this order.

6. A document that contains or reveals Proprietary Information may be shown to any person indicated in such document to be its originator or author or the recipient of a copy.

7. A document that contains or reveals Proprietary Information may be copied by an independent commercial copying service, and an exhibit based upon such a document may be prepared by an independent printer or illustrator.

8. Proprietary Information may be disclosed to the court and its staff, stenographic reporters, official court reporters, and their assistants who are engaged in such proceedings as are necessary for the preparation and trial of this action.

9. Proprietary Information may be disclosed to a witness testifying under oath if the witness is an officer, director, or employee of the party who produced such Proprietary Information.

10. Proprietary Information may be disclosed to a witness testifying under oath if (a) the witness was an officer, director, or employee of the party who produced such Proprietary Information, and (b) the witness had actual access to such Proprietary Information during the period of his or her service or employment.

11. Nothing in this order shall prevent disclosure of Proprietary Information if the designating party consents to such disclosure or if the court, after notice to all parties, orders such disclosure.

12. Counsel desiring to disclose Proprietary Information to an independent expert according to paragraph 2(d) or any other person according to paragraph 2(e) shall first obtain a signed declaration in the form shown in attached Exhibit A from such person. At least twenty (20) days in advance of the proposed disclosure of any Proprietary Information to such person, counsel shall serve a copy of the signed declaration upon each other party. A party may object for cause to the proposed disclosure by serving a written objection upon each other party within

twenty (20) days after receiving the copy of the signed declaration. If any party objects to the proposed disclosure, no Proprietary Information shall be disclosed to such person except by order of the court or by written consent of the objecting party. Failure to timely object shall operate as a waiver of the objection.

Identification and Marking of Proprietary Information

13. Any document or other tangible thing that contains or reveals Proprietary Information shall be labeled with the legend "CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER, SPARTON CORP. v. UNITED STATES, CIVIL ACTION NO. 92-580-C" or "PROPRIETARY" or a marking of like import. For a document, such marking shall appear on each page of the document that contains Proprietary Information. Any document or other tangible thing so labeled and the information it contains or reveals shall be treated in accordance with the provisions of this order. Any Proprietary Information not reduced to documentary or physical form or which cannot be conveniently labeled shall be so designated by a party by serving a written notification to the receiving party.

14. When a party initially produces documents for inspection by a Qualified Person, no marking need be made by the producing party in advance of the inspection. For purposes of the inspection, all documents shall be treated as containing Proprietary Information. After the receiving party selects specified documents for copying, the producing party shall use

its best efforts to appropriately mark the copies of the selected documents before they are provided to the receiving party.

15. Information disclosed at the deposition of a party or one of its present or former officers, directors, employees, agents, or consultants may be designated as Proprietary Information by that party either (a) on the record at the deposition or (b) by serving a written notification on each other party within thirty (30) days of receipt of the transcript by counsel for the designating party. Such written notification shall identify the specific pages and lines of the transcript that contain Proprietary Information. A copy of such written notification shall be attached to the face of the transcript and each copy of the transcript in the possession, custody, or control of any Qualified Person. All information disclosed during a deposition shall be treated as Proprietary Information until at least thirty (30) days after a transcript of the deposition is received by counsel for each of the parties. A deponent may review the transcript of his or her deposition at any time.

16. Only Qualified Persons, the deponent, and the court reporter shall be allowed to attend any portion of a deposition in which Proprietary Information is used or elicited from the deponent.

17. If a party designates information as Proprietary Information on the record at a deposition, the court reporter, to the extent possible, shall segregate into separate transcripts

information designated as Proprietary Information from information not so designated. The page numbers of the separate transcripts shall be consecutive so as to permit the pages to be merged into a complete transcript at the time of trial or as the court may direct.

Challenges to Proprietary Information Designation

18. A party shall not be obligated to challenge the propriety of a Proprietary Information designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that a party disagrees at any time with a Proprietary Information designation made by another party, the parties shall make a good-faith attempt to resolve the dispute on an informal basis. If the parties cannot resolve the dispute, the objecting party may seek appropriate relief from the court, and the designating party shall have the burden of proving that its Proprietary Information designation is proper.

Filing of Proprietary Information

19. The Clerk of the United States Court of Federal Claims is directed to maintain under seal any pleading, motion, brief, memorandum, affidavit, declaration, transcript, response to a discovery request, or other document, or exhibit or tangible thing filed with the court that has been designated, in whole or in part, as containing or revealing Proprietary Information.

20. In the event that a party wishes to use any Proprietary Information in any pleading, motion, brief, memorandum, affidavit, declaration, transcript, response to a discovery

request, or other document, or in any exhibit or tangible thing filed with the court, each document or exhibit or tangible thing containing Proprietary Information shall be labeled in accordance with paragraph 13 of this order. Nothing shall prevent the parties from agreeing to additional procedures for filing documents or exhibits or tangible things with the court.

Advice to Clients

21. Nothing in this order shall bar or otherwise restrict an attorney herein from referring to or relying upon his or her examination of Proprietary Information while rendering advice to his or her client with respect to this action. In rendering such advice and in otherwise communicating with his or her client, the attorney shall not disclose any Proprietary Information if such disclosure would be contrary to the provisions of this order.

Miscellaneous

22. No party shall be responsible to another party for any use made of information that was produced and not designated as Proprietary Information.

23. Nothing in this order shall prejudice the right of any party to oppose production of any information for lack of relevance, privilege, or any ground other than confidentiality.

24. Nothing in this order shall prejudice the right of any party to seek at any time a further order modifying this protective order.

25. Nothing in this order shall prejudice the right of any party to bring before the court at any time the question of whether any greater or lesser restrictions should be placed upon the disclosure of any Proprietary Information.

26. Within ninety (90) days after the termination of this action, each document and each other tangible thing that contains or reveals Proprietary Information and any copies, abstracts, summaries, notes, or other records regarding the contents of any Proprietary Information shall be either (a) returned to the attorney of record for the producing party or (b) destroyed with a representation of such destruction being made to the attorney of record for the producing party. Any portion of the official record that contains or reveals Proprietary Information shall be exempt from this provision.

27. The provisions of this order shall survive and remain in full force and effect after the termination of this action.

28. This order may be amended as need may arise by written agreement of the parties without prior leave of the court.

SO ORDERED:

BY THE COURT:

Dated: May 24, 1993

JAMES F. MEROW
Judge, United States Court of Federal Claims

The foregoing protective order is agreed to and accepted as to both form and substance.

Dated: May 19, 1993

ROBERT C. MILLER, Esq.
Oblon, Spivak, McClelland,
Maier & Neustadt P.C.
Suite 400
1755 Jefferson Davis Highway
Arlington, VA 22202
Telephone: (703) 413-3000

Attorney for Plaintiff

STUART E. SCHIFFER
Acting Assistant Attorney General

VITO J. DiPIETRO
Director

Dated: May 24, 1993

CARL M. DeFRANCO JR.
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D.C. 20530
Telephone: (202) 307-0333

Attorneys for Defendant

EXHIBIT A

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SPARTON CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 92-580C |
| | ) | |
| THE UNITED STATES, | ) | Judge James F. Merow |
| | ) | |
| Defendant. | ) | |

DECLARATION OF:

______________________________

I, ________________________________, declare and state under penalty of perjury that:

1. My address is ________________________________________

________________________________________________________________.

2. My present employer is ______________________________ and the address of my present employer is ______________________

________________________________________________________________.

3. My present occupation or job description is ___________

________________________________________________________________.

4. I have received a copy of the Stipulated Protective Order in this action, which order was entered on ______________.

5. I have carefully read and understand all of the provisions of the Stipulated Protective Order.

6. I will comply with all of the provisions of the Stipulated Protective Order.

7. I will hold in confidence, will not disclose to anyone not qualified under the Stipulated Protective Order, and will use only for purposes of this action, any Proprietary Information that is supplied to me.

8. I will return each document and each other tangible thing that discloses or reveals any Proprietary Information to the attorney who provided such document or other tangible thing to me. Moreover, I will deliver any copies, abstracts, summaries, notes, or other records regarding the contents of any Proprietary Information to the attorney who provided such Proprietary Information to me.

9. I hereby submit to the jurisdiction of the United States Court Of Federal Claims for the purpose of enforcement of the Stipulated Protective Order.

10. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on ______________________ ____________________________
Signature

CERTIFICATE OF SERVICE

I hereby certify that a true copy of STIPULATED PROTECTIVE ORDER was sent by First Class mail, postage prepaid, this 25th day of May, 1993, to:

Robert C. Miller, Esq.
Oblon, Spivak, McClelland,
Maier & Neustadt P.C.
Suite 400
1755 Jefferson Davis Highway
Arlington, Virginia 22202
Telephone: (703) 413-3000

Attorney for Plaintiff,
Sparton Corporation

Wilma L. Breen

WILMA L. BREEN
Department of Justice
Telephone: (202) 307-0339

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SPARTON CORPORATION, | ) | |
| Plaintiff, | ) | |
| | ) | No. 92-580 |
| v. | ) | |
| | ) | Chief Judge Damich |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**RESPONSE OF THE UNITED STATES TO**

**SPARTON'S MOTION TO DESIGNATE EXPERT WITNESSES**

# EXHIBIT B

ORIGINAL

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

FILED
JAN 10 1997
U.S. COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SPARTON CORPORATION | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 92-580C |
| THE UNITED STATES, | ) | Judge James F. Merow |
| Defendant. | ) | |

SUPPLEMENTAL STIPULATED PROTECTIVE ORDER

The parties to this action have agreed to a Stipulated Protective Order, which was entered by the Court on May 24, 1993. The parties and third party Hazeltine Corporation (Hazeltine) desire to extend certain provisions of the Stipulated Protective Order to protect information to be discovered from Hazeltine. Therefore, the parties and Hazeltine Corporation stipulate to entry of this Supplemental Stipulated Protective Order.

IT IS HEREBY ORDERED that the following provisions shall govern the conduct of discovery proceedings by the parties from third party Hazeltine Corporation in this action:

1. Hazeltine shall be entitled to designate documents, tangible things and testimony provided pursuant to subpoenas or agreements with the parties as "Proprietary Information", and the parties receiving such documents, tangible things and testimony shall maintain such designated "Proprietary Information" in confidence as provided in the

Stipulated Protective Order entered May 24, 1993, except as specifically provided herein.

2. As applied to "Proprietary Information" designated by Hazeltine, the term "Qualified Person" shall not include the plaintiff, its officers or employees and shall not include any other person designated by the parties under Paragraph 2(e) of the Stipulated Protective Order, except as agreed to by Hazeltine.

3. Neither party is authorized to designate Proprietary Information of Hazeltine as exempt from the Stipulated Protective Order, except on the written consent of Hazeltine.

4. Neither party shall seek an order of the Court requiring or permitting disclosure of Proprietary Information of Hazeltine without notice to Hazeltine.

5. Hazeltine shall be provided with any signed declaration of an independent expert to whom its Proprietary Information is to be disclosed, as provided with respect to the Parties in Paragraph 12 of the Stipulated Protective Order, and shall have the right to serve objection as provided for the parties.

6. Hazeltine Proprietary Information may be identified by marking the same "Hazeltine Confidential" or "Hazeltine Proprietary". The remaining provisions of the Stipulated Protective Order for identification of

Proprietary Information shall also apply to Hazeltine Proprietary Information.

7. The Protective Order entered May 24, 1993 is incorporated herein by reference and remains in effect, except as specifically provided herein.

SO ORDERED:

BY THE COURT:

Dated: Jan 10, 1997

Judge, United States Court of Federal Claims

The foregoing Supplementary Stipulated Protective Order is agreed to and accepted as to both form and substance.

Dated: Dec 13, 1996

JAMES J. MAUNE
Brumbaugh, Graves, Donohue & Raymond
30 Rockefeller Plaza
New York, New York 10112
Telephone: (212) 408-2500

Attorney for Hazeltine Corporation, Third Party

Dated: December 23, 1996

STEVEN KREISS
1275 Pennsylvania Avenue, N.W.
Suite 1100
Washington, D. C. 20004
Telephone: (202) 347-6382

Attorney for Sparton Corporation

Dated: 1/6/97, ~~1996~~

CARL M. DeFRANCO JR.
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice

Washington, D.C. 20530
Telephone: (202) 307-0333

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing "Supplemental Stipulated Protective Order" was sent by first class mail, postage prepaid, this 7th day of January 1997 to:

Steven Kreiss, Esq.
1275 Pennsylvania Avenue, N.W.
Suite 1100
Washington, D.C. 20004

Counsel for Plaintiff

James J. Mune, Esq.
Brumbaugh, Graves, Donohue & Raymond
30 Rockefeller Plaza
New York, New York 10112

Counsel for Third Party Hazeltine Corp.

LaToya M. Wright
Department of Justice
Telephone: (202) 307-0337

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SPARTON CORPORATION, | ) | |
| Plaintiff, | ) | |
| | ) | No. 92-580 |
| v. | ) | |
| | ) | Chief Judge Damich |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**RESPONSE OF THE UNITED STATES TO**

**SPARTON'S MOTION TO DESIGNATE EXPERT WITNESSES**

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
OF FEDERAL CLAIMS

FILED
NOV 22 1996
U.S. COURT OF FEDERAL CLAIMS
By leave of the Judge

SPARTON CORPORATION,

Plaintiff,

v.

THE UNITED STATES

Defendant.

No. 92-580

Judge James F. Merow

**STIPULATED ADDENDUM TO STIPULATED PROTECTIVE ORDER**

On or about May 24, 1993, Sparton Corporation ("Sparton") and the United States ("United States") agreed and stipulated to the entry of an order pursuant to Rule 26(c) of the rules of the United States Court of Federal Claims for the protection of secret, confidential and other proprietary information (but not information classified by reason of national security). On or about May 26, 1993, the Court entered a Stipulated Protective Order. Sparton and the United States now desire to extend and modify certain provisions of the Stipulated Protective Order to protect document(s), tangible thing(s) and oral testimony that may be discovered from non-party Sippican, Inc. ("Sippican"), pursuant to a subpoena served upon Sippican by Sparton on or about March 5, 1996 ("the Subpoena"). Therefore, as evidenced by

the signatures of the attorneys of record and the attorneys representing Sippican, and the Court having approved of such Order,

IT IS HEREBY ORDERED that the following provisions shall govern the conduct of discovery proceedings involving non-party Sippican:

Provisions

1. Sippican shall be entitled to designate documents, tangible things and oral testimony produced pursuant to the Subpoena, and by agreement between the parties, as "Proprietary Information," as set forth in the STIPULATED PROTECTIVE ORDER entered May 24, 1993 ("the Protective Order").

2. All of the provisions of the Protective Order shall be incorporated herein and made applicable to all documents, tangible things, and oral testimony, and any "Proprietary Information" produced by and so designated by Sippican, except as set forth in Paragraphs 3-13 of this Stipulated Addendum to the Protective Order ("the Stipulated Addendum"). In other words, any and all documents, tangible things and/or oral testimony that Sippican designates as Proprietary Information shall be subject to the restrictions on disclosure set forth in the Protective Order and in the Stipulated Addendum. Sippican shall also have

all of the rights, privileges and protections that are accorded to the parties under the Protective Order, except as those rights, privileges and protections are modified in the Stipulated Addendum to the Protective Order.

3. With respect to "Proprietary Information" produced by Sippican, the term "Qualified Person" in Paragraph 2 of the Protective Order shall not include plaintiff, its present or former parent companies, subsidiaries, affiliates, related companies, predecessors, successors, divisions, operating units, directors, officers, employees, consultants, or agents of any kind, except as set forth in Paragraphs 3(a), 5 and 7 of the Stipulated Addendum, Paragraph 2(d) of the Protective Order (but only if authorized pursuant to Paragraph 12 of the Protective Order and Paragraph 8 of the Stipulated Addendum), or as agreed to in writing by Sippican prior to disclosure. Sparton acknowledges that if Sippican objects to the proposed disclosure of Proprietary Information produced by Sippican pursuant to Paragraphs 2(d) and 12 of the Protective Order and Paragraph 8 of the Stipulated Addendum, Sparton shall bear the burden of petitioning the Court to obtain an Order authorizing disclosure of the Proprietary Information.

a. Notwithstanding Paragraph 3 of the Stipulated Addendum, Sippican has agreed that Steven Kreiss, Esq., in his capacity as counsel of record for Sparton in this action, may review Proprietary Information produced by Sippican.

4. With respect to "Proprietary Information" produced by Sippican, the term "Qualified Person" in Paragraph 2 of the Protective Order shall not include any person so designated by either Sparton or the United States under Paragraph 2(e) of the Protective Order, except as set forth in Paragraph 12 of the Protective Order and Paragraph 8 of the Stipulated Addendum, or as agreed to in writing by Sippican prior to disclosure. The United States and Sparton acknowledge that if Sippican objects to the proposed disclosure of Proprietary Information produced by Sippican to a person designated by either Sparton or the United States under Paragraphs 2(e) and 12 of the Protective Order and Paragraph 8 of the Stipulated Addendum, the United States and/or Sparton shall bear the burden of petitioning the Court to obtain an Order authorizing disclosure of the Proprietary Information.

5. Notwithstanding Paragraphs 3 and 4 of this Stipulated Addendum, Sippican has agreed to permit Charles F. Boyle to review the technical drawings that Sippican produces to Sparton, pursuant to said Subpoena and by agreement between Sippican and

Sparton. Sparton agrees that apart from Charles F. Boyle, no other present or former parent companies, subsidiaries, affiliates, related companies, predecessors, divisions, operating units, officers, directors, employees, consultants or agents of any kind of Sparton Corporation shall have access to or be permitted to review these documents, except as set forth in Paragraphs 2(d) (but only if authorized pursuant to Paragraph 12 of the Protective Order and Paragraph 8 of the Stipulated Addendum), or as agreed to in writing by Sippican prior to disclosure. Sparton acknowledges that if Sippican objects to the proposed disclosure of Proprietary Information produced by Sippican pursuant to Paragraphs 2(d) and 12 of the Protective Order and Paragraph 8 of the Stipulated Addendum, Sparton shall bear the burden of petitioning the Court to obtain an Order authorizing disclosure of the Proprietary Information.

6. Sparton reserves the right to request Sippican's permission temporarily to house the technical drawings at the residence of Charles F. Boyle at 104 McConnel Drive, Jackson, MI 49201-8636, and also reserves the right to petition the Court to obtain permission temporarily to house the technical drawings at the residence of Charles F. Boyle. Sparton agrees that at least twenty (20) days prior to petitioning the Court to obtain

permission temporarily to house the drawings at the residence of Charles F. Boyle, it will notify Sippican of its intent to petition the Court, and give Sippican the opportunity to consent to or object to the proposed temporary transfer of the drawings to Mr. Boyle's residence.

7. Notwithstanding Paragraphs 3 and 4 of this Stipulated Addendum, Sippican has agreed to permit Gerald E. Martin and John H. Bodde to review contracts and DD-250 forms that Sippican produces to Sparton pursuant to said Subpoena and by agreement between Sippican and Sparton. These contracts involve the production and delivery of certain sonobuoys to the United States. Sparton warrants that apart from Gerald E. Martin and John H. Bodde, no other present or former officers, directors, employees, consultants or agents of any kind of Sparton Corporation, or any present or former parent companies, subsidiaries, affiliates, related companies, predecessors, successors, divisions or operating units of Sparton Corporation, shall have access to or be permitted to review these documents, except as agreed to in writing by Sippican prior to disclosure.

8. Sparton and the United States agree that at least twenty (20) days in advance of the proposed disclosure of any document(s), tangible thing(s) or oral testimony designated by

Sippican as "Proprietary Information," the party seeking disclosure shall provide Sippican with a detailed resume or curriculum vitae for each individual for whom permission to disclose is sought. Sippican shall then have the opportunity to object to the proposed disclosure by serving a written objection upon each party within twenty (20) days after receiving the resume or curriculum vitae. If Sippican objects to the proposed disclosure, no Proprietary Information produced by Sippican shall be disclosed to such person except by Order of Court or by written consent of Sippican. Sparton and the United States acknowledge that if Sippican objects to the proposed disclosure and Proprietary Information produced by Sippican, Sparton and/or the United States shall have the burden of petitioning the Court to obtain an Order authorizing the disclosure of Proprietary Information. Sparton and the United States agree that at least twenty (20) days prior to petitioning the Court to obtain permission for disclosure, it will notify Sippican of its intent to petition the Court, and give Sippican an opportunity to consent or object to the proposed disclosure. These requirements are in addition to the procedures set forth in Paragraph 12 of the Protective Order.

9. No Documents, tangible things or records of oral testimony produced by Sippican to Sparton may be copied or reproduced in any form, except as set forth in Paragraph 10(a) of the Stipulated Addendum or as agreed to in writing by Sippican prior to the proposed copying or reproduction.

10. All documents, tangible things or records of oral testimony produced by Sippican to Sparton must be housed at the law offices of Steven Kreiss, 1275 Pennsylvania Avenue, N.W., Suite 1100, Washington, D.C. 20004, except as set forth in Paragraphs 6 and 10(a) of the Stipulated Addendum, or as agreed to in writing by Sippican prior to the proposed transfer of the documents, tangible things or records of oral testimony.

(a) Sippican has agreed to provide Sparton with two copies of contracts and DD-250 forms that Sippican produces to Sparton pursuant to said Subpoena and by agreement between Sippican and Sparton. Sippican has further agreed that Sparton may house one copy of these contracts and DD-250 forms in a locked cabinet at the office of Gerald E. Martin at Sparton Electronics, Contracts Department 5, P.O. Box 788, 5612 Johnson Lake Road, De Leon Springs, Florida 32130.

11. Neither Sparton nor the United States may designate "Proprietary Information" produced by Sippican as exempt from the

protections set forth in either the Stipulated Protective Order and/or the Stipulated Addendum, except as agreed to in writing by Sippican prior to the proposed designation.

12. Neither Sparton nor the United States shall petition the Court for the disclosure of Proprietary Information produced by Sippican, without prior written notice to Sippican.

13. Notwithstanding Paragraphs 3-12 of the Stipulated Addendum, Sippican agrees that Proprietary Information produced by Sippican may be disclosed in accordance with Paragraphs 6, 8, 9, 10 and 11 of the Protective Order.

SO ORDERED:

Dated: 11/22, 1996

BY THE COURT,

James F. Merow
Judge, United States District
Court of Federal Claims

THE UNITED STATES,

By its attorneys,

11/12/96

Carl M. DeFranco, Jr.
Suzanne T. Michel
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Washington, DC 20530
(202) 307-0333

SPARTON CORPORATION,

By its attorneys,

11/19/96

Steven Kreiss
Law Offices of Steven Kreiss
1275 Pennsylvania Avenue, N.W.
Suite 1100
Washington, DC 20004
(202) 347-6382

SIPPICAN CORPORATION,

By its attorneys,

Christine S Chung

David C. Berry
Christine S. Chung
TESTA, HURWITZ & THIBEAULT, LLP
High Street Tower
125 High Street
Boston, MA 02110
(617) 248-7000

402CSC7358/42.233358-1

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SPARTON CORPORATION, | ) | |
| Plaintiff, | ) | |
| | ) | No. 92-580 |
| v. | ) | |
| | ) | Chief Judge Damich |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**RESPONSE OF THE UNITED STATES TO**

**SPARTON'S MOTION TO DESIGNATE EXPERT WITNESSES**

# EXHIBIT D

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

FILED
JUL 2 8 1998
U.S. COURT OF FEDERAL CLAIMS

| | |
|---|---|
| SPARTON CORPORATION,<br>Plaintiff,<br>v.<br>THE UNITED STATES,<br>Defendant. | No. 92-580C<br>Judge James F. Merow |

**SUPPLEMENTAL STIPULATED PROTECTIVE ORDER FOR THE BOEING COMPANY, SUCCESSOR IN INTEREST TO THE ROCKWELL INTERNATIONAL CORPORATION**

The parties to this action have agreed to a Stipulated Protective order, which was entered by the Court on May 26, 1993. The parties and third party the Boeing Company ("Boeing") desire to extend certain provisions of the Stipulated Protective Order to protect information to be discovered from Boeing. Therefore, the parties and Boeing stipulate to entry of this Supplemental Stipulated Protective Order.

IT IS HEREBY ORDERED that the following provisions shall govern the conduct of discovery proceedings by the parties from third party Boeing in this action:

1. Boeing shall be entitled to designate documents, tangible things and testimony provided pursuant to subpoenas or agreements with the parties as "Proprietary Information,"

and the parties receiving such documents, tangible things and testimony shall maintain such designated "Proprietary Information" in confidence as provided in the Stipulated Protective Order entered May 26, 1993, except as specifically provided herein.

2. As applied to "Proprietary Information" designated by Boeing, the term "Qualified Person" shall not include the plaintiff, its officers or employees, except as agreed to by Boeing. Boeing agrees to permit disclosure of said "Proprietary Information" to Dr. Donald H. Pickrell Jr., a former Boeing Vice President and General Manager, Dr. Igor Paul, an MIT professor, and the experts (Charles Boyle and Alan T. Hudson) covered by the Court's March 30, 1998 Order.

3. The parties shall not designate any other person a "Qualified Person" pursuant to paragraph 2(e) of the Protective Order with respect to the Proprietary Information of Boeing unless Boeing also consents to that designation in writing.

4. Neither party is authorized to designate Proprietary Information of Boeing as exempt from the Stipulated Protective Order, except on the written consent of Boeing.

5. Neither party shall seek an order of the court requiring or permitting disclosure of Proprietary Information of Boeing without notice to Boeing.

6. Boeing shall be provided with a signed declaration of an independent expert to whom its Proprietary Information is to be disclosed and shall have the right to serve written objection to such disclosure pursuant to Paragraph 12 of the Stipulated Protective Order.

7. Boeing Proprietary Information may be identified by marking the same "Boeing Confidential" or "Boeing Proprietary". The remaining provisions of the Stipulated Protective Order for identification of Proprietary Information shall also apply to Boeing Proprietary Information.

8. The inadvertent production of any privileged documents and privileged tangible things subsequent to the issuance of, and under, this Order will not be deemed a waiver or impairment of any claim by Boeing that said documents and tangible things are protected from disclosure under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, or under any recognized privilege. Upon receiving notice from Boeing that any said documents and tangible things have been inadvertently produced, all such materials will be returned to Boeing within five (5) business days of receipt of such notice.

9. The Protective Order entered May 26, 1993, is incorporated herein by reference and remains in effect, except as specifically provided herein.

SO ORDERED:

BY THE COURT:

Dated: 7/20, 1998

Judge James F. Merow, United States Court of Federal Claims

The foregoing SUPPLEMENTAL STIPULATED PROTECTIVE ORDER FOR THE BOEING COMPANY, SUCCESSOR IN INTEREST TO THE ROCKWELL INTERNATIONAL CORPORATION, is agreed to and accepted as to both form and substance.

Dated: 20 July, 1998

D.C. Toedt, Esquire
Arnold, White & Durkee
750 Bering Drive
Houston, Texas 77057-2198
Telephone: (713) 787-1400

Attorney for Third Party
The Boeing Company



JUL-20-1998 12:58 GARY BROWN & ASSOCS. P.05

Dated: July 20, 1998

Steven Kreiss
1440 New York Avenue, N.W.
Suite 400
Washington, D.C. 20005
(202) 347-6382

Attorney for Plaintiff
The Sparton Corporation

Dated: July 20, 1998

Gary L. Hausken, Esquire.
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D.C. 20530
Telephone: (202) 307-0342

Attorney for Defendant,
The United States

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SPARTON CORPORATION, | ) | |
| Plaintiff, | ) | |
| | ) | No. 92-580 |
| v. | ) | |
| | ) | Chief Judge Damich |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**RESPONSE OF THE UNITED STATES TO**

**SPARTON'S MOTION TO DESIGNATE EXPERT WITNESSES**

# EXHIBIT E

**U.S. Department of Justice**

Civil Division

GLH
154-92-580

Telephone: (202) 307-0342
Facsimile: (202) 307-0345

*Washington, D.C. 20530*

February 17, 2006

**By Facsimile w/ Confirming Copy**

Steven Kreiss, Esquire
1120 Connecticut Avenue, N.W.
Suite 240
Washington, D.C. 20036

Re: Sparton Corporation v. United States,
Court of Federal Claims No. 92-580C

Dear Mr. Kreiss:

To confirm our telephone conversation yesterday, February 16, 2006, the United States does not object to the Professor Nash being a qualified person in accordance with the Stipulated Protective Order. We do, however, maintain our objections to his providing any testimony in this case. Please forward to me a copy of his signed agreement to be bound by the terms of the protective order. As I indicated, the government speaks only for itself, and in respect to those documents which contain information proprietary to the United States. We do not speak for our contractors or with respect to their proprietary information, whether in company-originated documents or in government-originated documents.

Very truly yours,

GARY L. HAUSKEN
Assistant Director
Commercial Litigation Branch
Civil Division