IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SPARTON CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 92-580C |
| | ) | Chief Judge Edward Damich |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**REPLY TO RESPONSE OF THE UNITED STATES TO SPARTON'S MOTION TO DESIGNATE EXPERT WITNESSES**

Plaintiff, the Sparton Corporation, replies to the response of the United States to Sparton's motion to designate its expert witnesses in compliance with the Court's February 2, 2006 Order. Although Sparton previously designated expert witnesses under the May 26, 1993 Protective Order, the defendant's subject response focuses entirely upon retired Professor and Associate Dean Ralph Nash of the George Washington University Law School.

Defendant's counsel had informed Sparton's counsel on February 16, 2006 that defendant no longer objected to said designation of Professor Nash as an independent expert. By letter dated February 17, 2006, defendant's counsel informed Sparton (which he did not state on February 16, 2006) that defendant reserved the right to object at trial to Professor Nash's testimony. Def. Resp. Exhibit E. Notwithstanding defendant's February 17, 2006 reservation, Professor Nash's trial testimony is not at issue in the subject motion.

Defendant claims that Sparton has not provided notice to the defendant's contractors per the stipulated protective orders. Def. Resp. page 2. Defendant is in error. On April 15, 1999, defendant and the following contractors were noticed by Sparton under their respective protective orders of the designation of Professor Nash as an independent expert witness: defendant's counsel Gary Hausken; the Boeing (owner of Rockwell) Corporation counsel Stephen J. Curran; the Hazeltine Corporation counsel James Maune; the Sippican Corporation counsel David Berry; and the Magnavox Company counsel Victor Savikas. See Dkt. #159, Exhibit D. Only defendant and the Sippican Corporation objected to said designation, Sippican stating that it "… objects to the disclosure of its protected information to Mr. Nash, for the reasons stated in Mr. Hausken's April 30, 1999 letter to you." Id., Exhibit C and see Exhibit 1 hereto. Hazeltine acquiesced in said designation by letter dated April 28, 1999. See Exhibit 2 hereto. No objection to said designation was made to or received by Sparton from the other two contractors, i.e. Boeing and Magnavox. Under the terms of their respective protective orders, each contractor and the defendant were required to object to an expert wit-ness designation within a specified period, 20 days. Def. Resp. Exhibit A, ¶12. Otherwise, an objection was waived. Id. Accordingly, Boeing and Magnavox, by not responding to said

Sparton notice, have waived objection to said designation of Professor Nash as an independent expert, and Sippican is the only contractor in issue in connection with this motion. The proprietary information of the defendant and its contractors other than Sippican may thus be disclosed to Professor Nash. Sippican has been requested this date to reconsider its objection in light of the defendant's February 17, 2006 letter and the subject motion.

Sparton turns to the necessity of said designation. Defendant acknowledges Professor Nash's independence and government contract expertise. See Dkt. 157, p. 5, Dkt. 159, Exhibit C. Defendant has asserted a license defense (in answer to interrogatory) based upon a government contract that did not contain a patent rights clause and more particularly requests this court to imply such a clause into the Sparton-Navy contract based upon alleged Navy error in the contracting process. No such error occurred inasmuch as the Navy used the Changes clause, as it commonly did in sonobuoy acquisitions, in the Sparton-Navy contract to effect the issuance of ECP-0465-2. See Dkt. 159, Proprietary Exhibit F, p. 23318-19 (which Professor Nash could not review in view of the defendant's Proprietary legend). This issue falls directly within Professor Nash's government contract expertise. See Dkt. 159, Exhibits A and C. Notwithstanding Professor Nash's expertise on the license

issue at bar, defendant requests this court to exclude the testimony of Professor Nash under authority of Daubert v. Merrell-Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993). Def. Resp. 2-3. Testimony exclusion is not at issue with respect to the subject motion to designate expert witnesses, particularly since defendant is not objecting to said designation under the protective order. It would appear that defendant may be attempting to renege on its February 16, 2006 telephonic agreement to not object to the Nash designation. The defendant's attempt should fail substantively as well as procedurally because Professor Nash's expertise is directly related to the defendant's license defense. See Dkt. 159, Exhibit A.

In view thereof, Sparton respectfully requests that its motion be granted.

Respectfully submitted,

Date: March 13, 2006

s/Steven Kreiss
Attorney for Plaintiff
1120 Connecticut Avenue, N.W. #240
Washington D.C. 20036
(202) 347-6382; Fax (202) 347-7711

**EXHIBIT 1**

TESTA, HURWITZ & THIBEAULT, LLP

ATTORNEYS AT LAW

125 HIGH STREET
BOSTON, MASSACHUSETTS 02110-2704

OFFICE (617) 248-7000
Direct Dial (617) 248-7423

FAX (617) 248-7100
E-Mail berry@tht.com

April 30, 1999

***Via Facsimile: (202) 347-7711***

Steven Kreiss, Esq.
1440 New York Avenue, N.W.
Suite 400
Washington, D.C. 20005

*Re: Sparton Corporation v. United States*
*Court Of Federal Claims No. 92-580C*

Dear Mr. Kreiss:

Pursuant to the terms of the Protective Order governing the use of confidential documents produced by Sippican in the above-captioned matter, Sippican hereby objects to the disclosure of its protected information to Mr. Nash, for the reasons stated in Mr. Hausken's April 30, 1999 letter to you.

Please call me if you have any questions regarding this matter.

Very truly yours,

David C. Berry

DCB:lmf

cc: Gary L. Hausken, Esq.

129DCB7358/42.A779750-1

**EXHIBIT 2**

HOUSTON
WASHINGTON
AUSTIN
DALLAS
MOSCOW
LONDON
BAKU

BAKER & BOTTS, L.L.P.
30 ROCKEFELLER PLAZA
NEW YORK, NEW YORK 10112-0228

TELEPHONE: (212) 705-5000
FACSIMILE: (212) 705-5020

JAMES J. MAUNE
(212) 408-2566

E-MAIL ADDRESS:
JMAUNE@BAKERBOTTS.COM

April 28, 1999

Steven Kreiss, Esq.
1440 New York Avenue N.W.
Suite 400
Washington, DC 20005

Re: Sparton v. United States

Dear Mr. Kreiss:

In accordance with your letter dated April 15, 1999, Hazeltine does not object to the expert witnesses as stipulated in the Protective Order.

Very truly yours,

James J. Maune

NY02:201381.1