# In the United States Court of Federal Claims

No. 92-580 C

(Filed: March 28, 2006)

| | |
|---|---|
| **SPARTON CORPORATION,** | * |
| Plaintiff, | * |
| v. | * |
| **THE UNITED STATES,** | * |
| Defendant. | * |

## <u>ORDER</u>

On February 21, 2006, Plaintiff filed a Motion to Designate Expert Witnesses. In the motion, Plaintiff indicated that Sparton has already designated Mr. Charles Boyle, Mr. Donald Martin, and Professor Igor Paul as independent expert witnesses under paragraph 2(d) of the May 26, 1993, Protective Order and addenda thereto ("Protective Order"). Plaintiff additionally requests the designation of Professor Ralph Nash.

The Court issued an order on March 30, 1998, designating Mr. Boyle as an independent expert entitled to "Qualified Person" status under the Protective Order.

In its reply to Defendant's response to the motion, Plaintiff points to an April 15, 1999, letter as evidence that Plaintiff requested the consent of Defendant and Defendant's contractors, Hazeltine Corp. ("Hazeltine"), Sippican, Inc. ("Sippican), Boeing Co. ("Boeing"), and Magnavox Co. ("Magnavox"), to the designation of Professor Nash as an independent expert under the Protective Order. Hazeltine responded in a letter dated April 28, 1999, that it did not object to the designation of Professor Nash. Boeing and Magnavox did not respond within the 20 day time period set forth in the Protective Order and hence waived their right to object. Sippican indicated in a letter dated April 30, 1999, that it objected to the designation of Professor Nash for the reasons set forth in a letter from Defendant on the same date. Plaintiff stated in its reply, however, that it has again requested the consent of Sippican to the designation of Professor Nash. Defendant, in its response, indicated that it did not object to the designation of Professor Nash as an independent expert under the Protective Order, but reserved the right to object to Professor Nash's testifying.

At the status conference held on March 28, 2006, Plaintiff pointed to the April 15, 1999, letter as evidence that Plaintiff also requested the consent of Defendant and Defendant's contractors to the designation of Mr. Martin as an independent expert under the Protective Order. Hazeltine indicated in its April 28, 1999, letter, Sippican in its April 30, 1999, letter, and Defendant in its April 30, 1999, letter, that they did not object to the designation of Mr. Martin. Boeing and Magnavox did not respond within the 20 day time period set forth in the Protective Order and hence waived their right to object.

Pursuant to the status conference, the Court ORDERS the following:

1. On or before **April 4, 2006**, Plaintiff shall file a copy of its March 13, 2006, letter to Sippican, requesting consent to the designation of Professor Nash as an independent expert entitled to "Qualified Person" status under the Protective Order. On or before the same day, Plaintiff shall also file with the Court evidence that it requested and received consent from Defendant and its contractors to the designation of Professor Igor Paul as an independent expert.

2. Plaintiff shall notify the Court if any response to its March 13, 2006, letter is received from Sippican.

3. In view of the extension of time granted for Plaintiff to serve its expert reports, the expert discovery schedule set forth in the February 2, 2006, scheduling order is hereby rescinded and replaced with the following schedule:

| | |
|---|---|
| Plaintiff's expert reports due | **April 17, 2006** |
| Defendant's expert reports due | **May 17, 2006** |
| Plaintiff's rebuttal reports due | **June 19, 2006** |
| Close of expert discovery and close of all discovery | **September 19, 2006** |

5. On or before **July 10, 2006**, the Parties shall file a Joint Status Report. In the status report, Defendant shall report on its progress in reviewing the classified documents identified by Plaintiff to determine whether or not they can be declassified and its progress in evaluating the documents containing proprietary legends identified by Plaintiff to determine whether the proprietary information can be used at trial. The Parties shall report on their progress in reaching agreement with respect to stipulations for trial.

6. The Parties shall appear for a status conference on **July 19, 2006**, at 10:00 am Eastern Time. All parties shall appear by telephone for the status conference, which will be held on the record via audiorecording, unless a party requests the presence of a reporter at least five business days in advance. One business day before the conference, counsel shall call the judicial assistant to Chief Judge Damich, Ms. Shirley Scott, at (202) 357-6483 to provide the number where he or she can be reached.

s/ Edward J. Damich
EDWARD J. DAMICH
Chief Judge