**EXHIBIT A**

Steven Kreiss
Attorney at Law

1120 Connecticut Avenue N.W., Suite 240, Washington, DC 20036
Telephone (202) 347-6382 Facsimile (202) 347-7711

**March 13, 2006**

David Berry, Esquire
Testa, Hurwitz & Thibeault, LLP
125 High Street
Boston, Massachusetts 02110-2704

Re: Sparton Corporation v. United States,
U.S. Court of Federal Claims, No. 92-580C

Dear Mr. Berry:

Please find enclosed for your review one copy of your April 30, 1999 letter, Sparton's February 21, 2006 motion to designate expert witnesses and the Government's February 27, 2006 response thereto together with the pertinent portions of the Government's February 17, 2006 letter (with redactions made by the Government). In view of Sippican's previous April 30, 1999 objection to Sparton's designation of Professor Ralph Nash of the George Washington University Law School as an expert witness and the Government's February 17, 2006 agreement not to object to the Nash designation, Sparton requests that Sippican reconsider and thereby withdraw its previous objection to the Nash designation. Your prompt response to this request will be appreciated. Thank you.

Very truly yours,

Steven Kreiss

# TESTA, HURWITZ & THIBEAULT, LLP

ATTORNEYS AT LAW

125 HIGH STREET
BOSTON, MASSACHUSETTS 02110-2704

OFFICE (617) 248-7000
Direct Dial (617) 248-7423

FAX (617) 248-7100
E-Mail berry@tht.com

April 30, 1999

***Via Facsimile: (202) 347-7711***

Steven Kreiss, Esq.
1440 New York Avenue, N.W.
Suite 400
Washington, D.C. 20005

*Re: Sparton Corporation v. United States*
*Court Of Federal Claims No. 92-580C*

Dear Mr. Kreiss:

Pursuant to the terms of the Protective Order governing the use of confidential documents produced by Sippican in the above-captioned matter, Sippican hereby objects to the disclosure of its protected information to Mr. Nash, for the reasons stated in Mr. Hausken's April 30, 1999 letter to you.

Please call me if you have any questions regarding this matter.

Very truly yours,

David C. Berry

DCB:lmf

cc: Gary L. Hausken, Esq.

129DCB7358/42.A779750-1

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| SPARTON CORPORATION,<br>Plaintiff,<br>v.<br>THE UNITED STATES,<br>Defendant. | No. 92-580C<br>Chief Judge Edward Damich |

**MOTION TO DESIGNATE EXPERT WITNESSES**

Plaintiff, the Sparton Corporation, moves to designate its expert witnesses in compliance with the Court's February 2, 2006 Order. Sparton has already designated Charles Boyle, Donald Martin, and Professor Igor Paul as independent expert witnesses under the May 26, 1993 Protective Order. The defendant did not object to said designations. Although defendant did object to Sparton's designation of Professor Ralph Nash as an independent expert witness under the May 26, 1993 Protective Order previously, defendant's counsel has informed Sparton's counsel that defendant no longer objects to said designation. The matter must now be considered by defendant's contractors. In view thereof, Sparton respectfully requests that this motion be granted.

Respectfully submitted,

Date: February 21, 2006

s/Steven Kreiss
Attorney for Plaintiff
1120 Connecticut Avenue, N.W. #240
Washington D.C. 20036
(202) 347-6382; Fax (202) 347-7711

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SPARTON CORPORATION, | ) | |
| Plaintiff, | ) | |
| | ) | No. 92-580 |
| v. | ) | |
| | ) | Chief Judge Damich |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**RESPONSE OF THE UNITED STATES TO SPARTON'S MOTION TO DESIGNATE EXPERT WITNESSES**

Defendant offers this response to Sparton's Motion to Designate Expert Witnesses only to clarify its position and to make the court aware of facts and circumstances that must be considered before granting the motion.

First, Sparton asks that the court confer "qualified person" status on Professor Nash under the terms of the Stipulated Protective Order (Exhibit A),[1] and the addenda thereto for Hazeltine, Sippican and Boeing (hereinafter, the signatory contractors) information (Exhibits B-D, respectively). Before doing so, however, the signatory contractors are entitled to have an opportunity to present their views. There is no indication in the record that Sparton served its previous motion on the signatory contractors when that motion was filed, *see* Mot. to Designate Ralph C. Nash as an Independent Expert Under the May 26, 1993 Protective Ord. [Dkt No. 159]

[1] This document does not appear on the court's electronic docket; a copy is attached as an exhibit.

(hereinafter Mot. [Dkt No. 159]) at 11, nor is there any indication that Sparton has served its present motion on the signatory contractors, *see* Dkt No. 258.

Under the terms of the Protective Order and its addenda, the signatory contractors are entitled to notice and an opportunity to be heard. *see* Exh. B at ¶¶ 2-3, Exh. C at ¶¶ 3-4, Exh. D at ¶¶ 2-3. Sparton freely entered those agreements in order to obtain access to the proprietary information that it claims was necessary to prosecution of its case. Sparton should now be required to the live by the terms of the Stipulated Protective Order and its addenda.

Second, Sparton misstates the Government's position. Sparton states:

> Although defendant did object to Sparton's designation of Professor Ralph Nash as an independent expert witness under the May 26, 1993 Protective Order previously, defendant's counsel has informed Sparton's counsel that defendant no longer objects to said designation.

Pl. Mot. to Designate Expert Witnesses [Dkt No. 258]. This statement is inaccurate.

On July 2, 1999, the United States filed a motion to strike, *inter alia*, the declaration of Professor Nash submitted in opposition to the Government's motion for summary judgment. Def. Mot. to Strike the Declarations of of Messrs. Nash, Martin, Melvin and Boyle Submitted in Support of Pl. Opp. to Def. Motion for Summ. J. [Dkt No. 157]. The Government acknowledged Professor Nash's expertise in government procurement law, *id.* at 5, but requested that the court use its "gatekeeper authority"[2] to strike Professor Nash's declaration, because it was not helpful because he had applied markedly incorrect law and was merely a vehicle to provide the court with further legal argument. *Id.* at 5-15.

---

[2] *See Daubert v. Merrell-Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 588-590 (1993); *Hebert v. Lisle Corp.*, 99 F.3d 1109, 1117 (Fed. Cir. 1996) (courts should use their gatekeeper authority where purported experts proffer "markedly incorrect law").

And, on July 9, 1999, Sparton moved to designate Professor Nash as an expert under the Stipulated Protective Order (Exh. A), and the addenda thereto. Mot. [Dkt No. 159]. In its motion, Sparton acknowledges that Sippican Corp. also objected to Professor Nash being considered an expert under the protective order. *Id.* at 3. The United States, again acknowledged that Professor Nash was an expert in government procurement law and that he was independent. Def. Opp. to Pl. Mot. to Designate Ralph C. Nash as an Independent Expert Under the May 26, 1993 Protective Ord. [Dkt No. 161] 1-2. The Government, again, argued that Professor Nash's testimony would not be helpful to the court and should not be admitted. Accordingly, Professor Nash should not be granted access to proprietary information under the protective order and its addenda. *Id.* (citing, *inter alia*, *Daubert* and *Hebert*).

Then, on February 16, 2006, Sparton's counsel contacted counsel for the United States and requested to be informed whether the Government objected to the Professor Nash being treated as an expert. Government counsel responded that "the United States does not object to [] Professor Nash being a qualified person in accordance with the Stipulated Protective Order," but maintained its objections to Professor Nash testifying. Exhibit E (excerpt containing only pertinent portion of letter from Mr. Hausken to Mr. Kreiss). *

Thus, contrary to Sparton's assertion, the position of the United States with respect to Professor Nash has not changed. The Government's only objection has been and continues to be that this court should utilize its gatekeeper authority to exclude the testimony of Professor Nash, who can only testify as a "legal expert." *See Hebert*, 99 F.3d at 1117.

For the reasons stated above, the United States submits that Sparton's motion must be denied until Sparton has complied with the terms of the addenda to the Stipulated Protective Order.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JOHN FARGO
Director

February 27, 2006

*s/ Gary L. Hausken*
GARY L. HAUSKEN
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D. C. 20530
Telephone: (202) 307-0342
Facsimile: (202) 307-3045

Attorneys for the United States

U.S. Department of Justice

Civil Division

GLH
154-92-580

Telephone: (202) 307-0342
Facsimile: (202) 307-0345

*Washington, D.C. 20530*

February 17, 2006

**By Facsimile w/ Confirming Copy**

Steven Kreiss, Esquire
1120 Connecticut Avenue, N.W.
Suite 240
Washington, D.C. 20036

Re: Sparton Corporation v. United States,
Court of Federal Claims No. 92-580C

Dear Mr. Kreiss:

To confirm our telephone conversation yesterday, February 16, 2006, the United States does not object to the Professor Nash being a qualified person in accordance with the Stipulated Protective Order. We do, however, maintain our objections to his providing any testimony in this case. Please forward to me a copy of his signed agreement to be bound by the terms of the protective order. As I indicated, the government speaks only for itself, and in respect to those documents which contain information proprietary to the United States. We do not speak for our contractors or with respect to their proprietary information, whether in company-originated documents or in government-originated documents.

Very truly yours,

GARY L. HAUSKEN
Assistant Director
Commercial Litigation Branch
Civil Division