# EXHIBIT B

Steven Kreiss
Attorney at Law

1440 New York Avenue N.W., Suite 400, Washington, DC 20005
Telephone (202) 347-6382 Facsimile (202) 347-7711

July 7, 1998

Stephen J. Curran, Esquire
The Boeing Company
2201 Seal Beach Blvd.
110-WSB36
P.O. Box 2515
Seal Beach, California 90740-1515

BY FACSIMILE

Re: Sparton Corp. v. United States,
Court of Federal Claims No. 92-580C

Dear Stephen:

We have recently retained the services of a technical expert and consultant in this case. In accordance with paragraph 12 of the May 26, 1993 Protective Order, please find enclosed one copy of (a) his declaration accepting the terms and conditions of the three Protective Orders entered in this case and (b) his curriculum vitae. I request that you notify us of any objections your client may have to this technical expert as soon as possible. Similarly, if your client does not object, I would appreciate a prompt response. The technical expert whom we have retained is Professor Igor Paul of MIT.

If you have any questions, please feel free to call me at the telephone number provided above.

Very truly yours,

Steve Kreiss

Steven Kreiss

Steven Kreiss
Attorney at Law

1440 New York Avenue N.W., Suite 400, Washington, DC 20005
Telephone (202) 347-6382 Facsimile (202) 347-7711

July 7, 1998

James Maune, Esquire
Baker & Botts, L.L.P.
30 Rockefeller Plaza
New York, New York 10112-0226

BY FACSIMILE

Re: Sparton Corp. v. United States,
Court of Federal Claims No. 92-580

Dear Jim:

We have recently retained the services of a technical expert and consultant in this case. In accordance with paragraph 12 of the May 26, 1993 Protective Order, please find enclosed one copy of (a) his declaration accepting the terms and conditions of the three Protective Orders entered in this case and (b) his curriculum vitae. I request that you notify us of any objections your client may have to this technical expert as soon as possible. Similarly, if your client does not object, I would appreciate a prompt response. The technical expert whom we have retained is Professor Igor Paul of MIT.

If you have any questions, please feel free to call me at the telephone number provided above.

Very truly yours,

Steven Kreiss

Steven Kreiss
Attorney at Law

1440 New York Avenue N.W., Suite 400, Washington, DC 20005
Telephone (202) 347-6382 Facsimile (202) 347-7711

July 7, 1998

Gary L. Hausken, Esq.
Commercial Litigation Branch
Civil Division
Department of Justice
Washington D.C. 20530

BY FACSIMILE

Re: Sparton Corporation v. United States,
Court of Federal Claims No. 92-580C

Dear Gary:

We have recently retained the services of a technical expert and consultant in this case. In accordance with paragraph 12 of the May 26, 1993 Protective Order, please find enclosed one copy of (a) his declaration accepting the terms and conditions of the three Protective Orders entered in this case and (b) his curriculum vitae. I request that you notify us of any objections your client may have to this technical expert as soon as possible. Similarly, if your client does not object, I would appreciate a prompt response. The technical expert whom we have retained is Professor Igor Paul of MIT.

If you have any questions, please feel free to call me at the telephone number provided above.

Very truly yours,

Steven Kreiss

Steven Kreiss
Attorney at Law

1440 New York Avenue N.W., Suite 400, Washington, DC 20005
Telephone (202) 347-6382 Facsimile (202) 347-7711

July 7, 1998

David Berry, Esquire
Testa, Hurwitz & Thibeault
High Street Tower
125 High Street
Boston, Massachusetts 02110

BY FACSIMILE

Re: Sparton Corp. v. United States,
Court of Federal Claims No. 92-580C

Dear Dave:

We have recently retained the services of a technical expert and consultant in this case. In accordance with paragraph 12 of the May 26, 1993 Protective Order, please find enclosed one copy of (a) his declaration accepting the terms and conditions of the three Protective Orders entered in this case and (b) his curriculum vitae. I request that you notify us of any objections your client may have to this technical expert as soon as possible. Similarly, if your client does not object, I would appreciate a prompt response. The technical expert whom we have retained is Professor Igor Paul of MIT.

If you have any questions, please feel free to call me at the telephone number provided above.

Very truly yours,

Steven Kreiss

**U.S. Department of Justice**

STM:GLH
154-92-580

Telephone: (202) 307-0342
Facsimile: (202) 307-0345

*Washington, D.C. 20530*

July 7, 1998

CONFIRMATION COPY

**BY FACSIMILE**

Steven Kreiss, Esquire
1440 New York Avenue, N.W.
Suite 400
Washington, D.C. 20005

Re: Sparton Corporation v. United States,
Court of Federal Claims No. 92-580C

Dear Mr. Kreiss:

I am writing in response to your letter of July 7, 1998, notifying us of Sparton Corporation's intention to retain Professor Igor Paul as a technical expert. In view of the limited information contained in Professor Paul's curriculum vitae, we object to his designation as an independent expert under the May 26, 1996, protective order at this time. We will reconsider our objection at such time as you provide us with a more detailed curriculum vitae for Professor Paul.

At a minimum, that curriculum vitae should include a listing of every title held by Professor Paul while employed by MIT, a brief description of his areas of research, a listing of all publications naming him as an author, a listing of all patents naming him as an inventor, a listing of every organization by which Professor Paul has been employed since 1964, including as a consultant, and a brief description of the nature of any consultant or other employment with Sparton Corporation, the United States government or any manufacturer of a sonobouy accused by Sparton in this litigation. In addition, relevant dates should be given for each listing.

Please provide us with the requested information by July 14, 1998, so that we may resolve this matter promptly and within the 20 days provided by paragraph 12 of the protective order.

Very truly yours,

GARY L. HAUSKEN
Attorney
Commercial Litigation Branch
Civil Division

AUSTIN
DALLAS
HOUSTON
LONDON
MOSCOW
WASHINGTON, D.C.

BAKER & BOTTS, L.L.P.
30 ROCKEFELLER PLAZA
NEW YORK, NEW YORK 10112-0228

TELEPHONE: (212) 705-5000
FACSIMILE: (212) 705-5020

JAMES J. MAUNE
(212) 408-2566

E-MAIL ADDRESS:
JMAUNE@BAKERBOTTS.COM

July 8, 1998

**VIA FACSIMILE AND MAIL**

Steven Kreiss, Esq.
1440 New York Avenue N.W.
Suite 400
Washington, D.C. 20005

Re: Sparton Corporation v. United States
Court of Federal Claims No. 92-580C

Dear Mr. Kreiss:

Confirming my telephone conversation, GEC/Marconi Hazeltine has no objection to disclosing it's confidential information to Dr. Igor L. Paul pursuant to the Protective Order.

Very truly yours,

James J. Maune

NY02:158558.1

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

filed 7/24/98

| | |
|---|---|
| SPARTON CORPORATION,<br>Plaintiff,<br>v.<br>THE UNITED STATES,<br>Defendant. | No. 92-580C<br>Judge James P. Merow |

**SUPPLEMENTAL STIPULATED PROTECTIVE ORDER FOR THE BOEING COMPANY, SUCCESSOR IN INTEREST TO THE ROCKWELL INTERNATIONAL CORPORATION**

The parties to this action have agreed to a Stipulated Protective order, which was entered by the Court on May 26, 1993. The parties and third party the Boeing Company ("Boeing") desire to extend certain provisions of the Stipulated Protective Order to protect information to be discovered from Boeing. Therefore, the parties and Boeing stipulate to entry of this Supplemental Stipulated Protective Order.

IT IS HEREBY ORDERED that the following provisions shall govern the conduct of discovery proceedings by the parties from third party Boeing in this action:

1. Boeing shall be entitled to designate documents, tangible things and testimony provided pursuant to subpoenas or agreements with the parties as "Proprietary Information,"

and the parties receiving such documents, tangible things and testimony shall maintain such designated "Proprietary Information" in confidence as provided in the Stipulated Protective Order entered May 26, 1993, except as specifically provided herein.

2. As applied to "Proprietary Information" designated by Boeing, the term "Qualified Person" shall not include the plaintiff, its officers or employees, except as agreed to by Boeing. Boeing agrees to permit disclosure of said "Proprietary Information" to Dr. Donald H. Pickrell Jr., a former Boeing Vice President and General Manager, Dr. Igor Paul, an MIT professor, and the experts (Charles Boyle and Alan T. Hudson) covered by the Court's March 30, 1998 Order.

3. The parties shall not designate any other person a "Qualified Person" pursuant to paragraph 2(e) of the Protective Order with respect to the Proprietary Information of Boeing unless Boeing also consents to that designation in writing.

4. Neither party is authorized to designate Proprietary Information of Boeing as exempt from the Stipulated Protective Order, except on the written consent of Boeing.

5. Neither party shall seek an order of the court requiring or permitting disclosure of Proprietary Information of Boeing without notice to Boeing.

6. Boeing shall be provided with a signed declaration of an independent expert to whom its Proprietary Information is to be disclosed and shall have the right to serve written objection to such disclosure pursuant to Paragraph 12 of the Stipulated Protective Order.

7. Boeing Proprietary Information may be identified by marking the same "Boeing Confidential" or "Boeing Proprietary". The remaining provisions of the Stipulated Protective Order for identification of Proprietary Information shall also apply to Boeing Proprietary Information.

8. The inadvertent production of any privileged documents and privileged tangible things subsequent to the issuance of, and under, this Order will not be deemed a waiver or impairment of any claim by Boeing that said documents and tangible things are protected from disclosure under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, or under any recognized privilege. Upon receiving notice from Boeing that any said documents and tangible things have been inadvertently produced, all such materials will be returned to Boeing within five (5) business days of receipt of such notice.

9. The Protective Order entered May 26, 1993, is incorporated herein by reference and remains in effect, except as specifically provided herein.

SO ORDERED:

BY THE COURT:

Dated: 7/20/, 1998

Judge James F. Merow, United
States Court of Federal Claims

The foregoing SUPPLEMENTAL STIPULATED PROTECTIVE ORDER FOR THE BOEING COMPANY, SUCCESSOR IN INTEREST TO THE ROCKWELL INTERNATIONAL CORPORATION, is agreed to and accepted as to both form and substance.

Dated: 20 July, 1998

D.C. Toedt, Esquire
Arnold, White & Durkee
750 Bering Drive
Houston, Texas 77057-2198
Telephone: (713) 787-1400

Attorney for Third Party
The Boeing Company

Dated: July 20, 1998

Steven Kreiss
1440 New York Avenue, N.W.
Suite 400
Washington, D.C. 20005
(202) 347-6382

Attorney for Plaintiff
The Sparton Corporation

Dated: July 20, 1998

Gary L. Hausken, Esquire.
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D.C. 20530
Telephone: (202) 307-0342

Attorney for Defendant,
The United States

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of SUPPLEMENTAL STIPULATED PROTECTIVE ORDER FOR THE BOEING COMPANY, SUCCESSOR IN INTEREST TO THE ROCKWELL INTERNATIONAL CORPORATION, was sent, by hand-delivery, this 20th day of July, 1998, to:

Gary L. Hausken, Esquire
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Washington, D.C. 20530

Attorney for Defendant

and by facsimile to

D.C. Toedt, Esquire
Arnold, White & Durkee
750 Bering Drive
Houston, Texas 77057-2198

Attorney of Record for Third Party
The Boeing Company

Steven Kreiss
Steven Kreiss

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of SUPPLEMENTAL STIPULATED PROTECTIVE ORDER FOR THE BOEING COMPANY, SUCCESSOR IN INTEREST TO THE ROCKWELL INTERNATIONAL CORPORATION, was sent, by first class mail, this 24th day of July, 1998, to:

Gary L. Hausken, Esquire
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Washington, D.C. 20530

Attorney for Defendant

and

D.C. Toedt, Esquire
Arnold, White & Durkee
750 Bering Drive
Houston, Texas 77057-2198

Attorney of Record for Third Party
The Boeing Company

[signature]

Steven Kreiss

Steven Kreiss
Attorney at Law

1440 New York Avenue N.W., Suite 400, Washington, DC 20005
Telephone (202) 347-6382 Facsimile (202) 347-7711

July 21, 1998

Gary L. Hausken, Esq.
Commercial Litigation Branch
Civil Division
Department of Justice
Washington D.C. 20530

Re: Sparton Corporation v. United States,
Court of Federal Claims No. 92-580C

Dear Gary:

This letter is in response to your July 7, 1998 letter objecting to our designation of Professor Igor Paul of MIT under paragraph 12 of the May 26, 1993 Protective Order. You objected to the extent of information contained in his curriculum vitae and indicated that you would revisit the matter if provided with further information. Specifically, you requested (1) a listing of every title held by Professor Paul while employed by MIT, (2) a brief description of his areas of research, (3) a listing of all publications naming him as an author, (4) a listing of all patents naming him as an inventor, (5) a listing of every organization which has employed or hired him as a consultant since 1964, and (6) a description of the nature of any consulting work or other employment with Sparton, the U.S. Government, or any sonobuoy manufacturer. In response to your request, the information we have been able to gather is enclosed. Please provide us also with a publication and patent list for Mr. Hudson inasmuch as such a list was not contained in his curriculum vitae. We await your revisited response. If you have any questions, please feel free to call me.

Very truly yours,

Steven Kreiss

**U.S. Department of Justice**

Civil Division

GLH
154-92-580

Telephone: (202) 307-0342
Facsimile: (202) 307-0345

*Washington, D.C. 20530*

CONFIRMATION COPY

August 5, 1998

**Via Facsimile w/ confirming copy**

Steven Kreiss, Esquire
1440 New York Avenue, N.W.
Suite 400
Washington, D.C. 20005

Re: Sparton Corporation v. United States,
Court of Federal Claims No. 92-580C

Dear Mr. Kreiss:

I received the materials you sent to me regarding Mr. Paul. Although the materials provided are not a curriculum vitae and appear to be tailored specifically to the questions we asked, we accept your assertion as to their accuracy and completeness. After reviewing the materials, we withdraw our objections to Mr. Paul.

Your request that we provide you a publication and patent list for Mr. Hudson is another example of your practice of seeking some pay back for each request made of you. We previously have rejected such overtures, particularly during the prolonged process which led to the court approving Messrs. Hudson and Boyle as experts. We will continue to reject such requests where, as here, the request is pointless. Your request is untimely. Mr. Hudson has been accepted as an expert by the court over your objection. Whether his curriculum vitae contained a list of patents and publications is of no consequence.

Very truly yours,

Gary L. Hausken

GARY L. HAUSKEN
Attorney
Commercial Litigation Branch
Civil Division