IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SPARTON CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 92-580 |
| | ) | Chief Judge Damich |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**STATUS REPORT IN ACCORDANCE WITH THE COURT'S ORDER OF FEBRUARY 2, 2006**

In accordance with the Court's March 28, 2006 Order, Docket No. 266, the parties have consulted and file the following report.

**DEFENDANT'S REPORT ON THE STATUS OF ITS DECLASSIFICATION EFFORTS AND REVIEW OF PROPRIETARY DOCUMENTS**

The classified documents listed in Attachments 1 and 2 to Report of the United States Regarding the Status of the Government's Review of Classified Documents, Docket No. 271, filed on April 25, 2006 were forwarded to the Navy for review. Due to restructuring of the Navy that has occurred in the period between the creation of the documents and the request for declassification, an appropriate declassification authority had to be located within the Navy. In April, the Navy determined that Naval Air Systems Command (NAVAIR) office known as PMA-264 would have technical cognizance over all of the documents for purposes of recommending declassification. PMA-264 has completed its review of the documents and the documents have been forwarded for review by the security office having authority to approve

declassification. That office is currently reviewing all of the documents prior to making a final recommendation on declassification to the officer having original classification. That office is currently reviewing all of the documents prior to making a final recommendation on declassification to the officer having authority to declassify the information.

In accordance with the Court's Order of April 17, 2006, Docket No. 269, determinations regarding the use of proprietary information at trial have been postponed until the pretrial conference. The United States has nothing further to report regarding proprietary documents beyond what it reported in it prior status report, Docket No. 271.

## PLAINTIFF'S REPORT ON THE STATUS OF HAVING CONFIDENTIAL MARKINGS REMOVED

Sparton has been contacted by Rockwell's successor and Hermes' new attorney regarding the above subject. Rockwell's successor desires Sparton to provide deposition exhibits which were previously provided to it by Sparton during the depositions taken at Rockwell. These exhibits were requested because they could not be located by Rockwell's successor. Sparton is thus providing Rockwell's successor with another copy thereof along with a copy of the depositions. Hermes' new attorney is being sent a copy of certain deposition pages containing the information at issue. Hermes did not enter into a protective order in this case. Sparton has received from defendant two expert reports marked as confidential under the protective order issued in this case. All or most of the material contained therein is in the public domain, e.g., prior art discussion and charts and government contract information.

Respectfully submitted,

*s/ Steven Kreiss**
STEVEN KREISS
1120 Connecticut Avenue, N.W.
Suite 240
Washington, D.C. 20036
Telephone: (202) 347-6382
Facsimile: (202) 347-7711

July 10, 2006

* by express written authorization

PETER D. KEISLER
Assistant Attorney General

JOHN FARGO
Director

*s/ Gary L. Hausken*
GARY L. HAUSKEN
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D. C. 20530
Telephone: (202) 307-0342
Facsimile: (202) 307-3045

July 10, 2006