IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SPARTON CORPORATION, | ) | |
| Plaintiff, | ) | |
| | ) | No. 92-580 |
| v. | ) | |
| | ) | Chief Judge Edward J. Damich |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**MOTION TO PRECLUDE PROFESSOR NASH FROM OFFERING TESTIMONY AT TRIAL**

In this motion defendant, the United States, requests that the Court preclude Sparton from offering the testimony of Professor Ralph Nash at trial because Professor Nash has not provided an expert report as require by RCFC 26(a)(2) and the Court's orders of March 28, 2006 [Dkt. No. 266], and February 2, 2006 [Dkt. No. 256].

## I. PROCEDURAL HISTORY

Sparton's Pretrial Submissions, dated January 29, 1999, at 25-27, list seven expert witnesses: Mr. Charles Boyle, Mr. Gerry Martin, Mr. Henry Melvin, Professor Ralph C. Nash Jr., Mr. Donald Martin, Mr. Joseph Colianni and Dr. Igor L. Paul. Sparton has also informed the Government that it would offer Mr. Richard Langley as a expert. With the exception of Professor Nash, Mr. Colianni and Dr. Paul, all of the proposed experts have provided some form of report in accordance with RCFC 26(a)(2).

Mr. Colianni and Dr. Paul have provided no report pursuant to RCFC 26(a)(2). As of July 5, 2006, Sparton has indicated that it will not rely on either of these persons to provide expert testimony at trial.

Although Professor Nash has not provided a report, Sparton did submit a declaration by Professor Nash with Plaintiff's Opposition to Defendant's Motion for Summary Judgment, filed March 23, 1999. That declaration, however, was subsequently struck from the record. *Order* (Dec. 19, 2002) [Dkt. No. 219] at 2-3. The Court struck the declaration because the Court found that Mr. Nash's testimony failed to meet the standard for reliability required by *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

The scheduling of expert reports in this case began with the Court's *Order Scheduling Discovery for the Remainder of this Case Brought Under 28U.S.C. §1498(a)* on May 6, 2005. Dkt No. 232 (hereinafter "*Discovery Order*"). In pertinent part, the *Order* provides:

> The party calling any expert shall, at the time notice is provided, produce a written report prepared by such expert providing a complete statement of all opinions to be expressed, and the basis and reasons therefor; any exhibits the expert will rely upon at trial; the qualifications of the expert; the compensation to be paid for the expert's services; and a list of the cases, and involved parties, in which the expert has provided expert testimony in the preceding four (4) years.

*Discovery Order*, Dkt No. 232 at 4, ¶ c, ii. The Court's *Discovery Order* is substantially identical to the wording of RCFC 26(a)(2)(B). Discovery was set to close on December 31, 2005. *Discovery Order* at 5; *see also Order* [Dkt No. 254] (Dec. 21, 2005) (resetting date to Jan. 3, 2006).

On December 16, 2005, the Government filed a motion to enlarge discovery until January 16, 2006 for the purpose of completing its experts' reports. First Request by the United States for an Enlargement of Time Complete Discovery (Dec. 21, 2005), Dkt No. 253. Due to the

parties' dispute over the meaning of the *Discovery Order* (*see Order*, Dkt No. 254), the Court rescinded the *Discovery Order*, directed the parties to file a joint status report, and directed that the schedule for expert discovery would be set at status conference, following submission of the status report. *Order*, Dkt No. 254.

The joint status report was filed on January 17, 2006. Status Report in Accordance with the Court's Order of December 21, 2005, Dkt No. 256 (hereinafter "*Status Report, Dkt No. 255*"). Sparton provided its views in a letter attached to the report. In that letter, Sparton's counsel proposed the following schedule:

| | |
|---|---|
| March 3, 2006 | Plaintiff's experts' reports for its case in chief, infringement and accounting. |
| April 3, 2006 | Defendant's experts' reports in rebuttal to plaintiff's case in chief and in support of all defenses and all alternate accounting theories other than the one proposed by Sparton. |
| May 3, 2006 | Plaintiff's rebuttal to defendant's reports. |

> If the court intended by its December 21, 2005 Order to permit depositions of experts, then plaintiff proposes the period of June 2 through August 2, 2006 for said depositions.

*Status Report Dkt. No. 255*, Attachment at 2.

A status conference to set an expert discovery schedule was held on February 2, 2006. Tr. at 1 (Feb. 1, 2006) [Dkt No. 257]. Following the conference, the Court issued an order, *inter alia*, adopting Sparton's proposed schedule for expert discovery. *Order*, Dkt No. 256 (Feb. 2, 2006).

On March 3, 2006, Sparton served what it purported to be its experts' "report." The report purported to be signed by each of four experts: Messrs. Charles Boyle, Gerald Martin,

Donald Martin and Richard Langley. The "report" did not include any indication of the proposed testimony of Professor Nash, Dr. Paul or Mr. Colianni, or even indicate that they would provide testimony.

On March 10, 2006, Government counsel notified Sparton's counsel by letter of the inadequacies of the March 3 "expert report" in accordance with the requirement of RCFC 37(a) to meet and confer. As a result of that letter and subsequent telephone conferences on March 14 and 15, 2006, Sparton agreed to provide complete reports of its experts but requested an enlargement until April 17, 2006 in order to produce the report of Donald Martin. The Government agreed, and Sparton submitted an uncontested motion for enlargement of time, which was granted by the court after a status conference. *Order*, Docket No. 265 (Mar. 21, 2006). Despite the enlargement of time, Sparton did not produce a report by Professor Nash, Dr. Paul or Mr. Colianni either when its principal reports were due or when its rebuttal reports were due.

During the status conference on March 28, 2006, the Court again cautioned Sparton's counsel:

> THE COURT: …. And another good segue, since were talking about dates, is the fact that, Mr. Kreiss, I've noticed that dates have a way of slipping for you, which is becoming frustrating to me. There was the reconsideration problem, there was a problem with your qualification for ECF, and your own deadline for expert discovery -- we just talked about that.
>
> And I really would like you to be more diligent, less nonchalant about the deadlines Court sets in the future. And I'm going to be much disinclined to extend any deadlines in future. Because I see a pattern of behavior which is frustrating to me…. And I just wanted to let you know that. And I presume you understand, and in the future you will be better at this ….

Status Conference (March 28, 2006) Tr. at 7.

Subsequently, the parties conferred on July 5, 2006. During that conference, Sparton's counsel informed the Government that Sparton did not presently intend to call Mr. Colianni or Dr. Paul,[1] but that it may call Professor Nash or rely on his previously stricken declaration.[2]

## II. ARGUMENT

Rule 26(a) of the Court's Rules of Practice and Procedure establishes explicit rules for production of reports by expert who "*may* be used at trial to present evidence under Rules 702, 703 or 705 of the Federal Rules of Evidence." RCFC 26(a)(2)(A) (emphasis added). In pertinent part, RCFC 26(a)(2)(B) provides:

> Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

---

[1] In light of the Sparton's current contention that it does not intend to call Dr. Paul or Mr. Colianni, we do not address those two prospective witnesses here but reserve the right to bring a subsequent motion should Sparton change its intentions.

[2] We request an early determination as to whether Professor Nash will be allowed to testify. If he may be allowed to testify, then the Government must take his deposition to discover what opinions he may offer at trial. Depositions of experts are both expensive and time-consuming. We see no reason why Sparton should be allowed to equivocate as to whether it will call the witness, and thus put the Government through potentially unnecessary discovery.

Where a party fails to provide a report, or serves an incomplete report, the court may exclude the expert and the expert's report from trial.[3] RCFC 37(c)(1) ("A party that without substantial justification fails to disclose information required by RCFC 26(a) … is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed"); *see also Saudi v. Northrop Grumman Corp.* 427 F.3d 271, 278 (4th Cir. 2005) (the district court recognized "that it could have struck at the outset all of [plaintiff's] witnesses as a sanction for his failure to timely file Rule 26 disclosures"; having granted additional time to file the disclosures, "[t]he district court should not be a victim of its own lenity, nor should [plaintiff] capitalize on his noncompliance with the court's rules").

In this instance, the Court directed the dates for disclosure in its *Order* of February 2, 2006 [Dkt. No. 256] and again in its *Order* of March 28, 2006 [Dkt. No. 266]. As ultimately ordered by the court, Sparton's expert reports were due April 19, 2006 and its rebuttal reports were due on June 19, 2006. While producing reports for other experts on the scheduled dates, Sparton did not produce a report for Professor Nash.

Further, Professor Nash's declaration cannot substitute for a report. That "report" cannot be any more reliable today than it was on the date that it was struck. Thus, it cannot form the basis for admissible expert opinions under Fed. R. of Evid. 702. It does not inform the

---

[3] Rule 37(a)(2)(A) requires that the party seeking exclusion meet and confer with the non-complying party in order to avoid filing the motion. In this instance, the Government complied with the conference requirement in March 2006, when the Government informed Sparton of the lapses in its reports and stipulated to an enlarged time for Sparton to supply those reports. Further, the Court has also warned Sparton and its counsel of the need to comply with the Court's rules and orders on several occasions, including the February 1, 2006 status conference, quoted above.

Government as to what testimony Professor Nash will provide at trial since any testimony to be admissible must be reliable under the *Daubert* standard.

A party's failure to provide a timely expert report "unfairly inhibits its opponent's ability to properly prepare, unnecessarily prolongs litigation, and undermines the [trial] court's management of the case." *Saudi*, 427 F.3d at 278. This court has already provided Sparton with additional time to comply after Sparton's original reports were inadequate. In doing so, the Court specifically cautioned Sparton that it would be "disinclined to extend any deadlines in the future." Status Conference (March 28, 2006) Tr. at 7. Allowing Sparton additional time to present an expert report for Professor Nash would unnecessarily prolong this litigation and disrupt preparation for trial. Professor Nash should not be allowed to testify.

## III. CONCLUSION

Sparton has been given adequate opportunity to produce an expert report for Professor Ralph Nash but has failed to provide such a report. Accordingly, Professor Nash should be precluded from testifying at trial.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JOHN FARGO
Director

s/*Gary L. Hausken*
GARY L. HAUSKEN
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D. C. 20530
Telephone: (202) 307-0342
Facsimile: (202) 307-0345

July 14, 2006