IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| SPARTON CORPORATION,<br>Plaintiff,<br>v.<br>THE UNITED STATES,<br>Defendant. | No. 92-580C<br>Chief Judge Edward Damich |

**SPARTON CORPORATION'S MOTION TO QUASH THE DEFENDANT'S NOTICE OF DEPOSITION OF JAMES W. WIDENHOFER AND SUBPOENA ATTACHED THERETO PURSUANT TO RCFC 30 AND 45**

Now comes the Sparton Corporation ("Sparton"), through its counsel, and moves to quash the attached defendant's notice of deposition of James W. Widenhofer and subpoena attached hereto, as amended, pursuant to RCFC 30 and 45. See Exhibit A. The defendant has purportedly attempted to subpoena Mr. James W. Widenhofer, the inventor of the patented inventions in suit, to testify on September 13, 2006 at 9:00 a.m. Id. Mr. Widenhofer has not been designated as an expert witness by Sparton, has provided no expert witness report to defendant, has not been served by defendant with the subpoena attached to said notice of deposition, and is a retired, and thus no longer a current, Sparton employee. See Exhibit B.

**I. Basis For Motion**

Defendant's notice and attached subpoena are (a) in violation of the Court's May 6, 2005 Order Scheduling Discovery For The Remainder Of This Case Brought Under 28 U.S.C. §1498(a), as amended on May 10, and December 21, 2005 and (b) not in conformance with RCFC 30 and 45.

**A. Defendant's Notice And Attached Subpoena Are In Violation Of The Court's May 6, 2005 Order, As Amended On May 10, And December 21, 2005.**

The Court's May 6, 2005 Order Scheduling Discovery For The Remainder Of This Case closed fact discovery on December 31, 200**6** (*sic*), as corrected to December 31, 200**5** by order dated May 10, 2005 and as amended to January 3, 2006 by order dated December 21, 2005. See Court docket document 254. Bold and/or underscored words are for emphasis supplied unless otherwise noted. On March 28, 2006, the Court imposed a September 19, 2006 deadline for the close of all discovery relating to experts. See docket document 266. Mr. Widenhofer has not been designated as an expert witness by Sparton and has provided no expert witness report to defendant. Exhibit B. He thus falls under the January 3, 2006 deadline for the close of fact discovery. Nearly nine months after the January 3, 2006 close of fact discovery, defendant now attempts to depose fact witness Mr. Widenhofer in violation of the Court's December 21, 2005 Order. This violation compels the quashing of said notice and subpoena.

Sparton believes that defendant did not timely request Mr. Widenhofer's deposition before January 3, 2006 because it did not assert its new license defense under Contract No. N00019-70-C-0133 until it reviewed Sparton's mid-1990s produced documents immediately prior to its untimely June 27, 2006 First Amended Answer to Plaintiff's Interrogatory Nos. 1(a) and (b)(vii) and (viii). Exhibit B. Defendant's untimely review of Sparton produced documents and untimely assertion of a new defense is not an excuse to untimely request fact discovery in violation of this Court's Orders.

**B. Defendant's Notice And Attached Subpoena Are Not In Conformance With RCFC 30 And 45**

RCFC 30 states that "[t]he attendance of witnesses may be compelled by subpoena as provided in RCFC 45." RCFC 45(b)(1) states that "[s]ervice of a subpoena upon a person named therein shall be made by delivering a copy thereof to such person …." The subpoena served by defendant upon plaintiff does not specify that service upon Mr. Widenhofer was attempted or effectuated. See Exhibit A. On information and belief, Mr. Widenhofer has never been served the subject subpoena and resides on some island in the State of Michigan whose name and location are even unknown to Sparton's counsel. See Exhibit B. Accordingly, defendant's subpoena should be quashed because it has not been properly served upon Mr. Widenhofer under RCFC 45(b)(1).

The subject subpoena does not specify the proposed subject matter of Mr. Widenhofer's testimony. Exhibit A. Accordingly, (a) unretained expert opinion or facts, events or occurrences relating to the on-sale defense, ECP 0465-2 and/or Sparton's development of the patented inventions in suit may be the subject of the defendant's inquiry in a deposition of Mr. Widenhofer, and (b) the defendant's new and untimely asserted June 27, 2006 defense of license under Contract No. N00019-70-C-0133 may also be the subject of the defendant's inquiry in a deposition of Mr. Widenhofer. Defendant's inquiry in a deposition of Mr. Widenhofer of the subject matter of (a) or (b) above should not be permitted under RCFC 45(3)(B)(ii) under the law of the case doctrine (i.e. Federal Circuit opinion adjudicated the on-sale defense, the subject matter of ECP 0465-2 and Sparton's conception of the patented inventions in suit) and the Court's December 21, 2005 Order (i.e. closing fact discovery on January 3, 2006) respectively. See Jamesbury Corp. v. Litton Industrial Prods., Inc., 839 F.2d 1544, 1550 (Fed. Cir.), *cert. denied*, 488 U.S. 828 (1988)("The law of the case is a judiciously created doctrine, the purposes of which are to prevent the relitigation of issues that have been decided and to ensure that trial courts follow the decisions of appellate courts."), *overruled in other*

*respects*, Aukerman Co. v. R.L. Chaides Constr. Co., 960 F.2d 1020, 1042 (Fed. Cir. 1992).

In view of the above, Sparton respectfully requests that this motion be granted.

Respectfully submitted,

Date: September 5, 2006

s/Steven Kreiss
Attorney for Plaintiff
1120 Connecticut Avenue, N.W. #240
Washington D.C. 20036
(202) 347-6382; Fax (202) 347-7711