# In the United States Court of Federal Claims

No. 92-580 C

(Filed: September 13, 2006)

```
***********************************
                                  *
SPARTON CORPORATION,              *
                                  *
                 Plaintiff,       *
                                  *
      v.                          *
                                  *
THE UNITED STATES,                *
                                  *
                 Defendant.       *
                                  *
***********************************
```

**ORDER**

On July 14, 2006, Defendant filed a Motion to Preclude Professor Nash from Offering Testimony at Trial because Plaintiff had not provided Defendant with an expert report of Professor Nash as required by RCFC 26(a)(2)(B). While decision on this motion was pending, Defendant noticed the deposition of Mr. James W. Widenhofer. In response, Plaintiff filed a Motion to Quash Defendant's Notice of Deposition of James W. Widenhofer and Subpoena Attached Thereto Pursuant to RCFC 30 and 45.

The Court ordered a status conference, which was held on September 12, 2006. At the status conference, when the Court indicated that an expert report was required pursuant to RCFC 26(a)(2)(B), Plaintiff agreed to provide a report. Also, at the status conference, Defendant withdrew its notice of deposition and subpoena of Mr. Widenhofer. Accordingly, the Court DENIES AS MOOT Defendant's Motion to Preclude Professor Nash from Offering Testimony at Trial and DENIES AS MOOT Plaintiff's Motion to Quash Defendant's Notice of Deposition of James W. Widenhofer and Subpoena Attached Thereto Pursuant to RCFC 30 and 45.

Pursuant to discussion at the status conference, the Court resets the discovery schedule as follows:

1. Expert discovery closes on September 19, 2006, except for the outstanding discovery set forth below.

2. On or before **October 10, 2006**, Plaintiff shall serve Defendant with an expert report for Professor Nash in compliance with RCFC 26(a)(2)(B). Plaintiff shall notify chambers by telephone or e-mail when the expert report has been served on Defendant.

3. Within fourteen (14) days of receipt of the expert report, Defendant may file a motion in limine. If no motion in limine is filed, then within thirty (30) days of receipt of the expert report, Defendant may depose Professor Nash. Defendant shall notify chambers by telephone or e-mail if Defendant decides neither to file a motion in limine nor to depose Professor Nash.

4. On or before **September 19, 2006**, Defendant shall respond to Plaintiff's requests for admission and requests for production of documents.

5. On or before **October 3, 2006**, Plaintiff may file a motion to compel with regard to any of the requests for admission or requests for production of documents.

The Joint Status Report due on October 4, 2006, is hereby canceled, and will be rescheduled upon completion of the remainder of discovery.

Counsel are encouraged to make every effort to settle discovery disputes informally. A statement that the Parties have engaged in consultation must accompany any motion filed pursuant to this order.

s/ Edward J. Damich
EDWARD J. DAMICH
Chief Judge