IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SPARTON CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | No. 92-580C |
| v. | ) | |
| | ) | Chief Judge Edward J. Damich |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**OPPOSITION OF THE UNITED STATES TO SPARTON'S MOTION TO COMPEL ANSWERS TO ITS REQUESTS FOR ADMISSIONS AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

# EXHIBIT 4

**U.S. Department of Justice**

STM
154-92-580

Telephone: (202) 616-8116
Facsimile: (202) 307-0345

*Washington, D.C. 20530*

December 19, 1996

**BY MESSENGER**

Steven Kreiss, Esquire
1275 Pennsylvania Avenue, N.W.
Suite 1100
Washington, D.C. 20004

Re: Sparton Corporation v. United States,
Court of Federal Claims No. 92-580C

Dear Mr. Kreiss:

I have enclosed documents bearing Bates-stamped numbers 13659-15928 which you requested as a result of your document inspection at the Naval Air Systems Command PMA-264 office on November 26, 1996. In your letter of December 6, 1996, you requested that I provide a copy of these documents to both your office and to Sparton Electronics, Inc. I am providing one set of copies to your office and expect that you will provide a second set to your client if necessary.

Your letter of December 6, 1996, also requested the Navy's ASW sonobouy Budget Item Justification for fiscal years 1960-1982. These documents, if extant, will most likely be found at the PMA-264 office which prepares them. Therefore, we will produce any such existing documents during the course of your document inspection at PMA-264. Please contact me as soon as possible to arrange a mutually convenient time to complete that document inspection, already begun on November 26 and December 6, 1996.

If you have any questions regarding this matter, you can reach me at (202) 616-8116.

Very truly yours,

Suzanne Michel

SUZANNE T. MICHEL
Attorney
Commercial Litigation Branch
Civil Division

Enclosures

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SPARTON CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) ) ) ) ) ) ) ) ) ) | No. 92-580C<br><br>Chief Judge Edward J. Damich |

**OPPOSITION OF THE UNITED STATES TO SPARTON'S MOTION TO COMPEL ANSWERS TO ITS REQUESTS FOR ADMISSIONS AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

# EXHIBIT 5

U.S. Department of Justice

STM
154-92-580

Telephone: (202) 616-8116
Facsimile: (202) 307-0345

*Washington, D.C. 20530*

April 17, 1997

**BY MESSENGER**

Steven Kreiss, Esquire
1275 Pennsylvania Avenue, N.W.
Suite 1100
Washington, D.C. 20004

Re: Sparton Corporation v. United States,
Court of Federal Claims No. 92-580C

Dear Mr. Kreiss:

I have enclosed documents bearing Bates-stamped numbers 015929-017992 which you requested as a result of your document inspection at the Naval Air Systems Command PMA-264 office on February 5, 1997, February 20, 1997, and March 31, 1997.

If you have any questions regarding this matter, you can reach me at (202) 616-8116.

Very truly yours,

Suzanne Michel

SUZANNE T. MICHEL
Attorney
Commercial Litigation Branch
Civil Division

Enclosure

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SPARTON CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 92-580C<br><br>Chief Judge Edward J. Damich |

**OPPOSITION OF THE UNITED STATES TO SPARTON'S MOTION TO COMPEL ANSWERS TO ITS REQUESTS FOR ADMISSIONS AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

# EXHIBIT 6

U. S. Department of Justice

STM
154-92-580

Telephone: (202) 616-8116
Facsimile: (202) 307-0345

*Washington, D.C. 20530*

August 21, 1997

**BY MESSENGER**

Steven Kreiss, Esquire
1275 Pennsylvania Avenue, N.W.
Suite 1100
Washington, D.C. 20004

Re: Sparton Corporation v. United States,
Court of Federal Claims No. 92-580C

Dear Mr. Kreiss:

I have enclosed documents bearing Bates-stamped numbers 023762-024400 which you requested be produced from the contract files located at the Crane Division of the Naval Surface Warfare Center. Please note that the documents bearing Bates-stamped number 024292-024392 are marked either "Proprietary" or "For Official Use Only" and are released pursuant to the protective order in place in this case.

Certain documents which you requested from NSWC were labeled "Proprietary" by the Government contractor which generated that document. We have contacted the pertinent contractors to inquire whether they continue to consider these documents to be proprietary. We will produce the documents after receiving a response.

We have also withheld a document entitled "Memorandum For the Chairman," dated September 25, 1987, by R. W. Vandergrift, Jr., while the Navy ascertains its classification status. If the contents of that document are not classified we will produce it shortly.

We are withholding as not relevant to the subject matter involved in this case and not reasonably calculated to lead to the discovery of admissible evidence a letter by P. D. Coon of the Naval Avionics Center to Hazeltine Corporation dated April 14, 1983, with attachments,

concerning the security clearance application of a Hazeltine employee. In addition, we are withholding the following documents under the attorney-client privilege:

"Request for Counsel Opinion/Review" from Tim Perry to Counsel, dated April 16, 1992, regarding "Hermes Tip-Over Testing Problems;"

"Request for Counsel Opinion/Review" from W. Case to Counsel, dated January 22, 1992, regarding patent indemnity provisions;

"Request for Counsel Opinion/Review" from W. Case to Counsel, dated April 28, 1986, regarding contract no. N00163-90-C-0004;

Memorandum from Counsel, Donald Sherfick, to Margie Bachmann, dated February 14, 1984, regarding "Exchange of Sonououys Among Producers; Extent of Application of Patent Indemnity Clause;"

Memorandum from Margie Bachmann to Counsel, dated January 19, 1984, regarding "Exchange of Sonobuoys;"

Memorandum from Counsel, Donald Sherfick, to Director, Special Programs Division, dated December 22, 1983, regarding "Exchange of Sonououys;"

Memorandum from P. A. Kaczmarek to Don Sherfick, dated December 21, 1983, regarding "Exchange of Sonobuoys among Manufacturers;"

Memorandum from Counsel, Donald Sherfick, to Margie Bachmann, dated July 15, 1983, regarding "Exchange of Sonououys;"

Memorandum from Margie Bachmann, to Counsel, dated June 24, 1983, regarding "Bouy Exchange;"

Memorandum from P. A. Kaczmarek to Counsel, dated May 26, 1983, regarding "Exchange of Sonobuoys among Manufacturers;"

Undated note from Counsel to Division 603 regarding sonobouy exchange; and

Memorandum from W. Fisher to Counsel, dated November 5, 1979, regarding "Interchange of Sonobuoys among Manufacturers."

Finally, I have also enclosed a document bearing Bates-stamped number 023273 which is marked "Proprietary." This document, bearing the same Bates number, was inadvertently produced on August 7, 1997, without the "Proprietary" marking. Please exchange the enclosed, properly marked document for that produced on August 7, 1997, and destroy the latter.

If you have any questions regarding this matter, please do not hesitate to contact me at the above number.

Very truly yours,

Suzanne Michel

SUZANNE T. MICHEL
Attorney
Commercial Litigation Branch
Civil Division

Enclosure

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SPARTON CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | No. 92-580C |
| v. | ) | |
| | ) | Chief Judge Edward J. Damich |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**OPPOSITION OF THE UNITED STATES TO SPARTON'S MOTION TO COMPEL ANSWERS TO ITS REQUESTS FOR ADMISSIONS AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

# EXHIBIT 7

IN THE UNITED STATES CLAIMS COURT

SPARTON CORPORATION, ) CASE NO. 92-580C
)
Plaintiff, )
)
vs. )
)
THE UNITED STATES, )
)
Defendant. )

# DEPOSITION OF CHUCK LOGAR

*Taken on behalf of Plaintiff*

DATE: August 19, 1998

TIME: 8:31 a.m.

LOCATION: Hilton Hotel
Room 914
1020 South Calhoun Street
Fort Wayne, Indiana 46802

BY: Subpoena

REPORTER: Diann Hunt

**APPEARANCES:**

Steven Kreiss
Attorney at Law
1440 New York Avenue, N.W.
Suite 400
Washington, D.C. 20005
COUNSEL FOR PLAINTIFF

Gary L. Hausken
U.S. Department of Justice
1100 L Street, N.W.
Room 11120
Washington, D.C. 20005
COUNSEL FOR THE U.S. DEPARTMENT OF JUSTICE

Robert J. Zeitler
Jones, Day, Reavis & Pogue
77 West Wacker
Chicago, Illinois 60601-1692
COUNSEL FOR RAYTHEON SYSTEMS COMPANY

ALSO PRESENT: Charles Boyle

# INDEX


| | Page |
|---|---|
| DIRECT EXAMINATION | |
| QUESTIONS BY: Steven Kreiss . . . . . . . . . . . . | 5 |
| CROSS EXAMINATION | |
| QUESTIONS BY: Gary L. Hausken . . . . . . . . . . | 145 |
| REDIRECT EXAMINATION | |
| QUESTIONS BY: Steven Kreiss . . . . . . . . . . . | 151 |
| RECROSS EXAMINATION | |
| QUESTIONS BY: Gary L. Hausken . . . . . . . . . . | 158 |


## Exhibits

**Plaintiff:**


| | | |
|---|---|---|
| 1 | Patent Information . . . . . . . . . . . . . | 34 |
| 2 | Housing/Parachute Assembly Drawing | 35-37, 40, 44, 49-51, 54, 57, 60, 61, 64, 68, 148, 154 |
| 3 | Release Plate (Drawing 949303) . . . | 35, 36 . . 60-64, 67-71, 73-75, 77, 78, 81-84, 113 . . . . . . . . . . . . 146, 148-150, 154, 159 |
| 4 | Buckle Plate . . . . . . . . . . . . . . | 85, 157 |
| 5 | DIFAR Flyer . . . . . . . . . . . . . . . . | 86 |
| 6 | Release Plate (Drawing 945830) | 87-89, 99-101 . . . . . 87-89, 99-101, 104-110, 151, 153 |
| 7 | SSQ-57B Sonobuoy Brochure . . . . . . . | 87, 89 . . . . . . . . . . 92, 94, 95, 99, 101, 153 |
| 8 | Q-53D Sonobuoy Drawing . . . . | 111, 114, 156 |

# Exhibits


| | | Page |
|---|---|---|
| 9 | Release Plate (Drawing 949303) . . . . . . . . . . . . . . . . . . . . | 111, 112 114, 156 |
| 10 | SSQ-53D Sonobuoy Brochure . . . . . . . . . | 119 |
| 11 | Material Inspection/Receiving Report . . . . . . . . . . . . . | 123, 126, 127, 129, 133, 141 |
| 12 | Delivery Schedules . . . . . . . | 129, 131, 132 |

CHUCK LOGAR

being first duly sworn
testified as follows, to-wit:

**DIRECT EXAMINATION**

**QUESTIONS BY:** Steven Kreiss

Q. Would you state your name for the record, please?

A. Chuck Logar.

Q. And your address, please?

**MR. LOGAR**: Home address?

**MR. KREISS**: Yes, please.

A. 923 Simon Road, Huntertown, Indiana 46748.

**MR. LOGAR**: How close to this thing do I need to be?

**MS. REPORTER**: You're fine.

Q. Would you state your educational background after high school?

A. Bachelor of Science in electrical engineering from Purdue University, Master of Science in business, Indiana University.

Q. Did there come a time when you commenced employment at the Magnavox Company?

**MR. LOGAR**: You're asking me when did I start?

would you have been program manager on that?

A. Probably '88 or '89 through '94.

Q. And with regard to the 53E, when did you become program--production program manager?

A. Well, like I said, that's a future event. We're not in production yet.

(Interruption)

(At this time, a brief recess was had off the record.)

**MR. LOGAR:** Would you state that again, can you? Where we going--

Q. Let me, instead of--when did you become involved with the 53E at Magnavox?

A. Probably at its inception. I was program manager for most of these buoys as you can see. I was involved in the bid of all this work.

**MR. KREISS:** (To the reporter) Would you mark that as Exhibit 1. Thank you.

Q. Mr. Logar, would you kindly review Exhibit 1, and my question will be, is the Magnavox 53B release plate mechanism shown and described in this particular document?

A. (Witness reviews document.)

**MR. KREISS:** And so that I can direct your attention to certain things that you

might want to look at to make that determination, specifically, I refer you to figure six and the description at columns five and six.

**MR. LOGAR**: Figure six?

**MR. KREISS:** Figure six.

**MR. LOGAR:** I'm not familiar with this document. What was your question again?

Q. Does this show the release mechanism that was used on Magnavox's 53B sonobuoy?

A. Yes.

Q. The 53B was a passive sonobuoy, is that correct?

A. That's correct.

Q. Would you look at--

**MR. KREISS:** (To the reporter) Mark this Exhibit 2, please.

Q. Would you briefly review Exhibit 2?

A. (Witness complies.)

Q. Is that a Magnavox drawing of the outer shell of the SSQ-77B?

A. Yes, it appears to be.

**MR. KREISS:** (To the reporter) Would you mark this as Exhibit 3?

**MR. HAUSKEN:** Is that the one marked

**United States Patent** [19]

**Barker**

[11] **Patent Number: 4,654,832**

[45] **Date of Patent: Mar. 31, 1987**

[54] **SONOBUOY RETAINING AND RELEASE APPARATUS**

[75] Inventor: **Robert L. Barker, Ossian, Ind.**

[73] Assignee: **Magnavox Government and Industrial Electronics Company, Fort Wayne, Ind.**

[21] Appl. No.: **555,978**

[22] Filed: **Nov. 29, 1983**

[51] **Int. Cl.⁴** .......... **B63B 21/52**

[52] **U.S. Cl.** .......... **367/4; 441/33**

[58] **Field of Search** .......... 367/4; 441/7, 24, 25, 441/33; 294/82.25

[56] **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 3,646,505 | 2/1972 | Kirby | 340/2 |
| 3,825,213 | 7/1974 | Saunders et al. | 244/138 A |
| 3,921,120 | 11/1975 | Widenhofer | 340/2 |
| 4,020,514 | 5/1977 | Bourgeois | 9/8 R |
| 4,029,233 | 6/1977 | Widenhofer | 220/89 A |
| 4,033,529 | 7/1977 | Bourgeois | 367/4 |
| 4,247,143 | 1/1981 | Putman | 294/82.25 |

*Primary Examiner*—Richard A. Farley
*Attorney, Agent, or Firm*—Thomas A. Briody; William J. Streeter; Richard T. Seeger

[57] **ABSTRACT**

Sonobuoy parachute shroud line ends are retained by a cup mounted in and adjacent one end of the sonobuoy outer casing. A heavy ejection spring is beneath the cup for forcibly ejecting the cup outwardly from the one end of the casing. The cup is retained in the casing against the spring force by a pair of partially overlapping elongated plates each having one end releasably inserted in a circumferential slot in the outer casing, the slots being adjacent the casing one end and diametrically opposed. The upper plate is in retentive contact near the other of its ends by a first retainer rod pivoted at one of its ends to the cup bottom surface. The first rod contacts the upper plate near the pivoted rod end and is in retentive contact near its other end with a second retainer rod pivoted at one of its ends to the cup bottom surface. The second rod contacts near its pivoted end the first rod and is in retentive contact at its other end with a one shot spring motor driven pin. The location of the points of contact between the plates, the upper plate and the first rod, the first and second rods and the pin and the second rod provide lever arms that result in a very high mechanical advantage between the retaining force of the pin on the second rod and the ejection spring force. Upon ejection, the cup, parachute, and shroud lines are ejected and other sonobuoy components are released from the outer casing.

**10 Claims, 14 Drawing Figures**



PENGAD-Bayonne, N.J.
PLAINTIFF'S EXHIBIT
1
CL-8/19/98




FIG. 1




FIG. 2




FIG. 3




FIG. 4




FIG. 14


176
168
174
170
166
160
162
156
164
158
150
154
152
148
144
146
138
134
136
132
142
136
140
130
126
120
124
122
128
124
98
86
100
88
90
92
172
76
178
94
74
66
72
70
96
64
78
82
60
61a
60a
61
84
62
80
68
60
64
64
46
112
46
110
116
114
108
22
182
106
104
183
184a
184
30

FIG. 5

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| SPARTON CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 92-580C<br><br>Chief Judge Edward J. Damich |

**OPPOSITION OF THE UNITED STATES TO SPARTON'S MOTION TO COMPEL ANSWERS TO ITS REQUESTS FOR ADMISSIONS AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

# EXHIBIT 8

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| SPARTON CORPORATION,<br>Plaintiff,<br>v.<br>THE UNITED STATES,<br>Defendant. | No. 92-580C<br>Chief Judge Edward Damich |

**SPARTON CORPORATION'S ANSWERS TO THE DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFF, SPARTON CORPORATION**

Sparton Corporation ("Sparton"), through its counsel, answers the Government's contention interrogatories as follows:

**Interrogatory No. 2**

(a) For each patent in suit, state the date on which Sparton contends Mr. Widenhofer conceived of the invention or inventions claimed in that patent.

(b) For each date stated in Sparton's response to part (a), above, identify all documents and communications that support Sparton's answer.

**Answer To Interrogatory No. 2**

(a) See pages 17-19 of Sparton's Cross Motion For Partial Summary Judgment and Statement of Facts 55-70 of Sparton's Proposed Findings Of Uncontroverted Fact In Support Of Its Cross Motion For Partial Summary Judgment filed December 16, 1999.

**Interrogatory No. 5**

Does Sparton contend that the AN/SSQ-53B sonobuoy manufactured by Magnavox infringes either the '120 patent or the '233 patent?

**Answer To Interrogatory No. 5**

Sparton's contention with respect to the identity of all sonobuoys which infringe either the '120 patent or the '233 patent is contained in the Exhibit 24 charts of Appendix I, Volume II to its Pretrial Submissions filed on or about January 29, 1999. The AN/SSQ-53B sonobuoy manufactured by Magnavox is not contained in said charts.

**Interrogatory No. 18**

With respect to reasonable and entire compensation sought by plaintiff in this action:

(a) State plaintiff's contention as to the beginning and end of the alleged accounting period for each accused equipment type.

(b) State fully and completely plaintiff's contention as to how reasonable and entire compensation allegedly due should be determined.

**Answer To Interrogatory No. 18**

(a) Plaintiff's contention as to the beginning and end of the alleged accounting period for each accused equipment type is contained in the Exhibit 24 charts of Appendix I,

Respectfully submitted,
Sparton Corporation, Plaintiff

Dated: September 28, 2005

Steven Kreiss
Attorney for Plaintiff
1120 Connecticut Avenue NW
Suite 240
Washington D.C. 20036
(202) 347-6382

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of SPARTON CORPORATION'S ANSWERS TO THE DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFF, SPARTON CORPORATION were sent, by first class mail, postage prepaid, this 28th day of September, 2005, to:

Gary L. Hausken, Esquire
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Washington D.C. 20530
Attorney for Defendant

Steven Kreiss