IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SPARTON CORPORATION, | ) | |
| Plaintiff, | ) | |
| | ) | No. 92-580 |
| v. | ) | |
| | ) | Chief Judge Damich |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**REPLY OF THE UNITED STATES TO SPARTON'S OPPOSITION TO THE GOVERNMENT'S MOTION TO PRECLUDE THE TESTIMONY OF PROFESSOR NASH**

As demonstrated by Sparton Corporation's opposition to the pending motion, the Court would be well-justified in precluding the testimony at trial of Ralph C. Nash, Jr., pursuant to Fed. R. Evid. 702, RCFC 37(c)(1), and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993). Sparton Corp's Opp. to Def. Mot. to Preclude Testimony of Prof. Nash (hereinafter Sparton's Opposition). As is demonstrated by Sparton's Opposition, Professor Nash has presented nothing more than a series of legal conclusions, which are inadmissible.

In its motion, the Government sought relief on two separate grounds. First, the Government demonstrated that Professor Nash's report failed to comply with RCFC 26(a)(2)(B). Mot. to Preclude Test. of Prof. Nash at 4-5. Second, the Government requested that the Court exclude the testimony using it's *Daubert* "gatekeeper" authority. *Id.* at 6-12. Resolution of the admissibility under the "gatekeeper" authority, involves two issues: the nature of the testimony and its helpfulness to the Court, as trier of fact. Any of one these three grounds would justify the exclusion of Professor Nash's testimony.

Sparton's Opposition is meritless. Sparton completely ignores the Federal Circuit's recent opinion in *TEG-Paradigm Envtl., Inc. v. United States*, 465 F.3d 1329, 2006 WL 2788413 (Sept. 29, 2006), and the teachings of Sparton's cited authorities. And Sparton offers little more than bare conclusions in support of admissibility. Finally, Sparton argues that the Government's answers to Sparton's Interrogatory No. 1 somehow justify the inadequacy of Professor Nash's report. None of Sparton's arguments is supported in fact or law.

## A. MR. NASH'S REPORT FAILS TO COMPLY WITH RCFC 26(a)(2)(B)

In its opposition, Sparton argues that Professor Nash has provided "the basis and reasons for his opinions." Sparton's Opp. at 4-7. Sparton's Opposition, however, belies this argument.

Sparton begins by asserting that expert testimony is presumed admissible. Sparton Opp. at 4, *citing* 4 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Federal Evidence* § 702.02[1] (2d ed. 2006).[1] That presumption does not assist in determining whether Professor Nash complied with RCFC 26(a)(2)(B). Compliance with RCFC 26(a)(2)(B) is an objective determination regarding whether the report provides the requisite information and is a predicate to determining admissibility. The presumption favoring admission is therefore irrelevant to the determining whether an adequate report has been provided in accordance with RCFC 26(a)(2)(B). Rather, the only question is whether the report discloses "in any intelligible way, the

[1] Sparton cites to Volume 3 of the work, as updated through 2005. However, the latest update of the work was Release No. 87 in October 2006 and § 702 is currently found in Volume 4. There is no appreciable difference between the current version and those provisions cited by Sparton. Accordingly, we correct the citations to those of the current version.

facts and rationale that underlie the opinions expressed." *Upshur-Smith Labs. v. Mylan Labs.*, 944 F. Supp. 1411, 1440 (D. Minn. 1996).

Sparton presents a long string of production page numbers and claims that those citations form the "basis" for Professor Nash's opinions. *See* Sparton Opp. at 5-6. Yet none of these page numbers appears anywhere in Professor Nash's report. *See* Gov. Exhibit 1 at A2-A6. And, while those documents may have been cited by Professor Nash in his 1999 Declaration (Sparton Exhibit A; Gov. Exhibit 2), they were not cited with respect to any opinion relating to the topic of Professor Nash's expert report: they were cited with respect to opinions related to the "on-sale" provisions of 35 U.S.C. § 102, not with respect to the *Christian* doctrine. Thus, even if citations are considered pertinent to the subject of the expert report, Professor Nash has failed to explicate how those documents form the basis or reasons for his opinions.

Sparton's Opposition, at 5-7, engages a recital of Professor Nash's conclusions. Here again, Sparton merely highlights the failings of Professor Nash's report. That Professor Nash has provided *conclusions* or *opinions* is not in dispute. But he completely failed to describe how he reached those conclusions. For example, Sparton cites to two cases (*S. J. Amoroso Constr. Co. v. United States*, 12 F.3d 1072 (Fed. Cir. 1993) and *IBI Security Serv. Inc. v. United States*, 19 Cl. Ct. 106, 110 (1989)), neither of which appears in Professor Nash's report and therefore provide no support for his conclusions. And with respect to *G. L. Christian & Assoc. v. United States*, 312 F.2d 418, *aff'd on reh'g*, 320 F.2d 345 (1963), which is cited, Professor Nash fails to establish *how* he reaches his conclusions using that case as authority. Professor Nash's recital of the Armed Services Procurement Regulations also fails to elucidate his reasoning because it merely asserts facts or conclusions regarding the regulations, but does not provide the rationale

that was followed to reach the conclusions from the asserted facts. *See* Gov. Exhibit 1 at A4-A5.

The requirement of RCFC 26(a)(2)(B) is to provide a report that contains "a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; [and] any exhibits to be used as a summary of or support for the opinions …." Professor Nash's report provides nothing more than a series of conclusory statements. Accordingly, it fails to comply with RCFC 26(a)(2)(B).

### B. MR. NASH'S OPINIONS ARE LEGAL ARGUMENTS DRESSED AS EXPERT TESTIMONY

Citing to 4 *Weinstein's Federal Evidence* § 702.02[2], asserts that it is not necessary that Professor Nash have personal knowledge of the facts. Sparton fails to address the gist of the Government's argument.

At the beginning of its opposition, Sparton acknowledges that "defendant contends that Professor Nash's opinions are legal arguments, i.e., the application of law to facts, dressed as expert testimony." Sparton Opp. at 2. Yet, having teed up the Government's argument, Sparton fails to address that argument in its brief. *See* Sparton Opp. at 7.

Instead, Sparton asserts (as "defendant's third contention") that "Professor Nash is not testifying as a technical expert, but is proffered as a government contracts expert." Sparton Opp. at 8. But, having again correctly stated the issue, Sparton never addresses the Federal Circuit's recent decision in *TEG-Paradigm Envtl.*, 2006 WL 2788413 at *9, which found that expert testimony from contract law experts is only admissible to construe contract terms that have a special meaning through trade practice or custom. Sparton's failure is not surprising since its

own reference, 4 *Weinstein on Evidence* (at § 702.03[3] & nn. 21-23), acknowledges that "expert testimony is inadmissible if it does no more than tell the finder of fact what conclusion to reach." Here, Professor Nash does not address the special meaning to be given terms based on trade practice or custom; he only tells the court how to decide the issue.

Professor Nash can offer nothing more than Sparton's legal arguments cloaked as expert testimony. Sparton has not demonstrated that such testimony is admissible. And, in fact, the weight of authority favors exclsion of testimony by legal experts under circumstances such as are present here. *See TEG-Paradigm Envtl.*,2006 WL 2788413 at *7-9; *Endress + Hauser, Inc. v. Hawk Measurement Sys. Ltd.*, 122 F.3d 1040, 1042 (Fed. Cir. 1997) (impropriety of patent attorneys giving opinions on the proper interpretation of claim terms"); *Hebert v. Lisle Corp.*, 99 F.3d 1109, 1117 (Fed. Cir. 1996) ("incorrect statements of law are no more admissible through 'experts' than are falsifiable scientific theories"); 4 *Weinstein's Federal Evidence* § 702.03[3] & nn. 21-23) (recognizing that testimony as to the law or application of the law to the facts is generally inadmissible where it invades the province of the court).

### C. MR. NASH'S TESTIMONY WILL NOT BE HELPFUL TO THE COURT

Next, Sparton contends that Professor Nash's proffered testimony is admissible because Navy policy and government contract law are beyond the knowledge of the average lay person. Sparton Opp. at 9 (citing 4 *Weinstein's Federal Evidence* § 702.03[1]). Here, again, Sparton fails to head the weight of its own authority. 4 *Weinstein on Evidence* § 702.03[3] & nn. 21-23 ("expert testimony is inadmissible if it does no more than tell the finder of fact what conclusion

to reach"); *see also* 4 *Weinstein on Evidence* § 704.04 ("the most common reason for excluding opinion testimony that gives a legal conclusion is lack of helpfulness").

### D. IN THE GOVERNMENT'S ANSWER TO INTERROGATORY NO. 1, SPARTON RAISES A RED HERRING

Sparton complains that the Government has engaged in "admitted nondisclosure tactics" and that an additional expert report of Professor Nash would "unnecessarily increase Sparton's litigation expenses." Sparton Opp. at 10. Oddly, however, Sparton has never identified any inadequacy in the Government's Answer to Interrogatory No. 1, nor has it requested a more complete answer to that interrogatory or moved to compel such an answer. *See* RCFC 37(a)(2)(A) (requiring that a party who intends to move to compel more complete answers to interrogatories first confer or attempted to confer in good faith with the opposing party "in an effort to secure the disclosure without court action").

As for Sparton's "trial by ambush" claim (Sparton Opp. at 10), it appears that Sparton is the one engaging such tactics. As noted above, Sparton has never raised the alleged inadequacy with Government counsel as required by RCFC 37(a)(2)(A). Rather, Sparton chose to raise the issue for the first time with Court in its Opposition. Sparton's tactics are truly an "ambush," unrelated to the present proceedings and inappropriate for resolution on the record presented. If Sparton believes that the Government's answer is inadequate, it should fully comply with RCFC 37(a)(2)(A) and then, if necessary,[2] move to compel.

[2] The Government, as always, is willing to discuss any inadequacy with counsel for Sparton and, if necessary, amend its answer.

### E. Conclusion

Professor Nash's report is conclusory and fails to specify the bases and support for his opinions. Further, the proffered testimony of Professor Nash is nothing more than impermissible legal argument in guise of legal testimony. For the reasons stated in the Government's Motion to Preclude the Testimony Of Professor Nash and in this reply, the Government requests that the Court exclude Professor Nash's report from trial of this case and bar Professor Nash from testifying.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JOHN FARGO
Director

*s/ Gary L. Hausken*
GARY L. HAUSKEN
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D. C. 20530
Telephone: (202) 307-0342
Facsimile: (202) 307-0345

November 14, 2006