# In the United States Court of Federal Claims

No. 92-580 C

(Filed: June 20, 2007)

```
************************************
                                   *
SPARTON CORPORATION,               *
                                   *
                    Plaintiff,     *
                                   *
      v.                           *
                                   *
THE UNITED STATES,                 *
                                   *
                    Defendant.     *
                                   *
************************************
```

## PRE-TRIAL ORDER

On June 20, 2007, the Court held a telephonic status conference to discuss the proposed pre-trial order, submitted by the parties on June 1, 2007, and several other matters relating to trial preparation. The Court adopts the parties proposed pre-trial order with one modification. The pre-trial conference will be held on March 20, 2008, instead of March 21, 2008, as proposed by the parties. The Court ORDERS as follows:

1. Definition of Terms
   a. "Serve" means to provide to all counsel, but *not* to file with the Court.
   b. "File" means to serve on all counsel and to file with the Court.
   c. "Provide to chambers" means to submit to chambers by fax (202/219-1469), by email in Adobe PDF form (damich_chambers@ao.uscourts.gov), or by postal or private delivery.

2. <u>Trial Preparation</u>

a. <u>Events before the meeting of counsel</u>[1]

i. Plaintiff's Case in Chief

(1) Plaintiff shall serve its Proposed Findings of Fact (see Appendix A, ¶ 14(d)) on or before **<u>October 17, 2007</u>**.

(a) The Proposed Findings of Fact shall be organized by headings that correlate to the legal arguments on which Plaintiff relies to support its claims.

(b) The Proposed Findings of Fact shall be sequentially numbered.

(c) For each Proposed Finding of Fact, Plaintiff shall identify the exhibits and/or witnesses that support that fact.

(d) Facts that support more than one legal contention do not have to be repeated completely; they may be identified by number for successive legal arguments.

(2) Plaintiff shall serve its witness list (which should include the witnesses who will be called in rebuttal, to the extent that they are known) on the same date as it serves its Proposed Findings of Fact.

(a) The witness list shall specify those witnesses identified as supporting facts in Plaintiff's Proposed Finding of Fact.

(b) For each witness, Plaintiff shall indicate the specific topics to be addressed in the expected testimony by identifying the facts (by fact number) that the witness will establish.

(c) For each witness, Plaintiff shall indicate the time needed for direct examination.

(3) Plaintiff shall serve its list of exhibits, and a set of such exhibits, on the same date as it serves its Proposed Findings of Fact.

(a) The exhibit list shall include all the exhibits identified as supporting facts in Plaintiff's Proposed Finding of Fact.

(b) For each exhibit, Plaintiff shall indicate the specific facts (by fact number) that the exhibit will establish.

(c) Demonstrative exhibits (including audio-visual exhibits) shall be included and described on the list of exhibits.

ii. Defendant's Case in Chief

(1) Defendant shall serve its Response to the Plaintiff's Proposed Findings of Fact on or before **<u>November 19, 2007</u>**.

---

[1] The exchange of information *before* the early meeting of counsel, especially the exchange of objections, should facilitate resolving issues at the early meeting of counsel without Court involvement. Counsel, therefore, should act in good faith to list all witnesses, exhibits, and objections in these "preliminary" exchanges. Although counsel will eventually file final lists with the court, the opportunity for another filing should not be used as a method for circumventing the requirement of providing preliminary information.

(a) For each fact alleged by Plaintiff, Defendant shall underline the parts, or parts, that it disputes and, on the same page below the fact in dispute, modify the statement to make it conform to Defendant's version of the facts.

(b) Defendant shall identify the exhibits and/or witnesses that support its modification.

(c) Defendant shall underline, entirely, any statement that cannot be made to conform to Defendant's version of facts.

(d) Defendant shall identify the exhibits and/or witnesses that support its position.

(2) Defendant may also serve Proposed Additional Findings of Fact. Such Proposed Additional Findings of Fact shall be served as a separate document on the same date that Defendant serves its Response to Plaintiff's Proposed Findings of Fact.

(a) Defendant shall follow the same form as Plaintiff. See paragraph 2.a.i.(1).

(3) Defendant shall serve its witness list on the same date that it serves its Response to Plaintiff's Proposed Findings of Fact..

(a) Defendant shall follow the same form as Plaintiff. See paragraph 2.a.i.(2).

(4) Defendant shall serve its list of exhibits, and a set of such exhibits, on the same date as it serves its Response to Plaintiff's Proposed Findings of Fact..

(a) Defendant shall follow the same form as Plaintiff. See paragraph 2.a.i.(3).

iii. Plaintiff's Case in Rebuttal

(1) On or before **December 21, 2007**, Plaintiff may serve a Response to Defendant's Proposed Additional Findings of Fact.

(a) Plaintiff shall follow the same form as Defendant. See paragraph 2.a.ii.(1).

(2) Plaintiff shall serve its list of rebuttal witnesses, and an explanation of its need for such witnesses, on the same date for serving its Response to Defendant's Proposed Additional Findings of Fact.

(3) Plaintiff shall serve its list of rebuttal exhibits, an explanation of its need for such exhibits, and a set of such exhibits, on the same date for serving its Response to Defendant's Proposed Additional Findings of Fact.

b. Meeting of Counsel

i. The meeting of counsel shall be held on or before **January 14, 2008** (at least 63 days before the pretrial conference; see Appendix A, ¶ 13).

ii. Counsel shall follow the requirements set forth in Appendix A, ¶13, to the extent not otherwise addressed in this Order.

iii. At the meeting, counsel shall also discuss the sequestration of witnesses under Fed. R. Evid. 615, including such questions as:

(1) should witnesses who have testified be permitted to discuss their testimony with witnesses who have not yet testified?;

(2) should an attorney be permitted to relate, in any form, the substance of previous testimony to witnesses who have not yet testified?;

(3) should an attorney be permitted to counsel a witness during breaks in the witness's testimony? *See Perry v. Leeke*, 488 U.S. 272, 280 (1989); *Reynolds v. Ala. Dep't of Transp.*, 4 F. Supp. 2d 1055, 1064-65 (M.D. Ala. 1988) (applying *Perry* to civil case).

c. <u>Filings After Meeting of Counsel</u>

i. No later than **<u>January 22, 2008</u>**, counsel shall file the following:

(1) a Joint Statement of Good Faith Conduct, stating that all objections to witnesses and exhibits were discussed in good faith and that settlement was explored at the meeting of counsel;

(2) a Joint Notice of Proposed Procedures for Sequestration, if sequestration is requested by either party. If the parties have not been able to agree on such procedures, they shall separately file memoranda on sequestration by this date;

(3) any motions, pursuant to Appendix A, ¶ 15(b), for leave to present substantive evidence by way of deposition testimony. Such motions shall list the pages of such transcripts but shall not include copies of the listed pages;

(4) any objections, including motions in limine, to the opposing party's proposed witnesses or exhibits. For each objection, the objecting party shall identify the witness or exhibit as proposed and the grounds for the objection.

ii. No later than **<u>January 28, 2007</u>**, the parties shall file:

(1) any objections, including the grounds therefor, to the opposing party's motions regarding deposition testimony and any proposed cross-designation of transcript pages. In cross-designating, the party may not simply designate the entire transcript;

(2) a Joint Stipulation of Facts, Witnesses, and Exhibits as follows:

(a) a statements of the facts on which the parties agree, separately numbered and based on the parties' Proposed Findings of Fact;

(b) a listing of all witnesses to which neither party objects, with a brief description of each such witness;

(c) a listing of all exhibits, and a set of such exhibits, to which neither party objects on the grounds of authenticity or admissibility;

(3) each party's Proposed Findings of Fact, other than jointly stipulated facts, separately numbered with underlining designating the portion in dispute, in the same format as prescribed in paragraph 2.a.i.(1);

(4) each party's Final Witness List, including a brief description of each witness and denoting stipulated witnesses, in the same format as prescribed in paragraph 2.a.i.(2);

(5) each party's Final Exhibit List, and a set of such exhibits, excluding joint exhibits, in the same format as prescribed in paragraph 2.a.i.(3).

iii. Memorandum of Fact and Law

(1) No later than **February 4, 2008**, Plaintiff shall file a Memorandum of Fact and Law.

(a) The Memorandum of Fact and Law shall set forth Plaintiff's conclusions of law with a complete exposition of the legal theory that supports each legal claim.

(b) Based upon its Proposed Findings of Fact, Plaintiff shall explain the factual basis upon which it relies to support its claims. With respect to all facts, Plaintiff shall reference its Proposed Findings of Fact, by number.

(c) Absent good cause, the memorandum shall not exceed 30 pages.

(2) No later than **February 11, 2008**, Defendant shall file a Responsive Memorandum of Fact and Law in the same format as Plaintiff's Memorandum.

3. Miscellaneous

a. Matters of Style for Exhibits

i. Joint exhibits shall be prefaced with a "J"; Plaintiff's with a "P"; and Defendant's with a "D." There shall be no duplication of exhibits.

ii. Documentary exhibits shall be contained in binders and shall be numbered and paginated, with tabs demarcating each exhibit (e.g., Plaintiff's Exhibit 5, page 10 shall be marked "P5.10").

iii. The exhibits shall be accompanied by a table of contents listing and describing all exhibits in numerical order. Demonstrative exhibits shall also be assigned numbers, and described in the table of contents.

iv. Two additional sets of the exhibits (Plaintiff's, Defendant's, and Joint) shall be provided at trial.

b. Objections

i. Each objection shall provide the appropriate Federal Rule of Evidence number(s) and provide a short, narrative explanation of the basis for the objection. Informative cases may be cited in support of the objection.

ii. Motions in limine shall be utilized to present significant objections, including objections to the testimony and/or qualifications of expert witnesses.

iii. Objections to witnesses and exhibits shall be submitted in the time set forth in this order. Objections not so raised may be deemed waived. Motions in limine regarding other matters shall be filed at least two weeks before the pretrial conference.

c. Matters of Style for Amendment of Filings

i. Whenever a party submits an amended or revised filing, the party shall indicate in the caption how many previous amendments have been filed (*e.g.*, "Third Amended Witness List").

ii. Although this order sets out the style for captioning amended filings, the parties should not infer that leave is necessarily granted for amended filings. Appropriate objections will be entertained.

d. Stipulations

i. In General.

(1) The parties are expected and required to stipulate to the full extent to which complete or qualified agreement can or fairly should be reached regarding all matters not privileged which are relevant to the pending case, regardless of whether such matters involve fact or opinion or the application of law to fact. Included should be all facts, all documents and papers or contents or aspects thereof, and all evidence which fairly should not be in dispute.

(2) When the truth or authenticity of facts or evidence claimed to be relevant by one party is not disputed, an objection on the ground of materiality or relevance may be noted by any other party but is not to be regarded as just cause for refusal to stipulate.

(3) The requirement of stipulation applies without regard to where the burden of proof may lie with respect to the matters involved.

ii. Binding Effect.

(1) A stipulation shall be treated, to the extent of its terms, as a conclusive admission by the parties to the stipulation, unless otherwise permitted by the court or agreed upon by the parties.

(2) The court will not permit a party to a stipulation to qualify, to change, or to contradict a stipulation, in whole or in part, except where justice so requires.

(3) A stipulation and the admissions therein shall be binding and have effect only in the pending case and not for any other purpose, and cannot be used against any of the parties thereto in any other case or proceeding.

e. Trial Methods. The Court is committed to cost-effective methods of resolving and trying cases. The parties should consider whether direct testimony submitted in written form may be preferable. Under this procedure, parties submit their

witnesses' affirmative testimony in writing in advance. The witnesses are then subject to cross-examination before the court in open court.

f. Courtesy Copies of Filings. A courtesy copy of all filings shall be provided (electronically, where feasible) to chambers and to the opposing party on the date filed.

4. Pre-trial conference. The pretrial conference will be held *in person* at the U.S. Court of Federal Claims on **Thursday, March 20, 2008, at 10:00 am**. If, however, it should appear to the Court that the matters to be raised at the pretrial conference may be addressed satisfactorily via telephone, the Court shall notify counsel that the pretrial conference will be held instead by telephone. In such event, at least one business day before the conference, counsel shall notify the Court's chambers of the telephone number where they can be reached for the conference.

5. Trial dates and location. Trial shall commence on **April 21, 2008**, and shall continue for **15 days**, or such time as agreed to at the pretrial conference, from 10:00 a.m. to 4:00 p.m. each day. It will be held in **Washington, D.C.**. The court expects to notify the parties of the precise location at or before the pretrial conference.

6. Ambiguity or confusion in this order. The parties should work together to resolve any ambiguities or uncertainties that they perceive in this order. The Court encourages the parties to raise any issues *as soon as possible* after a good faith attempt to resolve them. Even if the parties are able to resolve the issues, the Court would appreciate hearing the concerns of the parties so that the order can be clarified.

s/ Edward J. Damich
EDWARD J. DAMICH
Chief Judge