**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

No. 92-580C

Chief Judge Edward J. Damich

SPARTON CORPORATION,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

**DEFENDANT'S OBJECTIONS TO PLAINTIFF'S WITNESSES & EXHIBITS**

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JOHN FARGO
Director

GARY L. HAUSKEN
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D. C. 20530
Telephone: (202) 307-0342
Facsimile: (202) 307-0345

Attorneys for Defendant, United States

January 22, 2008

## A. OBJECTIONS TO WITNESSES

### 1. Captain Peter Huchthausen, U.S. Navy (Retired)

Sparton claims that CAPT Huchthausen will be testifying to events described in PPFF 16-26 and various documents. In particular, Sparton claims that CAPT Huchthausen will testify to the Navy's long-felt need for the invention. Such testimony would constitute expert testimony, because his opinions as to whether or not the Navy had a long-felt need are not "opinions or inferences [] rationally based on the perception of the witness." Fed. R. Evid. 701. Sparton, however, did not give notice of CAPT Huchthausen in compliance with the court's scheduling order for expert testimony. Order, Docket No. 256 (Feb. 2, 2006); RCFC 26(a)(2). And Sparton did not provide an expert report for CAPT Huchthausen.

Further, PX-262 (CAPT Huchthausen's web page) fails to demonstrate that he has the requisite qualifications to testify regarding what the Navy considered a "long-felt need" in the field of sonobuoy development, and his observations are not based on sufficient facts and data. Fed. R. Evid. 702. There is no indication in his web page that CAPT Huchthausen worked in any office of the Navy that related to the prioritization of needs for development, the funding of development efforts, or the development of sonobuoys.

### 2. James McNulla

Sparton claims that Mr. McNulla will be testifying to events described in PPFF 16-26 and various documents. In particular, Sparton claims that Mr. McNulla will testify to the Navy's long-felt need for the invention. Such testimony would constitute expert testimony, because his

opinions as to whether or not the Navy had a long-felt need are not "opinions or inferences [] rationally based on the perception of the witness." Fed. R. Evid. 701. Sparton, however, did not give notice of Mr. McNulla in compliance with the court's scheduling order for expert testimony. Order, Docket No. 256 (Feb. 2, 2006); RCFC 26(a)(2). And Sparton did not provide an expert report for Mr. McNulla.

Further, Sparton has not provided a résumé or curriculum vitae for Mr. McNulla. As a result, it is impossible to tell whether Mr. McNulla has any qualifications to testify regarding what the Navy considered a "long-felt need" in the field of sonobuoy development. There is no indication whether Mr. McNulla worked in any office of the Navy that related to the prioritization of needs for development, the funding of development efforts, or the development of sonobuoys. And there is no indication as to when Mr. McNulla was employed by the Navy or what his duties were. Accordingly, plaintiff has failed to satisfy the requirements of Fed. R. Evid. 702.

Also, the description of Mr. McNulla's testimony in Sparton's witness list demonstrates that Mr. McNulla's testimony would be cumulative of CAPT Huchthausen's testimony and should be excluded for that reason as well. Fed. R. Evid. 403.

**3. David Molfenter**

Plaintiff asserts that the witness will be presented to "rebut defendant's expert's assertions that the patented inventions were not commercially successful and did not satisfy a long felt need in the sonobouy industry." As such, the testimony will constitute expert testimony for which Sparton has not provided an expert report. Order, Docket No. 256 (Feb. 2, 2006);

RCFC 26(a)(2). Accordingly, the witness should be excluded for failure to comply with the court's orders and for unfair surprise as a result of the late notice of the witness's participation. Fed. R. Evid. 403.

Further, Sparton has not provided a résumé or curriculum vitae for Mr. Molfenter. As a result, it is impossible to tell whether Mr. Molfenter has the requisite qualifications to testify regarding the putative commercial success of the inventions. There is no indication whether Mr. Molfenter had performed any market analysis or other study to determine the relative success of the invention. And there is no indication of whether Mr. Molfenter differentiated between the patented inventions, unpatented elements and other factors (such as marketing) when formulating his opinons. Accordingly, plaintiff has failed to satisfy the requirements of Fed. R. Evid. 702.

## B. OBJECTIONS TO EXHIBITS

### 1. PX-57: Declaration of Gerry Martin

Unless Mr. Gerry Martin testifies, this exhibit is inadmissible hearsay. Fed. R. Evid. 802. If Mr. Martin testifies, the exhibit is cumulative of his testimony. Fed. R. Evid. 403. Further, "the probative value is substantially outweighed by the danger of unfair prejudice" caused by allowing Sparton to selectively repeat testimony through a declaration, before the witness has been impeached. Fed. R. Evid. 403. Finally, the extent that the declaration is inconsistent with, or provides opinions not found in Mr. Martin's expert report, the declaration is inadmissible for failure to comply with Fed. R. Evid. 702 and RCFC 26(a)(2).

**2. PX-62: Chart Prepared by Mr. Martin**

Unless Mr. Martin testifies, these exhibit are inadmissible hearsay. Fed. R. Evid. 802.

**3. PX-60 through PX-106: Contract Documents**

These exhibits appear to be presented solely as the basis for Mr. Gerry Martin's testimony. As such, probative value of these documents is substantially outweighed by considerations of undue delay, waste of time, or needless presentation of evidence since the same evidence is presented through Mr. Gerry Martin's testimony. Further, the documents are incomplete, generally with each exhibit consisting of only a single page from a multi-page document. Thus, the relevance of the exhibits is only understandable with the assistance of expert testimony. However, the exhibits are not admissible merely because an expert relies on the exhibit, rather the exhibit must be independently admissible, Fed. R. Evid. 703, or be the subject of cross-examination, Fed. R. Evid. 705.

**4. PX-107 through PX-110: Declaration of Henry Melvin and Attachments**

Unless Mr. Melvin testifies, this exhibit is inadmissible hearsay. Fed. R. Evid. 802. If Mr. Melvin testifies, the exhibit is cumulative of his testimony. Fed. R. Evid. 403. Further, "the probative value is substantially outweighed by the danger of unfair prejudice" caused by allowing Sparton to selectively repeat testimony through exhibits, and to repeat testimony through declarations, before the witness has been impeached. Fed. R. Evid. 403. Finally, the extent that

the declaration is inconsistent with, or provides opinions not found in Mr. Melvin's expert report, the declaration is inadmissible for failure to comply with Fed. R. Evid. 702 and RCFC 26(a)(2).

**5. PX-128: Navy Budget Report for 1994-1995**

This document is irrelevant to any issue in this litigation. The report covers the period 1994 through 1995, which is after the expiration of the patents in suit. Accordingly, it is not relevant to any issue as to infringement or reasonable compensation due for any allegedly infringing use. Fed. R. Evid. 402, 401. To the extent it is offered for any other purpose it is hearsay. Fed. R. Evid. 802.

**6. PX-135: Selected Portions of NAVAIR Acquisition Guide**

The document is hearsay and not within the scope of any exception or exemption. *See* Fed. R. Evid. 801-803. Further, the Guide is not binding on Navy acquisition officials, including contracting officers but, as the title implies, is only guidance. The guide at page Bates No. 016313 states that its propose is to "'pull together' the activities and critical documentation." It further states that it "does not supercede existing Notices, Instructions, Directives or other established policy on the acquisition process." Bates No. 016313.

If the document is to be admitted, pages Bates Nos. 016313 and 016346-016348, should be included for completeness. Fed. R. Evid. 106.

**7. PX-151: Declaration of Charles Boyle**

Unless Mr. Boyle testifies, this exhibit is inadmissible hearsay. Fed. R. Evid. 802. If Mr. Boyle testifies, the exhibit is cumulative of his testimony. Fed. R. Evid. 403. Further, "the probative value is substantially outweighed by the danger of unfair prejudice" caused by allowing Sparton to selectively repeat testimony through declarations before the witness has been impeached. Fed. R. Evid. 403. Finally, the extent that the declaration is inconsistent with, or provides opinions not found in Mr. Boyle's expert report, the declaration is inadmissible for failure to comply with Fed. R. Evid. 702 and RCFC 26(a)(2).

**8. PX-155: Additional Declaration of Charles F. Boyle**

Unless Mr. Boyle testifies, this exhibit is inadmissible hearsay. Fed. R. Evid. 802. If Mr. Boyle testifies, the exhibit is cumulative of his testimony. Fed. R. Evid. 403. Further, "the probative value is substantially outweighed by the danger of unfair prejudice" caused by allowing Sparton to selectively repeat testimony through declarations before the witness has been impeached. Fed. R. Evid. 403. Finally, the extent that the declaration is inconsistent with, or provides opinions not found in, Mr. Boyle's expert report, the declaration is inadmissible for failure to comply with Fed. R. Evid. 702 and RCFC 26(a)(2).

**9. PX-156 & PX-157: Claim Charts**

These charts are not "evidence" and not relevant. Fed. R. Evid. 401, 402. The charts are nothing more than attorney argument being presented as documentary evidence. As such, the charts are inadmissible. Further, to the extent that the exhibit is offered as being demonstrative

of the expert opinion of Mr. Boyle or one of Sparton's other experts, the exhibits should be excluded for failure to comply with Fed. R. Evid. 702 and RCFC 26(a)(2) because the documents were not supplied as part of an expert report.

**10. PX-171: Excerpt from "Modern Submarine Warfare" by David Miller and John Jordan**

This exhibit is hearsay. Fed. R. Evid. 802. Further, it is an attempt to present expert testimony in a manner that cannot be authenticated or cross-examined. *See* Fed. R. Evid. 702. As a result, "the probative value is substantially outweighed by the danger of unfair prejudice" to the defendant and it must be excluded. Fed. R. Evid. 403.

**11. PX-208 Supplemental Declaration of Mr. Martin**

Unless Mr. Martin testifies, this exhibit is inadmissible hearsay. Fed. R. Evid. 802. If Mr. Martin testifies, the exhibit is cumulative of his testimony. Fed. R. Evid. 403. Further, "the probative value is substantially outweighed by the danger of unfair prejudice" caused by allowing Sparton to selectively repeat testimony through declarations before the witness has been impeached. Fed. R. Evid. 403. Finally, the extent that the declaration is inconsistent with, or provides opinions not found in, Mr. Martin's expert report, the declaration is inadmissible for failure to comply with Fed. R. Evid. 702 and RCFC 26(a)(2).

**12. PX-209: Supplemental Declaration of Mr. Melvin**

Unless Mr. Melvin testifies, this exhibit is inadmissible hearsay. Fed. R. Evid. 802. If Mr. Melvin testifies, the exhibit is cumulative of his testimony. Fed. R. Evid. 403. Further, "the probative value is substantially outweighed by the danger of unfair prejudice" caused by allowing Sparton to selectively repeat testimony through declarations before the witness has been impeached. Fed. R. Evid. 403. Finally, the extent that the declaration is inconsistent with, or provides opinions not found in Mr. Melvin's expert report, the declaration is inadmissible for failure to comply with Fed. R. Evid. 702 and RCFC 26(a)(2).

**13. PX-212 through PX-235: Claim and Infringement Charts**

These charts are not "evidence" and not relevant. Fed. R. Evid. 401, 402. The charts are nothing more than attorney argument being presented as documentary evidence. As such, the charts are inadmissible. Further, to the extent that the exhibit is offered as being demonstrative of the expert opinion of Mr. Boyle or one of Sparton's other experts, the exhibits should be excluded for failure to comply with Fed. R. Evid. 702 and RCFC 26(a)(2) because they were not included in an expert report.

**14. PX-239 and PX-240: Exhibits related to the *USS Indianapolis***

These documents are hearsay for which no exception exists. Fed. R. Evid. 802. The documents deal with an event that occurred during World War II. In the exhibits, the *USS Indianapolis* was reportedly sunk by a torpedo from a Japanese submarine on July 30, 1945. Thus, it is too remote in time and place to be relevant to the issues in this litigation, *i.e.*, to the

development of a new sonobuoy deployment system or to the Navy's alleged need for such a system. Fed. R. Evid. 401, 402. And further, the circumstances as portrayed in these exhibits fail to establish any logical link between the sinking of the *USS Indianapolis* and alleged long felt need for a new deployment system to demonstrate relevance. The exhibits indicate that the sinking resulted from transit through submarine-infested waters without *any escort*. As is relevant here, the lack of escort would include aircraft escort. Since all the of the sonobuoys in this litigation are air launched, the lack of any escort would have prevented the use of such sonobuoys *even if such sonobuoys had been available in 1945*. Fed. R. Evid. 401, 402. Finally, even if the information is accurate, which is uncertain, the reports are hearsay because the articles report recollections or information of persons who are not in court and whose written recollections appear to have been prepared 50 years after the event in question. Fed. R. Evid. 802, 402. No exception to the hearsay rule would provide for the admission of these exhibits.

**15. PX-241: Excerpt from "ASW Versus Submarine Technology Battle"**

This exhibit is an excerpt from a book on the subject of anti-submarine warfare. The statements in the book are hearsay and, are an improper attempt to present expert testimony through a source other than testimony in court. As such, the testimony should be excluded. Fed. R. Evid. 402, 403, 702 & 802. Further, none of Sparton's expert witnesses have utilized or referenced the book in their expert reports. To allow the reference to be used at trial by the experts, without having previously reported the relevance that reference to their opinions would violate RCFC 26(a)(2) and would unfairly prejudice the government's preparation for trial. Fed. R. Evid. 403.

**16. PX-242: Internet web page of Captain Peter A. Huchthausen, U.S. Navy (Retired)**

This exhibit is irrelevant. CAPT Huchthausen was not offered as an expert in accordance with the court's scheduling order. Order, Docket No. 256 (Feb. 2, 2006); RCFC 26(a)(2). Accordingly, CAPT Huchthausen's testimony "in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701.

Plaintiff seeks to have CAPT Huchthausen provide expert testimony relating to the "long felt need in the art for a sonobuoy deployment system that could rapidly deploy to deep enough depths so that submarines could not avoid detection by hiding under thermoclines located in the oceans of the world." Pl. Rebuttal Exh. & Witness List at 5 (Dec. 21, 2007). That testimony would constitute opinions and inferences that are impermissibly based on scientific, technical or other specialized knowledge. Fed. R. Evid. 701. Plaintiff also states that CAPT Huchthausen will testify to the subject matter of Plaintiff's Proposed Findings of Fact 16-26, the substance of which is largely, if not entirely, hearsay to CAPT Huchthausen. Fed. R. Evid. 802. Since CAPT Huchthausen's testimony is inadmissible, his web page (which apparently plaintiff offers as a substitute for curriculum vitae) is not probative and therefore irrelevant. Fed. R. Evid. 401, 402.

If CAPT Huchthausen does not testify, the exhibit is also hearsay and an improper attempt to present expert testimony through exhibits. Fed. R. Evid. 802, 702.

**17. PX-243: Excerpt from "October Fury" by Peter A. Huchthausen**

This exhibit is an excerpt from a book, the subject of which involves events in 1962 related to the Cuban Missile Crisis. *See* PX-242. The book was published in 2002 (PX-242), some 40 years after the events described in the book are said to have occurred. Further, the excerpt claims to describe events and dialog occurring on a Soviet submarine and between officers of the Soviet Navy. Since plaintiff asserts that CAPT Huchthausen was aboard the *USS Blandy* at the time of those conversations, he could not have participated in or personally witnessed the conversation, and the conversations are therefore hearsay. Fed. R. Evid. 802. Due to the substantial amount of the hearsay in the book, and the length of time between the events portrayed and the publication of the book, "the probative value is substantially outweighed by the danger of unfair prejudice" to defendant. Fed. R. Evid. 403.

**18. PX-263 through 285: Contract Related Documents**

It is defendant's understanding that the excerpts provided in these exhibits constitute the source documents reviewed by one or more of plaintiff's experts in preparing their reports. In accordance with Fed. R. Evid. 703, the documents which form the bases of an expert's opinion need not be admitted and should not be admitted unless the individual documents are independently admissible. As such, in this instance "the probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

**19. PX-286: Excerpts from the Naval Aviation Systems Team Competition Handbook**

This exhibit is irrelevant, it was not published until after the contracts involved in this case had issued and only one month before the last of the patents-in-suit expired. Accordingly, the exhibit is not probative of any fact in issue in this litigation. Fed. R. Evid. 401, 402. Further, the Handbook does not purport to be authoritative and, indeed, states that "[i]t is not a procurement directive nor an instruction, and users should always refer to the underlying authoritative documents when issues require resolution." PX-286 at 022318. To the extent that the Handbook purports to be a synopsis of various Federal Acquisition Regulations, the Handbook fails to adequately identify the version of the regulations that were used in its preparation, and, in any event, the Handbook is a less reliable source of information than the regulations from which it was prepared.

**20. PX-287: Charts Listing Sparton Contracts**

This chart appears to be offered as demonstrative of the opinions of one or more of plaintiff's experts. However, it does not appear to be part of any expert report and therefore is an attempt to enter additional expert testimony after the close of expert discovery. Order, Docket No. 256 (Feb. 2, 2006); RCFC 26(a)(2). In addition, its admission would unfairly prejudice the government in that it is coming shortly before trial, at a time when defendant will have little opportunity to counter the evidence or demonstrate errors in the methodology used. Here again,

"the probative value is substantially outweighed by the danger of unfair prejudice" to defendant. Fed. R. Evid. 403.

**21. PX-288 through PX-293: Claim Charts Comparing Sparton Sonobuoys to the Claimed Inventions**

These exhibit are an attempt to provide further expert testimony after the close of expert discovery. The charts are not contained in the expert report of any of plaintiff's experts. Order, Docket No. 256 (Feb. 2, 2006); RCFC 26(a)(2). For this reason alone, exhibits should be excluded. Also, having only recently been provided the charts, there is a substantial likelihood that defendant will be unfairly prejudiced by plaintiff's introduction of these exhibits, when defendant cannot refute the exhibits or testimony.

The exhibits are also inadmissible as being largely legal argument being offered under the guise of expert testimony. Expert testimony as to the law is inappropriate. *TEG-Paradigm Envtl., Inc. v. United States*, 465 F.3d 1329, (Fed. Cir. 2006) ("it is not permissible to use these extrinsic sources to impart ambiguity into an otherwise unambiguous contract – they may only be used to interpret a term of art"); *Endress + Hauser, Inc. v. Hawk Measurement Sys. Ltd.*, 122 F.3d 1040, 1042 (Fed. Cir. 1997) ("[T]his court has on numerous occasions noted the impropriety of patent attorneys giving their opinion regarding the proper interpretation of a claim as a matter of law, the ultimate issue for the court to decide"); *Hebert v. Lisle Corp.*, 99 F.3d 1109, 1117 (Fed. Cir. 1996) ("Incorrect statements of law are no more admissible through 'experts' than are falsifiable scientific theories.").

Finally, the exhibits are likely to cause confusion of issues because the exhibit are directed to whether Sparton's own products used the claimed inventions. Sparton's products, however, cannot constitute an unauthorized use of the inventions under § 1498, since Sparton's own use of the patents-in-suit was clearly with "lawful right to use or manufacture the same." Thus, the chart's confuse the issues and are therefore inadmissible. Fed. R. Evid. 402.

**22. PX-294: Chart Showing Sparton's Foreign Customers**

This exhibit was not disclosed during discovery and therefore the Government has not had an opportunity to discover the facts and circumstances surrounding the preparation of the exhibit, such as who prepared it, what underlying data was used, when it was prepared and other factors that may affect its reliability and completeness. As such it should be denied admission for unfair surprise. Fed. R. Evid. 403.

The exhibit is an attempt to futher supplement the expert report of one of plaintiff's experts, although which one is unclear. As such, the exhibit violates the court's Order, Docket No. 256 (Feb. 2, 2006) and RCFC 26(a)(2).

Further, the chart is not relevant to any issue in this case. Fed. R. Evid. 402.

**23. PX-295: Defendant's Second Amended Answers to Plaintiff's Interrogatories 1-6**

The exhibit consists of the government's responses to plaintiff's contention interrogatories. To be admissible under Fed. R. Evid. 802, the statements must constitute an "admission of a party opponent." Fed. R. Evid. 802(d)(2). To be an "admission," the exhibit

must acknowledge the truth of facts inconsistent to the party's case. *Vockie v. General Motors Corp., Chevrolet Division*, 66 F.R.D. 57 (E. D. Pa.) ("[a]n 'admission' is a voluntary acknowledgment made by a party of the existence of the truth of certain facts which are inconsistent with his claims") *affirmed*, 523 F.2d 1052 (3d Cir. 1975); *Washington Metropolitan Area Transit Authority v. One Parcel of Land in Prince George's County*, 342 F. Supp. 2d 378, 382 (D. Md. 2004) (contention statements required by law are not "facts" that can be "admitted"). The contention interrogatories in this exhibit do not admit "facts," but rather state the government's legal contentions.

Even if considered to be admissions, the interrogatory answers should be excluded because "the probative value is substantially outweighed by the danger of unfair prejudice" and confusion of the issues. Fed. R. Evid. 403.

**24. PX-296: Defendant's Service of Response Charts in Accordance with the Court's Order of May 6, 2005**

These charts were prepared in accordance with the court's claim construction procedure and therefore were prepared prior to the court's order construing of the claims. *Compare* Order, Docket No. 231 (May 6, 2005) and PX-296 at 296.1 *with* Opinion and Order on Claim Construction, Docket No. 245 (Sept. 28, 2005). Since the government is permitted to adapt its position to the court's construction, the charts may not reflect the government's current arguments. That alone, however, does not make the statements in the charts admissible against the government.

The statements are merely attorney argument and are neither fact nor law. To be admissible, the statements must constitute an "admission of a party opponent" under Fed. R. Evid. 802(d)(2). *Vockie v. General Motors Corp., Chevrolet Division*, 66 F.R.D. 57 (E. D. Pa.) ("[a]n 'admission' is a voluntary acknowledgment made by a party of the existence of the truth of certain facts which are inconsistent with his claims") *affirmed*, 523 F.2d 1052 (3d Cir. 1975); *Washington Metropolitan Area Transit Authority v. One Parcel of Land in Prince George's County*, 342 F. Supp. 2d 378, 382 (D. Md. 2004) (contention statements required by law are not "facts" that can be "admitted"). The statements do not constitutes admissions because they were made solely in response to the courts order directing the party's to state their current contentions. Order, Docket No. 231 at 2.

Even if considered admissions, the charts should be excluded because "the probative value is substantially outweighed by the danger of unfair prejudice" and confusion of the issues. Fed. R. Evid. 403. To be sure, the parties were expected to conform their arguments to the claim construction. Therefore, to the extent that there are differences between the charts and the government's current positions, the changes were expected in light of the court's construction of the claim terms.

**25. PX-297 through PX-467: Excerpts of Contract Documents**

It is defendant's understanding that the excerpts provided in these exhibits constitute the source documents reviewed by one or more of plaintiff's experts in preparing their reports. The documents are unnecessary: the expert's report is admissible without admission of the underlying data. Fed. R. Evid. 703. Further, Rule 703 states a preference that such data not be

admitted, particularly if the data is not itself admissible. As such "the probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JOHN FARGO
Director

*s/ Gary L. Hausken*
GARY L. HAUSKEN
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D. C. 20530
Telephone: (202) 307-0342
Facsimile: (202) 307-0345

Attorneys for Defendant, United States

January 22, 2008