IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SPARTON CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | No. 92-580C<br>Chief Judge Edward Damich |

**SPARTON CORPORATION'S OBJECTIONS TO THE DEFENDANT'S PROPOSED WITNESSES AND EXHIBITS**

Sparton Corporation ("Sparton"), in compliance with the Court's June 20, 2007 Order, paragraph 2ci(4), (Doc. 290), files its objections to the defendant's proposed witnesses and exhibits.

**Witness Objections**: Sparton objects to:

1. witness Hudson under Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993) ("hereafter Daubert") because (a) he relies upon technology that is not prior art to support his invalidity analysis and opinion, (b) he relies upon alleged, factual events of which he has no personal knowledge, and (c) he has not followed the appropriate legal standards applicable to issues of validity and infringement articulated by the Supreme Court in Graham v. John Deere Co., 383 U.S. 1 (1966) and Federal Circuit Court of Appeals in Chiuminatta Concrete Concepts, Inc. v. Cardinal Industries, Inc., 145 F.3d 1303 (Fed Cir. 1998) and Odetics, Inc. v. Storage Technology Corp., 185 F.3d 1259 (Fed. Cir. 1999).

2. witness McGavock under Daubert because he relies upon alleged facts, such as the alleged dollar volume of Sparton sales (instead of the quantity of sonobuoys Sparton manuafactured) to establish Sparton’s manufacturing capacity, that are irrelevant to and do not track the appropriate legal standards for determining (a) Sparton’s capacity to manufacture the accused devices, (b) the royalty base, and/or (c) the royalty rate under a lost profits or reasonable royalty claim.

3. witnesses Mellis, Madeira, and/or Coughlin because (a) they are intending to provide expert testimony, (b) they are intending to provide testimony of events of which they have no personal knowledge, and/or (c) the subject matter of their proposed testimony was not included by defendant in answer to interrogatories relating to defendant’s validity and license defenses (and they could have been deposed if said subject matter was disclosed).

4. witness Sherman (or a DTIC representative) because (a) the subject matter of her (or a DTIC representative) proposed testimony was not included by defendant in answer to interrogatories relating to defendant’s validity and license defenses (and she could have been deposed on the issue of whether a DTIC report was a publication), (b) she is intending to provide impermissible, nonfactual (expert) or Rule 30 testimony to authenticate and/or lay an

admissibility foundation for proposed trial exhibits and (c) she has not stated any personal knowledge in her affidavit of the DTIC reports in issue and/or her library's practices at the time of its alleged receipt of these reports.

5. witness Widenhofer because (a) the subject matter of his testimony was not identified by defendant in answer to interrogatories relating to defendant's validity and license defenses, (b) he is not the custodian of Sparton's documents and thus could not authenticate and/or lay an admissibility foundation for proposed trial exhibits, and (c) he may intend to provide expert testimony for the defendant.

6. contractor (Abella, Lewis, Logar, Bergstedt, Logan, Kuhn, Sawyer, Carrera, Pickrell, Dellea, Ouellette, and Balboni) and government (Graff) witnesses whose testimony has been previously recorded because their depositions have been taken and are the subject of this Court's Order (Doc. 290) which sets forth a procedure for the admission into evidence of this recorded testimony.

**Exhibit Objections**: Sparton objects to the following numbered exhibits, which are proposed by defendant for admission into evidence, using the following evidentiary objection abbreviations: R-irrelevant, H-hearsay, ET-improper expert testimony, ID-issue already decided by this Court or the Federal Circuit, I-incomplete, NE-no exhibit, and NPII-not previously identified case issue.

Defendant’s Exhibit No.:

1. I, R, NPII

2. H, R

5. H, R

6-8. R but objection withdrawn if the exhibits are restricted to the alleged Depew prior art or experimental use issues

9. H, R

10-12. H, R, ID

13. ET, H, R

14. R, NPII

15. H, R

17. R, ID

20-31, 33-54 and 56-81. No objection if the admission of these documents is restricted to the alleged Depew prior art or experimental use issues, otherwise R, ID, NPII

32. H, R

86, 88, 90. H, R, ID

87, 89, 91-96. R, ID

97-102. R, H

104. H, R

106-107, 110. R, H, ID, NPII

109, 111. R, H, NPII

112. ET, H, R, ID, NPII

113. See response to 20-31 above

114-116. R, H

117. R, NPII

118. R, H

119. R, H, NPII

121. The Graff deposition testimony is subject to this Court's June 20, 2007 Order, paragraph 2ci(3)

126. Although the Boyle deposition testimony is subject to this Court's June 20, 2007 Order, paragraph 2ci(3), Mr. Boyle will be a witness at trial, and in this vein the objection lodged is R, H, ID, NPII

132. R, ID, NPII

134. R, H, ID, NPII

135. R, ID, NPII

137-139. See response to 20-31 above

140. R

141. R, H, ID, NPII

142-143. R, ID, NPII

144-149. H, R, ID, NPII

150. R, ID

151-156. See response to 20-31 above

157. R, H, ID

158. R, ID

159. R, NPII

160. R, H, NPII

161-163. R, ID

164-167. R, H, NPII

168-169, 171. R, ID, NPII (see exhibit 132)

170, 172. ET, R, H, ID, NPII

173. R, NPII

174, 178, 182, 188, 193, 197, 202, 203, 206, 208, 211, and 214. This deposition testimony is subject to this Court's June 20, 2007 Order, paragraph 2ci(3)

220-221. Improper expert reports under Daubert, H, R (see Sparton's objection to these witnesses)

222. H, ET, R, NPII

224, 229, 231. R

232, 234. R, H, NPII

235-236. R, H, NPII

237. R, ID, NPII

238. H, R

239-240. R, NPII

241. R, H, NPII

Respectfully submitted,
Sparton Corporation, Plaintiff

Dated: January 22, 2008

s/Steven Kreiss
Steven Kreiss
Attorney for Plaintiff
1120 Connecticut Avenue NW
Suite 433
Washington D.C. 20036
Telephone: (202) 347-6382
Facsimile: (202) 347-7711