**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

No. 92-580C

Chief Judge Edward J. Damich

SPARTON CORPORATION,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

# DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO DEFENDANT'S WITNESSES AND EXHIBITS

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JOHN FARGO
Director

GARY L. HAUSKEN
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D. C. 20530
Telephone: (202) 307-0342
Facsimile: (202) 307-0345

Attorneys for Defendant, United States

February 4, 2008

## TABLE OF CONTENTS


A. PLAINTIFF FAILED TO COMPLY WITH THE COURT'S PRE-TRIAL ORDER. . . . . 1

B. PLAINTIFF'S OBJECTIONS TO THE GOVERNMENT'S WITNESSES ARE NOT WELL TAKEN. . . . . 1

1. Alan T. Hudson. . . . . 1

2. Daniel McGavock. . . . . 5

3. William Mellis, Anthony Madeira, and Richard Coughlin. . . . . 5

4. Helen Q. Sherman. . . . . 6

5. James W. Widenhofer. . . . . 7

6. William Graff, Joseph Abella, George Lewis, Chuck Logar, Rod Bergstedt, Albert S. Logan, Karl G. Kuhn, Donald K. Sawyer, Carl H. Carrera, Jr., Don H. Pickrell, Charles Ouellette, and Michael J. Balboni. . . . . 8

C. PLAINTIFF'S OBJECTIONS TO THE GOVERNMENT'S EXHIBITS ARE UNINTELLIGIBLE AND BASELESS. . . . . 9

1. Plaintiff's Objections to Exhibits That Also Appear on Plaintiff's Exhibit List Are Baseless. . . . . 9

2. Plaintiff's "Issue Decided" ("ID") Objections Are Baseless. . . . . 10

3. The "Not Previously Identified Case Issue" Fails to State an Objection. . . . . 10

4. The Remaining Objections. . . . . 11

D. CONCLUSION

TABLE OF CASES

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*,
509 U.S. 579 (1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2

*Kumho Tire Co. v. Carmichael*,
526 U.S. 137 (1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Micro Chemical, Inc. v. Lextron, Inc.*,
317 F.3d 1387 (Fed. Cir. 2003). . . . . . . . . . . . . . . . . . . . . . . . 4, 5

*Sparton Corp. v. United States*,
399 F.3d 1321 (Fed. Cir. 2005). . . . . . . . . . . . . . . . . . . . . . . . 4, 10

## DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO DEFENDANT'S WITNESSES AND EXHIBITS

The United States herein responds to the numerous objections raised in "Sparton Corporation's Objections to the Defendant's Proposed Witnesses and Exhibits," Docket No. 296 (Jan. 22, 2008). For the reasons stated herein, the court should deny all of the stated objections.

### A. PLAINTIFF FAILED TO COMPLY WITH THE COURT'S PRE-TRIAL ORDER

The court's Pre-Trial Order, Docket No. 290, ¶ 3.b.i provides, in pertinent part, that "[e]ach objection shall provide the appropriate Federal Rule of Evidence number(s) and provide a short, narrative explanation of the basis for the objection." Plaintiff has done neither. As a result, plaintiff, with little effort, has compiled a substantial number of objections which require research and a significant amount of time to answer.

Plaintiff's objections should be deemed waived for failure to comply with the court's order.

### B. PLAINTIFF'S OBJECTIONS TO THE GOVERNMENT'S WITNESSES ARE NOT WELL TAKEN

#### 1. Alan T. Hudson

Citing *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), plaintiff asserts that Mr. Hudson has "relied on technology that is not prior art," relies on "alleged, [sic]

factual events of which he has no knowledge," and has not "followed appropriate legal standards. Pl. Mot. at 1. Sparton's motion however is misguided.[1]

The standard, for judging admissibility of expert testimony, however, is that of Federal Rule of Evidence 702. The threshold inquiry is whether "specialized knowledge will assist" the court "understand the evidence" or "determine a fact in issue." *Id.* If the answer is yes, then the second inquiry is whether the proffered expert is "qualified … by knowledge, skill, experience, training or education" to testify as to the proffered opinions. *Id.*

Federal Rule of Evidence 702 imposes "a special obligation upon a trial judge to 'ensure that any and all scientific testimony … is not only relevant, but reliable.'" *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999) (quoting *Daubert*, 509 U.S. at 589). The Supreme Court has denominated this role as "gatekeeping." *Id.* And, while the Supreme Court has suggested several factors that a trial court may consider in fulfilling its role, the exact methodology to be employed is within the trial court's discretion. *Id.*, 526 U.S. at 149-150. The court's role as "gatekeeper" applies to all manner of expert testimony. *Id.*, 526 U.S. at 148-149.

> The objective of that requirement is to ensure the reliability and relevancy of expert testimony. It is to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field.

*Id.*, 526 U.S. at 152.

Mr. Hudson has been retained as an expert witness by defendant. He holds a Bachelor of Science Degree in Engineering, and has over 20 years of experience in fields related to the design

---

[1] We note that the Pre-Trial Order, Docket No. 290, specifically addresses expert witnesses, and states that "[m]otions in limine shall be utilized to present significant objections, including objections to the testimony and/or qualifications of expert witnesses. *Id.* at 6, ¶ 3.b.ii.

and manufacture of sonobuoys. D220.1-.2, D220.39-.41 As such he is emminently well-qualified to testify.

The subject matter of Mr. Hudson's testimony is contained in his expert report filed in accordance with RCFC 26(a)(2)(B).[2] DX-220. Among the matters onwhich he is expected to testify include: his opinions relating to the technology, why the claimed inventions would have been obvious to a person of ordinary skill in the art, and how the accused devices differ from the claimed inventions. Mr. Hudson may also provide factual testimony relating to his knowledge of the design of the Hazeltine, Sippican and Hermes sonobuoys. Mr. Hudson may also provide testimony relating to facts relevant to the creation of those designs and the operation of the sonobuoys of those three manufacturers.

Plaintiff asserts that Mr. Hudson should be excluded because (a) he relies upon technology that is not prior art to support his invalidity analysis and opinion, (b) he relies upon alleged, factual events of which he has no personal knowledge, and (c) he has not followed the appropriate legal standards applicable to issues of validity and infringement. Sparton Corp.'s Objections to the Def.'s Proposed Witnesses and Exhibits, Docket No. 296 (Pl. Mot.) at 1.

Plaintiff's first complaint does not deal with the reliability of Mr. Hudson or his opinions, but rather seeks to address an issue on the merits. While plaintiff's assertion that Mr. Hudson relies on "technology" is "not prior art" lack specificity, it appears that plaintiff is rehashing it's assertion that the ECP was not a commercial sale and the Mod 4 sonobuoys were not prior art, which were left open by the Federal Circuit:

---

[2] "The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions …."

> Under the March 30, 1998 order by the Claims Court, no findings have been made as to whether the release plate described in the ECP would have rendered the claimed invention obvious by its addition to the prior art. This is still an open issue before the Claims Court.

*Sparton Corp. v. United States*, 399 F.3d 1321, 1325 n.4 (Fed. Cir. 2005). Thus, plaintiff tries to preempt the merits issue of whether the sonobuoy described in the ECP is prior art by attacking reliability of the opinions. This is improper:

> When facts are in dispute, experts sometimes reach different conclusions based on competing versions of the facts. The emphasis in the amendment on 'sufficient facts or data' is not intended to authorize a trial court to exclude an expert's testimony on the ground that the court believes one version of the facts and not the other.

*Micro Chemical, Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1392 (Fed. Cir. 2003). In *Micro Chemical*, the court noted "[d]efendants confuse the requirement for sufficient facts and data with the necessity for a reliable foundation in principles and method, and end up complaining that [the expert's] testimony was not based on 'reliable facts.'" Plaintiff appears to make the same error here.

Plaintiff's second ground also misses the mark. Experts are allowed to rely on factual information outside their personal knowledge, that is the whole point of distinguishing lay witnesses from experts. Fed. R. Evid. 701, 702. "The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by *or made known to the expert at or before the hearing*." Fed. R. Evid. 703.

Finally, plaintiff contends that "he has not followed the appropriate legal standards applicable to issues of validity and infringement." We note, however, that Mr. Hudson is not being offered as a "legal expert" but rather as an expert in mechanical engineering, as that field

relates to sonobuoys. Therefore, it would be inappropriate for Mr. Hudson to analyze or apply legal precedents.

**2. Daniel McGavock**

Mr. McGavock has been retained as an expert witness by defendant. He is a certified public accountant and has over 20 years of experience in valuation of intellectual property. D221.4, D221.90-.95. The subject matter of Mr. McGavock's testimony is contained in his expert report filed in accordance with RCFC 26(a)(2)(B), which contains over 700 pages of opinions, analysis and data. DX-221.

Plaintiff complains that Mr. McGavock "relies upon alleged facts, such as the alleged dollar volume of Sparton sales (instead of the quantity of sonobuoys Sparton manuafactured) to establish Sparton's manufacturing capacity, that are irrelevant to and do not track the appropriate legal standards for determining (a) Sparton's capacity to manufacture the accused devices, (b) the royalty base, and/or (c) the royalty rate under a lost profits or reasonable royalty claim." Pl. Mot. at 2. This objection again conflates reliability with the sufficiency of the facts that the witness used. *Micro Chemical, Inc. v. Lextron, Inc.*, 317 F.3d at 1392. And, again, this objection must be denied. Plaintiff, of course, is free to cross-examine Mr. McGavock.

**3. William Mellis, Anthony Madeira, and Richard Coughlin**

As to each of these witnesses, plaintiff alleges that exclusion is proper because "(a) they are intending to provide expert testimony, (b) they are intending to provide testimony of events of which they have no personal knowledge, and/or (c) the subject matter of their proposed testimony was not included by defendant in its answer to interrogatories relating to defendant's

validity and license defenses (and they could have been deposed if said subject matter was disclosed)." Pl. Mot. at 2.

The first two objections are one in the same. Fed. R. Evid. 701 provides:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Thus, if one is not qualified as an expert, one is limited to offering opinions consistent with this Rule. That is not to say, however, that all opinions are banned. The witnesses can still offer opinions based on their observations. Notably, however, plaintiff fails to identify any testimony that would be objectionable.

The third objection is also without merit. Defendant properly objected to plaintiff's contention interrogatories and plaintiff did not seek to compel further answers. As a result, the first time that defendant was required to identify its witnesses was in its November 19, 2007 witness list.

**4. Helen Q. Sherman**

Ms. Sherman or another witness would be called to verify the practices of the Defense Technical Information Center and would be consistent with her declaration. DX-222. As such it is foundational testimony, which is not subject to the Rules of Evidence. Fed. R. Evid. 104(a).

**5. James W. Widenhofer**

Plaintiff objects to Mr. Widenhofer's testimony because he was not previously identified as a witness by the government, because he is not the custodian of Sparton documents, and "he may intend to provide expert testimony."

As to the first objection, it is true that the Government did not name Mr. Widenhofer in response to Interrogatories Nos. 1-6. *See* PX- 295. Rather, the government objected to answering those interrogatories because the information sought was protected by RCFC 26(b)(3) and the Work Product Doctrine. *See, e.g.*, P295.3. Plaintiff never sought to compel more complete answers, choosing instead to accept defendant's objections. Having chosen that path, plaintiff cannot now complain.

Plaintiff's second objection is misguided. Plaintiff argues that since Mr. Widenhofer is not a Sparton document custodian, he cannot authenticate or lay foundation for *any* trial exhibit. This proposition is specious. Any witness can testify to documents created by the witness and to documents of which they had knowledge through the course of their relevant activities. Fed. R. Evid. 901; *see also* Fed. R. Evid. 903, 803(6) (requiring the testimony of "the custodian or *other qualified witness*").

Mr. Widenhofer, the named inventor, has knowledge of events that transpired in the 1969 through 1974 time frame relating to the design, testing and the manufacture of dual depth sonobuoys by Sparton for the Navy and specifically about his creation of the inventions claimed in the patents in suit. He can certainly authenticate or lay a foundation for any of those documents.

As to the third objection, Mr. Widenhofer is certainly an expert in the sonobuoy art. The only questions he would be asked relating to that expertise, however, would be events to which

he had personal knowledge either through his personal participation or as a result of reports or information received during the 1969 through 1974 time frame. He can thus testify, including opinions necessary to explain his testimony, about his factual knowledge of events that transpired in that time frame relating to the design, testing and the manufacture of Sparton's Deep Depth sonobuoy, the Beartrap project, Sparton's DICASS XN-2 and XN-4 sonobuoys. *See* Fed. R. Evid. 701, Advisory Committee Note to the 2000 Amendments (rule does not bar testimony resulting from particularlized knowledge gained as a result of the witness' day-to-day activity, whether or not it requires inferences to explain).

**6. William Graff, Joseph Abella, George Lewis, Chuck Logar, Rod Bergstedt, Albert S. Logan, Karl G. Kuhn, Donald K. Sawyer, Carl H. Carrera, Jr., Don H. Pickrell, Charles Ouellette, and Michael J. Balboni**

Plaintiff's objection to these witnesses is based on a false premise. Plaintiff argues that these witnesses are governed by the court's Pretrial Order, Docket No. 290 (June 20, 2007) which establishes procedures for seeking admission of deposition testimony. While that is quite true, nothing in the order prevents the witnesses from being called to testify in court, should a party wish to have the witness testify in person. And, in any event, plaintiff failed to recognize that the Government's listing of the witnesses specifically reserved the right to call the witnesses for live testimony *in the event* the court refused the deposition designations. Plaintiff has failed to state any objection for which this court can grant relief.

## C. PLAINTIFF'S OBJECTIONS TO THE GOVERNMENT'S EXHIBITS ARE UNINTELLIGIBLE AND BASELESS

First, none of plaintiff's objections to these exhibits were presented at the January 14, 2008 meeting of counsel and therefore could not be discussed at the conference. Plaintiff's summary listing unduly burdens the government since it must respond to the many objections in greater depth than plaintiff's mere incantations.

Second, plaintiff's failure to comply with this court's Pre-Trial Order, Docket No. 290, at ¶ 3.b.i., requiring the objecting party to "provide a short, narrative explanation of the basis for the objection." Plaintiff has provided nothing but a cursory statement of the objection, with no citation or narrative explanation. For this reason alone, the objections should be overruled or deemed waived. *See* Pretrial Order, ¶ 3.b.iii.

### 1. Plaintiff's Objections to Exhibits That Also Appear on Plaintiff's Exhibit List Are Baseless

Plaintiff has registered objections to the following Defendant's Exhibits: 1, 17, 20-22, 24, 26-31, 33-39,41-45, 47, 49-53, 56, 57, 59-67, 69-78, 80, 97-102, 104, 106, 107, 109-112, 116 and 142, inclusive. Each of the foregoing exhibits also appears on Plaintiff's Preliminary Exhibit List (for the benefit of the court, we have indicated the corresponding PX number in the chart in section 4, below).

Since plaintiff has proffered each one of these exhibits on its own exhibit list, it must have concluded that each is admissible on some ground. Accordingly, plaintiff should have stipulated to the admissibility of each exhibit. Instead, plaintiff unduly burdened defendant by perfunctorily asserting objections that have no merit, with knowledge that the government would would be required to respond.

Plaintiff objections should be rejected and each of the exhibits admitted.

**2. Plaintiff's "Issue Decided" ("ID") Objections Are Baseless**

Plaintiff's "issue decided" objection apparently relates to the prior appeal of this case to the Federal Circuit. *Sparton Corp.*, 399 F.3d at 1321. The only issue decided in that appeal, however, was that the sonobuoy that was the subject of the ECP and Mod 4 contract was not an anticipating offer for sale or sale *of the patented device*. 399 F.3d at 1325. The Federal Circuit specifically left open the question of whether the "release plate described in the ECP would have rendered the claimed invention obvious by its addition to prior art." *Id.* The court also did not address whether the addition of the sonobuoy that was the subject of the ECP, as a whole, would render the claimed invention obvious when considered in combination with other prior art.

Further, plaintiff ignores the significance of the Federal Circuit's holding. The court reversed and remanded to this court. Thus, the only findings of fact that remain are those that are necessary to the judgment. While we understand that this court may decide to find the same facts that it found to be undisputed on summary judgment, the factual findings must nevertheless be rendered by the court, and thus resort to the same exhibits that had been previously offered during summary judgment is proper.

**3. The "Not Previously Identified Case Issue" ("NPII") Fails to State an Objection**

With respect to a number of the exhibits below, plaintiff objects with "not previously identified case issue." No response is possible for these objections because plaintiff fails to state what issues have not been previously identified.

### 4. The Remaining Objections

As to the remaining relevance, hearsay, "improper expert testimony," completeness, and "no exhibit" objections, we provide the following:

| DX- | Description |
|---|---|
| | **A. DOCUMENTS** |
| 1 | Incomplete – A complete copy is available in both Sparton's production documents and the government's production documents, should the plaintiff believe that additional portions are necessary. However, plaintiff does offer any other portions for consideration by the court. Fed. R. Evid. 106.<br><br>Relevance – Selected parts of the contract are also on plaintiff's exhibit list as PX-2 and -3, demonstrating the clear relevance of this exhibit.<br><br>Not previously identified issue – the exhibit was previously marked as Def. Summ. J. Ex. 3 and as Pl. Summ. J. Ex. 3 & 4. The contract has been previously identified as relevant by both parties. This objection lacks merit. |
| 2 | Hearsay – The test plan (D2.2 -.15) is admissible under Fed. R. Evid. 803(6) and/or (18). The letter (D2.1) establishes the admissibility. Fed. R. Evid. 104(a).<br><br>Relevance – The test plan is relevant to the issues of skill in the art, Sparton's efforts and the obviousness of the invention. |
| 5 | Hearsay – It is Sparton's own statement and therefore not hearsay. Fed. R. Evid. 802(d)(2).<br><br>Relevance – The test plan is relevant to the issues of whether the Mod 4 contract was the sale of the so-called "Depew device" and to the Sparton's assertion of experimental use. |
| 6 | Relevance – The test plan is relevant to the issues of whether the Mod 4 contract was the sale of the so-called "Depew device" and to the Sparton's assertion of experimental use. |
| 8 | Relevance – The test plan is relevant to the issues of whether the Mod 4 contract was the sale of the so-called "Depew device" and to the Sparton's assertion of experimental use. |
| 9 | Hearsay – The exhibit is admissible under Fed. R. Evid. 803(6) and/or (18).<br><br>Relevance – The test plan is relevant to the issues of whether the Mod 4 contract was the sale of the so-called "Depew device" and to the Sparton's assertion of experimental use. |

| DX- | Description |
|---|---|
| 10 | Deleted – Duplicated by DX-86 |
| 11 | Deleted – Duplicated by DX-87 |
| 12 | Deleted – Duplicated by DX-90 |
| 13 | Deleted – Duplicated by DX-170 & 172 |
| 14 | Relevance – relevant to whether the upside-down deployment scheme is prior art. |
| 15 | Hearsay – The exhibit is not hearsay pursuant to Fed. R. Evid. 802(d)(2).<br><br>Relevance – Evidence relating to the conception of the "upside-down" deployment method, which is part of the claimed invention. |
| 17 | Relevant admissions by a party opponent regarding facts in this case. |
| 20 | PX-7, see Section C.1, above. |
| 21 | PX-9, see Section C.1, above. |
| 22 | PX-8, see Section C.1, above. |
| 23 | Relevance – relevant to the conception and reduction to practice of the claimed invention |
| 24 | PX-10, see Section C.1, above. |
| 25 | Relevance – relevant to the conception and reduction to practice of the claimed invention |
| 26 | PX-11, see Section C.1, above. |
| 27 | PX-12, see Section C.1, above. |
| 28 | PX-13, see Section C.1, above. |
| 29 | PX-16, see Section C.1, above. |
| 30 | PX-14, see Section C.1, above. |
| 31 | PX-15, see Section C.1, above. |

| DX- | Description |
|---|---|
| 32 | Hearsay – Exempt from the hearsay rule Fed. R. Evid. 803(8) & (16); a duly authenticated copy in accordance with Fed. R. Evid. 902 and 1005 will be provided to the court and is available for inspection at the offices of the Department of Justice.<br><br>Relevance – Evidence contradicting plaintiff's claim, as part of its "experimental use" argument, that it maintained control over the sonobuoys and data collected. |
| 33 | PX-17, see Section C.1, above. |
| 34 | PX-18, see Section C.1, above. |
| 35 | PX-19, see Section C.1, above. |
| 36 | PX-20, see Section C.1, above. |
| 37 | PX-21, see Section C.1, above. |
| 38 | PX-22, see Section C.1, above. |
| 39 | PX-23, see Section C.1, above. |
| 40 | Relevance – relevant to the date of conception of the single piece release plate and therefore the claimed inventions. |
| 41 | PX-24, see Section C.1, above. |
| 42 | PX-25, see Section C.1, above. |
| 43 | PX-26, see Section C.1, above. |
| 44 | PX-27, see Section C.1, above. |
| 45 | PX-28, see Section C.1, above. |
| 46 | Relevance – relevant to the date of conception of the single piece release plate and therefore the claimed inventions. |
| 47 | PX-29, see Section C.1, above. |
| 48 | Deleted as unnecessary |
| 49 | PX-30, see Section C.1, above. |
| 50 | PX-31, see Section C.1, above. |
| 51 | PX-32, see Section C.1, above. |
| 52 | PX-40, see Section C.1, above. |
| 53 | PX-34, see Section C.1, above. |

| DX- | Description |
|---|---|
| 54 | Relevance – relevant to the date of conception of the single piece release plate and therefore the claimed inventions. |
| 56 | PX-35, see Section C.1, above. |
| 57 | PX-36, see Section C.1, above. |
| 58 | Relevance – Relevant to plaintiff's contention that the ECP and Mod 4 contract were not a commercial sale. |
| 59 | PX-37, see Section C.1, above. |
| 60 | PX-38, see Section C.1, above. |
| 61 | PX-39, see Section C.1, above. |
| 62 | PX-41, see Section C.1, above. |
| 63 | PX-42, see Section C.1, above. |
| 64 | PX-43, see Section C.1, above. |
| 65 | PX-44, see Section C.1, above. |
| 66 | PX-33, see Section C.1, above. |
| 67 | PX-45, see Section C.1, above. |
| 68 | Relevance – Relevant to plaintiff's contention that the ECP and Mod 4 contract were not a commercial sale. |
| 69 | PX-46, see Section C.1, above. |
| 70 | PX-47, see Section C.1, above. |
| 71 | PX-48, see Section C.1, above. |
| 72 | PX-49, see Section C.1, above. |
| 73 | PX-50, see Section C.1, above. |
| 74 | PX-51, see Section C.1, above. |
| 75 | PX-52, see Section C.1, above. |
| 76 | PX-53, see Section C.1, above. |
| 77 | PX-55, see Section C.1, above. |
| 78 | PX-54, see Section C.1, above. |
| 79 | Relevance – Relevant to plaintiff's contention that the ECP and Mod 4 contract were not a commercial sale. |

| DX- | Description |
| --- | --- |
| 80 | PX-56, see Section C.1, above. |
| 81 | Deleted - duplicated DX-9 |
| 86 | Hearsay – Excepted from hearsay by Fed. R. Evid. 803(8) or (12); a duly authenticated copy in accordance with Fed. R. Evid. 902 and 1005 will be provided to the court and is available for inspection at the offices of the Department of Justice.<br><br>Relevance – relevant to the conception of the claimed invention, the "license issue" and obviousness. |
| 87 | Relevance – relevant to the conception of the claimed invention, and the "license issue." |
| 88 | Hearsay – Excepted from hearsay by Fed. R. Evid. 803(8) or (12); a duly authenticated copy in accordance with Fed. R. Evid. 902 and 1005 will be provided to the court and is available for inspection at the offices of the Department of Justice.<br><br>Relevance – relevant to the conception of the claimed invention, the "license issue" and obviousness. |
| 89 | Relevance – Excepted from hearsay by Fed. R. Evid. 803(8) or (12); a duly authenticated copy in accordance with Fed. R. Evid. 902 and 1005 will be provided to the court and is available for inspection at the offices of the Department of Justice. |
| 90 | Hearsay – The exhibit is not hearsay as it is not offered for the truth of the matters asserted, but for the fact that it was sent and for the response it engendered. Fed. R. Evid. 801(c). Excepted from hearsay by Fed. R. Evid. 803(8) or (12); a duly authenticated copy in accordance with Fed. R. Evid. 902 and 1005 will be provided to the court and is available for inspection at the offices of the Department of Justice.<br><br>Relevance – relevant to the conception of the claimed inventions, whether the government had a lawful right to use the claimed inventions and obviousness of the claimed inventions. |
| 91 | Relevance – relevant to the conception of the claimed inventions, whether the government had a lawful right to use the claimed inventions and obviousness of the claimed inventions. |
| 92 | Relevance – relevant to the conception of the claimed inventions, whether the government had a lawful right to use the claimed inventions and obviousness of the claimed inventions, particularly plaintff's claim of "long-felt need" for the invention. |

| DX- | Description |
|---|---|
| 93 | Relevance – relevant to the conception of the claimed inventions, whether the government had a lawful right to use the claimed inventions and obviousness of the claimed inventions. |
| 94 | Relevance – relevant to the conception of the claimed inventions, the government's right to use the claimed inventions and the obviousness of the claimed inventions. |
| 95 | Relevance – relevant to the conception of the claimed invention, the government's right to use the claimed inventions and the obviousness of the claimed inventions. |
| 96 | PX-111, see Section C.1, above. |
| 97 | PX-112, see Section C.1, above. |
| 98 | PX-113, see Section C.1, above. |
| 99 | PX-113, see Section C.1, above. |
| 100 | PX-114, see Section C.1, above. |
| 101 | PX-115, see Section C.1, above. |
| 102 | PX-116, see Section C.1, above. |
| 104 | PX-118, see Section C.1, above. |
| 106 | PX-122, see Section C.1, above. |
| 107 | PX-123, see Section C.1, above. |
| 109 | PX-125, see Section C.1, above. |
| 110 | PX-126, see Section C.1, above. |
| 111 | PX-111, see Section C.1, above. |
| 112 | PX-112, see Section C.1, above. |
| 113 | Relevance – Background to the preparation of the ECP and to the information provided. |
| 114 | Withdrawn |
| 115 | Withdrawn |
| 116 | PX-174, see Section C.1, above. |
| 117 | Relevance – Relevant to the obviousness of the claimed inventions, *see* DPFF 118, 194. |

| DX- | Description |
|---|---|
| 118 | Hearsay – The exhibit is not hearsay, it is offered for the fact that is was said and for the response it engendered. Fed. R. Evid. 801(1)(c). A duly authenticated copy in accordance with Fed. R. Evid. 902 and 1005 will be provided to the court and is available for inspection at the offices of the Department of Justice.<br><br>Relevance – Relevant to the obviousness of the claimed inventions, *see* DPFF 193. |
| 119 | Hearsay – Excepted from the hearsay rule by Fed. R. Evid. 803(6), (16); also excepted under Fed. R. Evid. 803(8), a duly authenticated copy in accordance with Fed. R. Evid. 902 and 1005 will be provided to the court and is available for inspection at the offices of the Department of Justice.<br><br>Relevance – Relevant to the obviousness of the claimed inventions |
| 121 | No objection stated |
| 126 | No objection stated |
| 132 | Relevance – Relevant to the government's right to use the described subject matter of the ECP, obviousness, and plaintiff's claim of "experimental use." |
| 134 | Relevance – Relevant to the government's right to use the described subject matter of the ECP, obviousness, and plaintiff's claim of "experimental use."<br><br>Hearsay – Defendant will withdraw page 1. Page 2 is admissible as an admission by a party opponent. Fed. R. Evid. 801(d)(2). It is also admissible under Fed. R. Evid. 803(8). A duly authenticated copy in accordance with Fed. R. Evid. 902 and 1005 will be provided to the court and is available for inspection at the offices of the Department of Justice. |
| 135 | Relevance – Relevant to the government's right to use the described subject matter of the ECP, obviousness, and plaintiff's claim of "experimental use." |
| 137 | Relevance – Relevant background to the making and testing of the invention, to the reduction of the invention to practice, and to the government's right to use the invention. |
| 138 | Relevance – Relevant to the government's right to use the described subject matter of the ECP, obviousness, and plaintiff's claim of "experimental use." |
| 139 | Relevance – Relevant to the government's right to use the described subject matter of the ECP, obviousness, and plaintiff's claim of "experimental use." |
| 140 | Relevance – Relevant to the credibility of Mr. Boyle. *See* RCFC 26(b)(2)(B) (relating to compensation paid to expert witnesses). Also relevant to the foundation for admission of several documents. |

| DX- | Description |
|---|---|
| 141 | Relevance – Relevant to the obviousness of the invention.<br><br>Hearsay – The exhibit is not within the definition of hearsay pursuant to Fed. R. Evid. 802(2); the exhibit is excepted from hearsay by Fed. R. Evid. 803(6) and (16). |
| 142 | PX-175, see Section C.1, above. |
| 143 | Relevance – The exhibit is relevant to the reduction of the claimed inventions to practice and to the government's right to use the claimed inventions. |
| 144 | Relevance – Relevant to the obviousness of the invention.<br><br>Hearsay – The exhibit is not within the definition of hearsay pursuant to Fed. R. Evid. 802(2); the exhibit is excepted from hearsay by Fed. R. Evid. 803(6) and (16). |
| 145 | Relevance – Relevant to the obviousness of the invention.<br><br>Hearsay – The exhibit is not within the definition of hearsay pursuant to Fed. R. Evid. 802(2); the exhibit is excepted from hearsay by Fed. R. Evid. 803(6) and (16). |
| 146 | Relevance – Relevant to the obviousness of the invention.<br><br>Hearsay – The exhibit is not within the definition of hearsay pursuant to Fed. R. Evid. 802(2); the exhibit is excepted from hearsay by Fed. R. Evid. 803(6) and (16). |
| 147 | Relevance – Relevant to the obviousness of the invention.<br><br>Hearsay – The exhibit is not within the definition of hearsay pursuant to Fed. R. Evid. 802(2); the exhibit is excepted from hearsay by Fed. R. Evid. 803(6) and (16). |
| 148 | Relevance – Relevant to the obviousness of the invention.<br><br>Hearsay – The exhibit is not within the definition of hearsay pursuant to Fed. R. Evid. 802(2); the exhibit is excepted from hearsay by Fed. R. Evid. 803(6) and (16). |
| 149 | Relevance – Relevant to the obviousness of the invention.<br><br>Hearsay – The exhibit is not within the definition of hearsay pursuant to Fed. R. Evid. 802(2); the exhibit is excepted from hearsay by Fed. R. Evid. 803(6) and (16). |

| DX- | Description |
| --- | --- |
| 150 | Relevance – Relevant to the conception and the reduction to practice of the claimed inventions and to the government's right to use the claimed inventions. |
| 151 | Relevance – Foundational document relevant to the conception and reduction to practice of the claimed inventions. |
| 152 | Relevance – Relevant to the conception and reduction to practice of the claimed inventions. |
| 153 | Withdrawn |
| 154 | Relevance – Factual background to the making of the claimed invention, the obviousness of the claimed invention over the prior art, the state of the art at the relevant time. Also relevant to plaintiff's assertions regarding the "experimental sale" of the claimed invention. |
| 155 | Relevance – Factual background to the making of the claimed invention, the obviousness of the claimed invention over the prior art, the state of the art at the relevant time. |
| 156 | Relevance – Factual background to the making of the claimed invention, the obviousness of the claimed invention over the prior art, the state of the art at the relevant time. |
| 157 | Relevance – Relevant to relevant dates of conception and reduction to practice.<br><br>Hearsay – The exhibit is not within the definition of hearsay pursuant to Fed. R. Evid. 802(2); the exhibit is excepted from hearsay by Fed. R. Evid. 803(6) and (16). |
| 158 | Relevance – Relevant to practices in the sonobuoy industry relating to viewing equipment bought by the government. |
| 159 | Relevance – Relevant to the plaintiff's assertion of long felt need for the claimed invention and the benefits of the "upside-down" deployment scheme over other methods and devices. |
| 160 | Relevance – Pertinent prior art.<br><br>Hearsay – Excepted from the hearsay rule pursuant to Fed. R. Evid. 803(6), (8) and (16); not within the definition of hearsay pursuant to Fed. R. Evid. 801(c) in that the statement is offered not for its truth, but that the information was stated. |
| 161 | Relevance – Relevant to when the invention was reduced to practice. |
| 162 | Relevance – Relevant to obviousness. |

| DX- | Description |
|---|---|
| 163 | Relevance – to the conception of the claimed invention |
| 164 | Relevance – Relevant to obviousness.<br><br>Hearsay – Excepted from the hearsay rule pursuant to Fed. R. Evid. 803(6), (8) and (16); not within the definition of hearsay pursuant to Fed. R. Evid. 801(c) in that the statement is offered not for its truth, but that the information was stated. |
| 165 | Relevance – Relevant to foundation facts related to the government's right to use the claimed inventions.<br><br>Hearsay – Excepted from the hearsay rule pursuant to Fed. R. Evid. 803(6), (8) and (16). |
| 166 | Withdrawn |
| 167 | Relevance – Description of the sonobuoy in the ECP<br><br>Hearsay – Not within the description of hearsay pursuant to Fed. R. Evid. 801(d)(2). |
| 168 | Relevance – Relevant to the government's right to use the claimed inventions and plaintiff's assertion that the Mod 4 contract was not a commercial sale. |
| 169 | Relevance – Relevant prior art. |
| 170 | Improper Expert Testimony – Proper lay testimony under Fed. R. Evid. 701.<br><br>Hearsay – Not Hearsay. Fed. R. Evid. 802(d)(2). Excepted from hearsay by Fed. R. Evid. 803(8) or (12); a duly authenticated copy in accordance with Fed. R. Evid. 902 and 1005 will be provided to the court and is available for inspection at the offices of the Department of Justice.<br><br>Relevance – relevant to the conception of the claimed invention and obviousness. |
| 171 | Relevance – Relevant knowledge and skill in the art as is relevant to the question of obviousness. |

| DX- | Description |
| --- | --- |
| 172 | Improper Expert Testimony – Proper lay testimony under Fed. R. Evid. 701.<br><br>Hearsay – Not Hearsay pursuant to Fed. R. Evid. 801(d)(2). Excepted from hearsay rule by Fed. R. Evid. 803(8) or (12); a duly authenticated copy in accordance with Fed. R. Evid. 902 and 1005 will be provided to the court and is available for inspection at the offices of the Department of Justice.<br><br>Relevance – relevant to the conception of the claimed invention and obviousness. |
| 173 | Relevance – Relevant to obviousness. |
| 220 | Improper Expert Report – *see* response to plaintiff's objection to Mr. Hudson's testimony, section B.1, above.<br><br>Hearsay – Mr. Hudson is expected to testify at trial which will eliminate any hearsay objections. Fed. R. Evid. 702, 703 & 705.<br><br>Relevance – relevant to all damage issues and to counter the testimony of plaintiff's experts on compensation. |
| 221 | Improper Expert Report – *see* response to plaintiff's objection to Mr. McGavock's testimony, section B.1, above.<br><br>Hearsay – Mr. McGavock is expected to testify at trial which will eliminate any hearsay objections. Fed. R. Evid. 702, 703 & 705.<br><br>Relevance – relevant to all damage issues and to counter testimony of plaintiff's experts on damages. |
| 222 | Improper Expert Testimony – *see* response to plaintiff's objection to Ms. Sherman's testimony, section B.4, above.<br><br>Hearsay – Admissible as foundation testimony pursuant to Fed. R. Evid. 104. Further, witness is available to appear in court as substitute if plaintiff wishes to pursue the objection.<br><br>Relevance – Possible foundation testimony for admission of DX-160. |
| 224 | Relevance – Relevant as analogous prior art |
| 229 | Relevance – Relevant as analogous prior art |
| 231 | Relevance – Relevant as analogous prior art |

| DX- | Description |
|---|---|
| 232 | Relevance – Relevant as prior art<br><br>Hearsay – Not hearsay pursuant to Fed. R. Evid. 802(d)(2). Excepted from hearsay rule by Fed. R. Evid. 803 (6), (8) or (16). |
| 234 | Relevance – Relevant as prior art and to the level of skill and knowledge of artisans in the field.<br><br>Hearsay – Not hearsay pursuant to Fed. R. Evid. 802(d)(2). Excepted from hearsay rule by Fed. R. Evid. 803 (6), (8) or (16). |
| 235 | Relevance – Relevant to the nature of the contract formed by acceptance of the ECP.<br><br>Hearsay – Excepted from hearsay rule by Fed. R. Evid. 803 (8) or (16). |
| 236 | Relevance – Relevant to the nature of the contract formed by acceptance of the ECP.<br><br>Hearsay – Excepted from hearsay rule by Fed. R. Evid. 803 (8) or (16). |
| 237 | Relevance – Possible rebuttal evidence to testimony of Mr. Boyle |
| 238 | Relevance – Background<br><br>Hearsay – Excepted from hearsay rule by Fed. R. Evid. 803 (8) or (16). |
| 239 | Relevance – Events surrounding the making of the invention. |
| 240 | Relevance – Events surrounding the making of the invention. |
| 241 | Relevance – Relevant background to the '-0465 contract and the development of the claimed invention<br><br>Hearsay – Excepted from hearsay rule by Fed. R. Evid. 803 (8) or (16). |

## D. CONCLUSION

For the reasons stated above, plaintiff's objections to the Government's Witnesses should be denied. Plaintiff's objections to the Government's exhibits should be denied and the exhibits admitted for use by the court.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JOHN FARGO
Director

*_/s Gary L. Hausken_*
GARY L. HAUSKEN
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D.C. 20530
Telephone: (202) 307-0342
Facsimile: (202) 307-0345

February 4, 2008

Attorneys for Defendant, United States