IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| SPARTON CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 92-580C<br>Chief Judge Edward Damich |

**SPARTON CORPORATION'S RESPONSE TO DEFENDANT'S OBJECTIONS TO PLAINTIFF'S EXHIBITS AND WITNESSES**

Sparton Corporation ("Sparton") responds to defendant's objections to plaintiff's exhibits and witnesses. Sparton's response will correspond by number with those used by defendant in its objections.

**A. Response To Defendant's Objections To Witnesses**

**1. Captain Peter Huchthausen**

Defendant contends that Captain Peter Huchthausen will be providing expert testimony and has not submitted an expert report in compliance with this Court's orders and rules. Defendant is incorrect. Captain Peter Huchthausen was an ASW naval officer on board a Navy destroyer which participated in the U.S. embargo of Soviet ships during the Cuban Missile Crisis. His testimony will reflect his personal knowledge (facts) of the events that transpired during the Cuban Missile Crisis. He will not be providing expert opinion. An expert report was thus unnecessary. As a fact witness, he will testify as to (a) the manner (i.e.

hid below the thermocline) by which the four Soviet submarines during the Cuban Missile Crisis attempted to avoid detection by U.S. naval forces of which he was a part, and (b) the manner by which U.S. naval forces of which he was a part detected or did not detect these four Soviet submarines. In other words, Captain Huchthausen was there and knew what was occurring and why.

**2. James McNulla**

Defendant contends that James McNulla will be providing expert testimony and has not submitted an expert report in compliance with this Court's orders and rules. Defendant is incorrect. Mr. McNulla will testify as a fact witness, not as an expert witness, of his experiences as an ASW aircraft pilot. He will factually testify about (a) the manner (i.e. hid below the thermocline) by which Soviet submarines attempted to avoid detection by U.S. naval forces of which he was a part, and (b) the manner by which U.S. naval forces of which he was a part detected or did not detect Soviet submarines and why

**3. David Mohlfenter**

Defendant contends that Mr. Mohlfenter will be providing expert testimony and has not submitted an expert report in compliance with this Court's orders and rules. Defendant is incorrect. Mr. Mohlfenter will be testifying about factual matters pertaining to the infringing sonobuoys

Magnavox sold to the defendant and their commercial success. Mr. Mohlfenter was an officer of the Magnavox company. Thus, he will be testifying about relevant evidence within his knowledge.

**B. <u>Response To Defendant's Objections To Exhibits</u>**

**1. PX-57: Declaration of Gerry Martin**

Defendant contends that the document is inadmissible hearsay if Mr. Martin does not testify and is cumulative if he does testify. Mr. Martin will testify. The document is thus not hearsay. The document is relevant to the experimental use negation (validity) issue with regard to typical production versus experimental quantities in the sonobuoy art. The admission of this document in evidence will substantially shorten Mr. Martin's trial testimony, and in this manner, the evidence will not be cumulative, but instead will be a trial time savings technique. Defendant has the right of cross examining Mr. Martin and thus is not unfairly prejudiced by the admission of this exhibit in evidence. Defendant has had the document in its possession for nearly 10 years.

**2. PX-62: Chart Prepared By Mr. Martin**

Defendant contends that the document is inadmissible hearsay if Mr. Martin does not testify. Since Mr. Martin is testifying, it is not inadmissible.

**3. PX-60 through PX-106: Contract Documents**

Defendant contends that these documents are inadmissible because their probative value is outweighed by cumulativeness and the documents are incomplete as being excerpts from government contracts. These public documents are relevant to (a) the experimental use negation (validity) issue with regard to typical production versus experimental quantities in the sonobuoy art and (b) the capacity (lost profits damage) issue to establish the quantity of sonobuoys Sparton needed to manufacture to establish that it could satisfy the complete or partial demand by the defendant. These contract excerpts show the supplies/services section of various Navy sonobuoy contracts under which quantities, prices, and convoyed sales such as launchers, first article testing and Industrial Preparedness Planning are itemized. Defendant has had these documents in its possession for nearly 10 years and could have offered any other parts thereof if it so desired.

**4. PX-107 through PX-110: Declaration of Henry Melvin and Attachments**

Defendant contends that the document is inadmissible hearsay if Mr. Melvin does not testify and is cumulative if he does testify. Mr. Melvin will testify. The document is thus not hearsay. The document is relevant to (a) the experimental use negation (validity) issue with regard to Sparton's loss under ECP-0465-2 and typical production

versus experimental quantities in the sonobuoy art, (b) the capacity (lost profits damage) issue to establish the quantity of sonobuoys Sparton manufactured under specified contracts to show that it could satisfy the complete or partial demand by the defendant, (c) the commercial success issue by showing for various Sparton sonobuoy models Sparton's sales of sonobuoys covered by the suit patents and (d) the damages issue by showing the profit percentages realized by Sparton on these sales. Furthermore, the backup material (computer printouts and Sparton bids) used for these exhibits are derived from or are Sparton business records and are independently admissible. The admission of these documents in evidence will substantially shorten Mr. Melvin's trial testimony, and in this manner, the evidence will not be cumulative, but instead will be a trial time savings technique. Defendant has the right of cross examining Mr. Melvin and thus is not unfairly prejudiced by the admission of these exhibits in evidence. Defendant has had these documents in its possession for nearly 10 years.

**5. PX-128: Review of Budget**

Defendant contends that this document is irrelevant and possibly hearsay. Defendant is incorrect. It is relevant to the Christian doctrine license issue, i.e. the Navy's use of ECPs (averaging 20-25 per year) in its fixed price sonobuoy supply contracts to obtain technical improvements.

The Navy uses this contracting technique to encourage its contractors to be innovative. Since it is a Navy document, it is not hearsay.

**6. PX-135: Excerpts from NAVAIR Acquisition Guide**

Defendant contends that this document is hearsay. It is a NAVAIR document and thus is not hearsay.

**7. PX-151: Declaration of Charles Boyle**

Defendant contends that the document is inadmissible hearsay if Mr. Boyle does not testify and is cumulative if he does testify. Mr. Boyle will testify. The document is thus not hearsay. The document is relevant to the commercial success (validity) issue and license defense. The admission of this document in evidence will substantially shorten Mr. Boyle's trial testimony, and in this manner, the evidence will not be cumulative, but instead will be a trial time savings technique. Defendant has the right of cross examining Mr. Boyle and thus is not unfairly prejudiced by the admission of this exhibit in evidence. Defendant has had the document in its possession for nearly 10 years.

**8. PX-155: Additional Declaration of Charles Boyle**

Defendant contends that the document is inadmissible hearsay if Mr. Boyle does not testify and is cumulative if he does testify. Mr. Boyle will testify. The document is thus not hearsay. The document is relevant to the

commercial success (validity) issue, experimental use negation (validity) issue and license defense issue. The admission of this document in evidence will substantially shorten Mr. Boyle's trial testimony, and in this manner, the evidence will not be cumulative, but instead will be a trial time savings technique. Defendant has the right of cross examining Mr. Boyle and thus is not unfairly prejudiced by the admission of this exhibit in evidence. Defendant has had the document in its possession for nearly 10 years.

**9. PX-156 & PX-157: Claim Charts**

These exhibits have been deleted.

**10. PX-171: Excerpt from "Modern Submarine Warfare"**

Defendant contends that the document is inadmissible hearsay, is an attempt to present expert testimony and is unfairly prejudicial. This document is an ancient document over 20 years old. It is also on defendant's document list and/or referred to in defendant's proposed findings. It does not present expert testimony, but instead is a scientific treatise. Defendant has not established prejudice and has had the document in its possession for nearly 10 years.

**11. PX-208 Supplemental Declaration of Mr. Martin**

Defendant contends that the document is inadmissible hearsay if Mr. Martin does not testify and is cumulative if he does testify. Mr. Martin will testify. The document is

thus not hearsay. The document is relevant to the experimental use negation and Depew non-enablement (validity) issues. The admission of this document in evidence will substantially shorten Mr. Martin's trial testimony, and in this manner, the evidence will not be cumulative, but instead will be a trial time savings technique. Defendant has the right of cross examining Mr. Martin and thus is not unfairly prejudiced by the admission of this exhibit in evidence. Defendant has had the document in its possession for nearly 10 years.

**12. PX-209: Supplemental Declaration of Mr. Melvin**

Defendant contends that the document is inadmissible hearsay if Mr. Melvin does not testify and is cumulative if he does testify. Mr. Melvin will testify. The document is thus not hearsay. The document is relevant to (a) the experimental use negation (validity) issue with regard to Sparton's loss under ECP-0465-2 and typical production versus experimental quantities in the sonobuoy art, (b) the capacity (lost profits damage) issue to establish the quantity of sonobuoys Sparton manufactured under specified contracts to show that it could satisfy the complete or partial demand by the defendant, (c) the commercial success issue by showing for various Sparton sonobuoy models Sparton's sales of sonobuoys covered by the suit patents and (d) the damages issue by showing the profit percentages

realized by Sparton on these sales. Furthermore, the backup material (computer printouts and Sparton bids) used for these exhibits are derived from or are Sparton business records and are independently admissible. The admission of these documents in evidence will substantially shorten Mr. Melvin's trial testimony, and in this manner, the evidence will not be cumulative, but instead will be a trial time savings technique. Defendant has the right of cross examining Mr. Melvin and thus is not unfairly prejudiced by the admission of these exhibits in evidence. Defendant has had these documents in its possession for nearly 10 years.

**13. PX-212 through PX-235: Claim and Infringement Charts**

Defendant contends that these charts are not evidence, are irrelevant and were not included in Mr. Boyle's expert report. Defendant is incorrect. They are relevant to the infringement issue and were the subject of Mr. Boyle's expert reports. They are illustrative of Mr. Boyle's testimony on the infringement issue and have been in defendant's possession for nearly 10 years.

**14. PX-239 and PX-240**

Defendant contends that the document is inadmissible hearsay. The document is being offered to establish the lethal capability of the submarine. This is a well known fact. Defendant is not prejudiced by the admission of this document in evidence.

**15. PX-241: Excerpt from ASW Versus Submarine Technology Battle**

Defendant contends that the document is inadmissible hearsay. The document is a learned treatise over 20 years old and is admissible under Rule 803(16).

**16. PX-242: Web Page of Captain Peter Huchthausen**

Defendant contends that the document is irrelevant. It is relevant to the validity issue (i.e. need in the art) because it explains Captain Peter Huchthausen's background and ability to testify as a fact witness.

**17. PX-243: Excerpts from "October Fury" by Captain Peter Huchthausen**

Defendant contends that the document is hearsay and unfairly prejudicial. This document is relevant to the validity issue (i.e. need in the art) because it explains Captain Peter Huchthausen's circumstances during the Cuban Missile Crisis and the manner by which he obtained his knowledge of the need in the art.

**18. PX-263 through 285: Contract Related Documents**

Defendant contends that these documents are source documents and need not be admitted. They are Navy documents that describe the history of each sonobuoy model and thus are relevant to the validity and damages issue. Merely because they are source documents does not render these Navy documents inadmissible.

**19. PX-286: Chart Listing Sparton Contracts**

Defendant contends that this document is being offered as demonstrative of an expert's opinion and would unfairly prejudice defendant. This document is relevant to Sparton's actual capacity to manufacture the accused devices and thus a lost profits damage issue. The document is a Sparton business record and is factual. Much of the information contained thereon has been in defendant's possession for nearly 10 years. Defendant is not unfairly prejudiced by the admission of this document.

**21. PX-288 through PX-293: Claim Charts Comparing Sparton Sonobuoys To The Claimed Inventions**

Defendant contends that these exhibits provide further expert testimony after the close of discovery. They do not. These exhibits are relevant and factually establish commercial success by showing for each listed drawing the structure that corresponds to the structure contained in the patented inventions, and Mr. Boyle's expert reports address the commercial success of the patented inventions. Defendant could have interrogated Mr. Boyle about the commercial success issue if it so desired. It chose not to.

**22. PX-294: Chart Showing Sparton's Foreign Customers**

Defendant contends that the document is objectionable because it was not disclosed in discovery. It was not,

however, requested in discovery. It is factual and based upon Sparton business records.

**23. PX-295: Defendant's Second Amended Answers To Plaintiff's Interrogatories 1-6**

Defendant contends that its answers to interrogatories are not admissions. Defendant is incorrect. The defendant's interrogatory answers are admissions and have not been amended. They are admissible.

**24. PX-296: Defendant's Response Charts**

Defendant contends that its response charts are not admissions because they were prepared before the Court's claim interpretation order. The response charts are relevant to the infringement issue and constitute admissions. Defendant has not amended its charts. The charts are thus admissible.

**25. PX-297 through PX-467: Excerpts of Contract Documents**

Defendant contends that these excerpts from contract documents are unnecessary. Whether they are unnecessary is irrelevant to their admissibility. They will only be offered in evidence at trial as necessary.

Respectfully submitted,
Sparton Corporation, Plaintiff

Dated: February 8, 2008

s/Steven Kreiss
Steven Kreiss
Attorney for Plaintiff
1120 Connecticut Avenue NW
Suite 433
Washington D.C. 20036

Telephone: (202) 347-6382
Facsimile: (202) 347-7711