# In the United States Court of Federal Claims

No. 92-580 C

(Filed: March 18, 2008)

| | |
|---|---|
| **SPARTON CORPORATION,** | |
| Plaintiff, | |
| v. | |
| **THE UNITED STATES,** | |
| Defendant. | |

## ORDER

On January 22, 2008, Defendant filed its objections to Plaintiff's proposed witnesses and exhibits. Plaintiff filed its responses to Defendant's objections on February 8, 2008. To remove duplicated exhibits, to provide missing pages, and to repaginate certain exhibits, Plaintiff filed an amended exhibit list on February 25, 2008.

The Court rules on Defendant's objections as follows. The Court cautions the parties that denial of an objection is not to be taken as an indication that an exhibit is or will be admitted for trial. It is the practice of the Court to admit exhibits only as necessary during trial.

## Objections to Witnesses

1. Capt. Peter Huchthausen: Capt. Huchthausen is a former Navy officer. Plaintiff intends to call Capt. Huchthausen to testify as to the Navy's long-felt need for the invention, including Plaintiff's Proposed Findings of Fact ("PPFF") Nos. 16-26.

   Defendant objects to this witness under Rule 702 of the Federal Rules of Evidence.[1]

[1] Rule 702 states that:

[A] witness qualified as an expert by knowledge, skill, experience, training, or

Defendant argues that Plaintiff intends to call this witness for what is essentially expert testimony, yet Plaintiff gave no notice of the witness as an expert and did not provide an expert report.[2] According to Defendant, the witness does not have expertise in this area, at least not based upon a review of the witness's background and qualifications listed on his webpage. Defendant argues that the witness did not work in any office in the Navy that would give him any knowledge that there was a long-felt need for a product embodying the patented invention. Def.'s Objections to Pl.'s Witnesses and Ex.'s ("Def.'s Obj.") at 1.

Plaintiff states that the witness will testify to the manner by which Soviet submarines attempted to avoid detection by U.S. naval forces during the Cuban Missile Crisis. Pl.'s Resp. to Def.'s Objections to Pl.'s Witnesses and Ex.'s ("Pl.'s Resp.") at 1-2. The witness would thus be able to attest to a need for the invention, based upon his personal knowledge of facts and events. *Id.* According to Plaintiff, "[a]s a fact witness, he will testify as to (a) the manner (i.e. hid below the thermocline) by which the four Soviet submarines during the Cuban Missile Crisis attempted to avoid detection by U.S. naval forces, of which he was a part, and (b) the manner by which U.S. naval forces of which he was a part detected or did not detect these four Soviet submarines." *Id.* at 2. Plaintiff summarizes its response by stating that "Captain Huchthausen was there and knew what was occurring *and why*." *Id.* (emphasis added).

Plaintiff listed Capt. Huchthausen in Plaintiff's October 2007 Pretrial Submissions as a non-expert rebuttal witness. Rules 602[3] and 701[4] of the Federal Rules of Evidence are clear that

---

> education, may testify thereto in the form of an opinion or otherwise if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

[2] Rule 26(a)(2) of the Rules of the United States Court of Federal Claims ("RCFC") requires parties to disclose the identity of witnesses who will be used at trial to present expert testimony. According to RCFC 37(c)(1), a party that fails to disclose information required by RCFC 26(a) is not permitted to use such evidence at trial, unless such failure is substantially justified.

[3] Rule 602 states that:

> A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter ... subject to the provisions of Rule 703, relating to opinion testimony by expert witnesses.

[4] Rule 701 states that, for non-expert witnesses:

> [T]estimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, and (b)

a lay witness can offer opinions based upon the witness's own perceptions, but cannot offer opinions, inferences, or other testimony based on scientific, technical, or other specialized knowledge within the scope of Rule 702. PPFF 16 regards technical details and characteristics of sonar waves; therefore testimony regarding PPFF 16 would be based upon scientific knowledge and would thus be expert testimony. PPFF 26 regards selection of certain Navy contractors. It does not appear that Capt. Huchthausen would have personal knowledge of these events.

In regard to PPFF 17-25, Capt. Huchthausen likely has at least some personal knowledge of events taking place during the Cuban Missile Crisis, because it appears that he served on a Navy vessel deployed during the crisis. However, most, if not all, of PPFF 17-25 also discuss certain actions taken by Soviet submarines, and reasons for *why* Soviet submarines took such actions. It is unlikely that Capt. Huchthausen would have direct personal knowledge or experience as to the decision making processes of those in control of Soviet submarines. Thus, Capt. Huchthausen's testimony regarding why the Soviet submarines acted in a certain manner, or regarding why, from a scientific or technical perspective, the Soviet submarines were or were not detected, would be expert testimony. *Compare Union Pacific Resources Co. v. Chesapeake Energy Corp.*, 236 F.3d 684, 693 (Fed. Cir. 2001) (applying Fifth Circuit law) (lay witnesses with extensive personal experience in oil drilling industry permitted to testify regarding enablement of patent in suit, based solely upon their own personal experiences) *with Air Turbine Tech., Inc. v. Atlas Copco AB*, 410 F.3d 701, 712 (Fed. Cir. 2005) (applying Eleventh Circuit law) (inventor of patent in suit, testifying as lay witness, was permitted to testify as to his personal knowledge of the structure and function of the invention, but was not permitted to testify as to structure and function of the accused device because such testimony would not have been based upon his own "particularized knowledge and experience.").

Defendant's objection is GRANTED IN PART and DENIED IN PART. Because Capt. Huchthausen was not listed as an expert, he shall be permitted to testify regarding his own personal knowledge and experience, but not in regard to opinions or conclusions based upon scientific, technical, or specialized knowledge. *See Forward Comm. Corp. v. United States*, 608 F.2d 485, 510 (Ct. Cl. 1979) ("Rule 701 ... provides that 'if the witness is not testifying as an expert,' his opinions are admissible only if they are based on his own perception."); Fed. R. Evid. 701 advisory committee's note (2000 amendment) ("[A]ny part of a witness' testimony that is based upon scientific, technical, or other specialized knowledge within the scope of Rule 702 is governed by the standards of Rule 702 and the corresponding disclosure requirements of the Civil and Criminal Rules."). Thus, Capt. Huchthausen shall not be permitted to testify as to topics such as PPFF 16 or 26.

However, Capt. Huchthausen may, of course, testify regarding his own personal knowledge of facts and events relating to PPFF 17-25. Fed. R. Evid. 602. Thus, because

---

helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

portions of Capt. Huchthausen's proposed testimony seem to be proper lay testimony and other portions seem to be improper expert testimony, Defendant shall be permitted to renew its objection, based on Rule 702, if Capt. Huchthausen attempts to offer what amounts to expert testimony at trial.

2. Mr. James McNulla: Mr. McNulla is a former Navy employee. Plaintiff intends to call Mr. McNulla to testify as to the Navy's long-felt need for the invention, including PPFF 16-26.

Defendant objects to this witness under Rule 702. Defendant's objection parallels the objection as to Capt. Huchthausen: Defendant argues that Mr. McNulla's testimony would essentially be expert testimony, yet Plaintiff did not identify Mr. McNulla as an expert and did not supply an expert report. Def.'s Obj. at 1-2. Defendant further questions whether Mr. McNulla would even have relevant personal knowledge, since Plaintiff did not indicate the capacity in which Mr. McNulla was employed by the Navy, when Mr. McNulla was employed by the Navy, or why such employment would have provided Mr. McNulla with knowledge of the Navy's prioritization and/or funding of its sonobuoy development efforts. *Id.*

Plaintiff responds to Defendants objection by stating that Mr. McNulla will testify only as a fact witness in regard to "his experiences as an ASW aircraft pilot" in the Navy. Pl.'s Resp. at 2. These experiences apparently give Mr. McNulla insight into "(a) the manner (i.e. hid below the thermocline) by which Soviet submarines attempted to avoid detection by U.S. naval forces of which he was a part, and (b) the manner by which U.S. naval forces of which he was a part detected or did not detect Soviet submarines *and why*." *Id.* (emphasis added).

Defendant's objection is GRANTED IN PART and DENIED IN PART. Because Mr. McNulla was not identified as an expert witness, he shall not be permitted to testify as to scientific or technical details, such as the nature and characteristics sonar waves (e.g., PPFF 16) and why sonobuoys are or are not able to detect objects using sonar waves under particular circumstances. Furthermore, as discussed above with respect to Capt. Huchthausen, it is unlikely that Mr. McNulla has personal knowledge of the decision making processes of those who were in control of Soviet submarines. Therefore, Mr. McNulla's conjectures regarding the actions of Soviet submarines and the impact of such actions on the Navy's ability to detect the submarines would likely be based on scientific and/or specialized knowledge, and would thus constitute expert testimony. However, Mr. McNulla may testify as to his personal knowledge of relevant events and his personal experiences from his service in the Navy "as an ASW aircraft pilot." Defendant shall be permitted to renew its objection under Rule 702 at trial if Mr. McNulla attempts to offer what amounts to expert testimony.

3. Mr. David Molfenter: Mr. Molfenter is a former officer of Magnavox company. Plaintiff listed Mr. Molfenter as a rebuttal witness who will be called to testify that Magnavox's

sonobuoy product was not a non-infringing substitute and will "rebut defendant's expert's assertion that the patented inventions were not commercially successful and did not satisfy a long felt need in the sonobuoy industry."

Defendant objects to Mr. Molfenter's testimony under Rule 702 as essentially being expert testimony, yet Plaintiff failed to identify Mr. Molfenter as an expert and did not supply an expert report. Def.'s Obj. at 2. Defendant points out that Mr. Molfenter's qualifications are unknown and that "there is no indication whether Mr. Molfenter had performed any market analysis or other study to determine the relative success of the invention" or whether Mr. Molfenter "differentiated between the patented inventions, unpatented elements and other factors (such as marketing) when formulating his opinions." *Id.* at 3.

In its response to Defendant's objection, Plaintiff retreats from its description of Mr. Molfenter's proposed testimony in Plaintiff's witness list. Pl.'s Resp. at 2-3. Plaintiff now states that Mr. Molfenter will merely testify "about factual matters pertaining to the infringing sonobuoys Magnavox sold to the defendant and their commercial success," based upon "evidence within his knowledge." *Id.*

Defendant's objection to Mr. Molfenter's testimony is GRANTED IN PART and DENIED IN PART. Because Mr. Molfenter was not listed as an expert witness, he cannot offer any opinion or inference testimony that is based upon scientific, technical, or specialized knowledge. Thus, Mr. Molfenter would not be permitted to testify in regard to (or even make reference to) (1) whether products do or do not infringe Sparton's patents, (2) which products are or are not substitutes for the patented inventions, for Sparton's products, or for any other devices, or (3) whether Sparton or Magnavox products were commercially successful because they incorporated the patented invention. Mr. Molfenter shall be permitted to testify as to his own personal knowledge about particular customer needs or about Magnavox research efforts in the sonobuoy art. *See* Fed. R. Evid. 701, advisory committee's notes (2000 amendment) (officers of companies are generally permitted to testify in regard to their businesses without expert qualifications, because of particularized knowledge). However, Mr. Molfenter shall not be permitted to testify in regard to an industry-wide need for the patented invention or *how* the patented invention met needs in the sonobuoy art, as such testimony would be based upon scientific or technical knowledge. Defendant shall be permitted to renew its objection under Rule 702 at trial if Mr. Molfenter attempts to offer what amounts to expert testimony.

**<u>Objections to Exhibits</u>**

In the following rulings on Defendant's objections to Plaintiff's exhibits, the Court will address only those objections for which Defendant cited a rule of evidence *and* provided a sufficient explanation for why the rule should apply. *See* Pre-Trial Order, June 20, 2007.

1. PX-57: Declaration of Gerry Martin

Defendant objects to this exhibit under Rules 802, 403, and 702, and RCFC 26(a)(2). Defendant argues that the probative value of this exhibit is substantially outweighed by the danger of unfair prejudice that would be caused by allowing Plaintiff to selectively repeat testimony through exhibits and declarations before the witness has been impeached. Def.'s Obj. at 3. Plaintiff responds that the exhibit is not hearsay because Mr. Martin will testify and that the exhibit would save trial time. Pl.'s Resp. at 3.

Defendant's objection is GRANTED. The exhibit would be cumulative to Mr. Martin's testimony.

2. PX-62: Chart Prepared by Mr. Gerry Martin

Defendant objects to this exhibit under Rule 802, stating that it is inadmissible hearsay "[u]nless Mr. Martin testifies." Def.'s Obj. at 4. Plaintiff responds that Mr. Martin will testify at trial. Pl.'s Resp. at 3.

Defendant's objection is DENIED.

3. PX-60-106: Contract Documents

Defendant objects to these exhibits under Rules 703 and 705, on the basis that they are cumulative to the testimony which will be offered by Mr. Gerry Martin. Def.'s Obj. at 3. Because Mr. Martin will explain and summarize these documents, Defendant argues that their probative value would be substantially outweighed by considerations of delay, waste of time, and needless presentation of evidence. *Id.* Plaintiff responds that these exhibits are relevant to (a) the experimental use negation and (b) lost profits, as the documents show quantities, prices, and sales by competitors, including Magnavox. Pl.'s Resp. at 3-4.

Defendant's objection is DENIED without prejudice. The documents appear to be relevant. Whether their admission will prove to be a waste of time in light of Mr. Martin's testimony will be determined at trial.

4. PX-107: Declaration of Henry Melvin

Defendant objects to this exhibit under Rules 802 and 403, stating that it would be inadmissible hearsay if Mr. Melvin does not testify and would be cumulative if Mr. Melvin does testify. Def.'s Obj. at 4-5. Defendant asserts that the probative value of this exhibit is substantially outweighed by the danger of unfair prejudice that would be caused by allowing Plaintiff to selectively repeat testimony using a declaration, before the witness has been impeached. *Id.* Plaintiff responds by stating that Mr. Melvin will testify at trial and explaining the relevance of the declaration. Pl.'s Resp. at 4-5.

Defendant's objection to PX-107 is GRANTED. The exhibit would be cumulative to Mr. Melvin's testimony.

5. PX-108-110: Attachments to Henry Melvin's Declaration

Defendant objects to these exhibits under Rules 802 and 403, by grouping them with Defendant's objection to PX-107. Def.'s Obj. at 4-5. However, Defendant does not explain how these exhibits would be cumulative to Mr. Melvin's testimony and does not distinguish them from Defendant's arguments concerning Mr. Melvin's declaration. *Id.* Plaintiff responds by stating that these exhibits "are derived from or are Sparton business records" and that they will assist in shortening Mr. Melvin's testimony time. Pl.'s Resp. at 4-5.

Defendant's objection is DENIED. The exhibits appear relevant. The Court will determine whether to admit these exhibits at trial, after hearing Mr. Melvin's testimony.

6. PX-128: Navy Budget Report for 1994-1995

Defendant objects to this exhibit under Rules 401, 402, and 802. Def.'s Obj. at 5-6. Defendant argues that the exhibit is irrelevant because it is a budget report for a time period occurring after expiration of the patents at issue in this suit. *Id.* Plaintiff responds that the exhibit is relevant to the "*Christian* doctrine" license issue. Pl.'s Resp. at 5.

Defendant's objection is DENIED. The exhibit appears to discuss, at least in part, Navy acquisitions of sonobuoys prior to 1994. The document seems generally relevant as a summarization of historical Navy acquisition procedures for sonobuoys.

7. PX-135: Selected Portions of NAVAIR Acquisition Guide

Defendant objects to this exhibit as inadmissible hearsay under Rule 802. Def.'s Obj. at 5. If admitted, however, Defendant requests that additional pages Bates numbered 016313 and 016346-016348 should be included for completeness, pursuant to Rule 106. *Id.* Defendant further argues that the document is nothing more than a guide, and is not binding on Navy officials. Plaintiff responds by stating merely that the exhibit "is a NAVAIR document and thus is not hearsay." Pl.'s Resp. at 6.

Defendant's objection is DENIED. The Court assumes that Plaintiff's response is an argument that the exhibit is an admission under Rule 801(d)(2). Defendant's arguments about the non-binding nature of the guide concern the weight, not the admissibility of the evidence. However, Plaintiff shall include the additional pages requested by Defendant in the exhibit at trial. Also, if the exhibit is admitted, Plaintiff shall provide to the Court copies of the additional pages for inclusion in the chambers versions of the parties' exhibits.

8. PX-151 and PX-155: Declarations of Mr. Charles Boyle

Defendant objects to these exhibits under Rules 802 and 403, stating that they would be inadmissible hearsay if Mr. Boyle does not testify and would be cumulative if Mr. Boyle does testify. Def.'s Obj. at 6. Defendant asserts that the probative value of these exhibits is substantially outweighed by the danger of unfair prejudice that would be caused by allowing Plaintiff to selectively repeat testimony using a declaration, before the witness has been impeached. *Id.* Plaintiff responds by stating that Mr. Boyle will testify at trial and explaining the relevance of the declarations. Pl.'s Resp. at 6-7.

Defendant's objection is GRANTED. The exhibits would be cumulative to Mr. Boyle's testimony.

9. PX-171: Excerpt from "Modern Submarine Warfare" by Miller and Jordan

Defendant objects to this exhibit under Rules 802, 702, and 403. Def.'s Obj. at 7. Defendant argues that it is an attempt to present expert testimony in a form that cannot be authenticated or cross-examined, and, as such, the probative value of the exhibit is substantially outweighed by the danger of unfair prejudice. *Id.* Plaintiff responds that the book is not hearsay because it is an ancient document more than 20 years old and is not expert testimony because it is a scientific treatise. Pl.'s Resp. at 7.

Defendant's objection is DENIED. The exhibit discusses the behavior of sonar waves in the ocean and how such behavior affects the detection of submarines. This topic is relevant to one or more issues in the case. However, the exhibit shall not be admissible merely as an ancient document. Rather, if the exhibit is admitted at trial, it shall only be discussed, after being established as a reliable authority by an expert witness, (1) on direct examination, if relied upon by the expert in forming the expert's opinion, or (2) for purposes of cross-examination of an expert of the opposing party. *See* Fed. R. Evid. 703, 803(18).

10. PX-208: Supplemental Declaration of Mr. Martin

Defendant objects to this exhibit under Rules 802, 403, and 702 and under RCFC 26(a)(2). Def.'s Obj. at 7. According to Defendant, the exhibit is inadmissible hearsay if Mr. Martin does not testify and would be cumulative if he does testify. *Id.* In addition, Defendant believes that the probative value of the exhibit is substantially outweighed by the danger of unfair prejudice that would be caused by allowing Plaintiff to selectively repeat testimony through exhibits and declarations before the witness has been impeached. *Id.* In response, Plaintiff notes that Mr. Martin will testify, and discusses the relevancy of the exhibit. Pl.'s Resp. at 7-8.

Defendant's objection is GRANTED. Because Mr. Martin will testify, the exhibit would be cumulative.

11. PX-209: Supplemental Declaration of Mr. Melvin

Defendant objects to this exhibit under Rules 802, 403, and 702 and under RCFC 26(a)(2). Def.'s Obj. at 8. According to Defendant, the exhibit is inadmissible hearsay if Mr. Melvin does not testify and would be cumulative if he does testify. *Id.* In addition, Defendant notes the prejudice that would be caused by allowing Plaintiff to selectively repeat testimony through exhibits and declarations before the witness has been impeached. *Id.* In response, Plaintiff discusses why the declaration is relevant and notes that Mr. Melvin will testify at trial. Pl.'s Resp. at 8. Plaintiff also states that "the backup material (computer printouts and Sparton bids) used for these exhibits are derived from or are Sparton business records and are independently admissible." *Id.* at 9.

Defendant's objection is GRANTED. Because Mr. Melvin will testify, the exhibit would be cumulative. No "backup material" or other attachments to the Supplemental Declaration of Mr. Melvin were included in exhibit PX-209.

12. PX-212 to PX-235: Claim and Infringement Charts

Defendant objects to these exhibits under Rules 401, 402, and 702, and under RCFC 26(a)(2). Def.'s Obj. at 9. Defendant argues that the charts are not evidence and are irrelevant. *Id.* Plaintiff responds that the exhibits are relevant to the infringement issue and were the subject of Mr. Boyle's expert reports. Pl.'s Resp. at 9.

Defendant's objection is GRANTED as to exhibits PX-214 to PX-235. Plaintiff has withdrawn exhibits PX-212 and PX-213. Exhibits PX-214 to PX-234 appear to be claim charts, and are not evidence. Exhibit PX-235 is labeled an "Accounting Base" chart. It is not clear who prepared this chart, when it was prepared, or why it was prepared. Plaintiff has not rebutted Defendant's contention that this chart is not evidence.

13. PX-239 & PX-240: Exhibits related to the USS Indianapolis

Defendant objects to these exhibits under Rules 802, 401, and 402 as inadmissible hearsay. Def.'s Obj. at 8. Plaintiff describes the relevancy of these exhibits, but does not provide a hearsay exception. Pl.'s Resp. at 9. Accordingly, Defendant's objection is GRANTED.

14. PX-241: Excerpt from "ASW Versus Submarine Technology Battle"

Defendant objections to this exhibit under Rules 402, 403, 702, and 802, and under RCFC 26(a)(2). Def.'s Obj. at 9. Defendant argues that the exhibit is irrelevant, inadmissible hearsay, and an improper attempt to present expert testimony through a source other than testimony in court. *Id.* Defendant also notes that none of Plaintiff's experts have utilized or referenced this book in their reports. *Id.* Plaintiff states merely that this exhibit "is a learned treatise more than 20 years old, and is admissible under Rule 803(16)." Pl.'s Resp. at 10.

Defendant's objection is GRANTED. The exhibit is an excerpt from a book which primarily discusses the historical design and attributes of submarines. It does not discuss dual depth sonobuoys. The content is thus too attenuated from any issue in this case to be relevant.

15. PX-242: Internet web page of Captain Peter A. Huchthausen

Defendant objects to this exhibit under Rules 702, 701, 802, 401, and 402. Def.'s Obj. at 10. Defendant argues that this exhibit is irrelevant and merely illustrates Plaintiff's attempt to elicit expert testimony from Capt. Huchthausen, a lay witness. *Id.* Plaintiff explains that this exhibit is intended to demonstrate Capt. Huchthausen's ability to testify, as a fact witness, regarding a need in the art for the patented invention. Pl.'s Resp. at 10.

Defendant's objection is GRANTED. As the Court explained above, Capt. Huchthausen is not an expert witness and may testify only in regard to his personal experiences. If Plaintiff still presents Capt. Huchthausen as a witness, the information included in this exhibit would be cumulative to Capt. Huchthausen's testimony.

16. PX-243: Excerpt from "October Fury" by Captain Peter A. Huchthausen

Defendant objects to this exhibit as irrelevant and inadmissible hearsay under Rules 403 and 802. Def.'s Obj. at 11. In response, Plaintiff states merely that the exhibit "is relevant to the validity issue (i.e. need in the art) because it explains Captain Peter Huchthausen's circumstances during the Cuban missile Crisis and the manner by which he obtained his knowledge of the need in the art." Pl.'s Resp. at 10. Plaintiff does not offer a hearsay exception.

Defendant's objection is GRANTED. To the extent that the exhibit discusses the witness's personal experiences, it would be cumulative to Capt. Huchthausen's testimony. To the extent that the exhibit discusses information learned from other sources, it represents an additional layer of hearsay for which no exception was provided.

17. PX-263 to PX-285: Contract Related Documents

Defendant objects to these exhibits under Rules 703 and 403. Def.'s Obj. at 11. According to Defendant, these documents constitute source documents reviewed by experts in preparing their reports and, therefore, should not be admitted unless the documents themselves are independently admissible. *Id.* (citing Fed. R. Evid. 703). In addition, Defendant concludes that admission of these exhibits would lead to undue delay, waste of time, or needless presentation of cumulative evidence. *Id.* Plaintiff points out that the exhibits are Navy documents that describe the history of each sonobuoy model and are therefore relevant to the validity and damages issues. Pl.'s Resp. at 10.

Defendant's objection is DENIED as to exhibits PX-263 to PX-270 and PX-272 to PX-285. Whether admission of these exhibits will prove to be a waste of time in light of expert

testimony will be determined at trial. Defendant's objection is GRANTED as to exhibit PX-271, as it is a duplicate of a portion of exhibit PX-268.

18. PX-286: Excerpts from the Naval Aviation Systems Team Competition Handbook

Defendant objected to this exhibit as irrelevant because it discusses Federal Acquisition Regulations and procurement policy, but was not published until well after the contracts involved in this case had issued and only one month before the last patent at issue expired. Def.'s Obj. at 12. Plaintiff's response appears to be in error - it discusses an exhibit labeled "Chart Listing Sparton Contracts," which is actually PX-287. Pl.'s Resp. at 11. Thus, it appears that Plaintiff inadvertently did not provide a response to Defendant's objection regarding PX-286.

At a status conference on February 20, 2008, the Court granted Defendant leave to amend one of its responses to an objection by Plaintiff, because it appeared that Defendant had inadvertently referred to the wrong exhibit. Therefore, to be fair to Plaintiff, the Court will postpone decision on Defendant's objection to PX-286 until trial. If Plaintiff finds it necessary to move for admission of this exhibit into evidence at trial, Defendant shall be permitted to renew its objection and Plaintiff shall be permitted to give a response.

19. PX-287: Charts Listing Sparton Contracts

Defendant objects to this exhibit as demonstrative of expert testimony, though it is not a part of any expert report. Def.'s Obj. at 12. Thus, according to Defendant, the exhibit should not be admitted, per the Court's Feb. 2, 2006 Order scheduling expert discovery and RCFC 26(a)(2). Defendant further objects that this exhibit is "coming shortly before trial, at a time when defendant will have little opportunity to counter the evidence or demonstrate errors in the methodology used." *Id.* Plaintiff responds by stating that the document "is a Sparton business record" and "[m]uch of the information contained thereon has been in defendant's possession for nearly 10 years." Pl.'s Resp. at 11.

Defendant's objection is DENIED, without prejudice. The exhibit appears to be simply a listing of the contracts under which Sparton sold sonobuoys. It is unclear what "methodology" Defendant thinks it would need to demonstrate as erroneous with respect to this list. Plaintiff is cautioned, however, that this document will only be admitted as a business record if a custodian or other qualified witness testifies that the exhibit was kept in the regular course of Sparton's business and it was the "regular practice" of Sparton to make such a report.

20. PX-288 through PX293: Claim Charts

Defendant objects to these exhibits pursuant to the Court's Order of Feb. 2, 2006, and RCFC 26(a)(2). Def.'s Obj. at 13-14. Defendant contends that they are demonstrative of an expert opinion, yet were not part of any expert report, and that they are, in essence, legal arguments being offered under the guise of expert testimony. *Id.* Defendant also believes that

these exhibits would confuse the issues of this trial, because the charts are directed to whether Sparton's own products used the claimed invention. *Id.* Plaintiff responds by stating that the exhibits are relevant and "factually" establish commercial success of the claimed invention. Pl.'s Resp. at 11. Plaintiff then notes that Mr. Boyle's expert reports address the commercial success of the patented inventions. *Id.*

Defendant's objection is GRANTED IN PART and DENIED IN PART. The exhibits each consist of a claim chart which compares the claims of Sparton's patents-in-suit to technical drawings of the products which Sparton actually produced. The claim charts are merely attorney argument and are not evidence. Because they were not included in an expert report, the claim charts shall not be admitted. The admissibility of the drawings, however, shall be determined at trial.

21. PX-294: Chart Showing Sparton's Foreign Customers

Defendant objects to this exhibit under Rule 403 because it was not disclosed during discovery and under RCFC 26(a)(2) as an untimely attempt to supplement the report of an expert witness. Def.'s Obj. at 14. Plaintiff responds by stating that this exhibit was never requested during discovery and is "based" upon Sparton business records. Pl.'s Resp. at 12.

Defendant's objection is GRANTED. The fact that a chart may be "based" on business records does not warrant its admission under Rule 802(6).

22. PX-295: Defendant's Second Amended Answers to Plaintiff's Interrogatories 106

Defendant objects to this exhibit under Rule 802 as inadmissible hearsay and under Rule 403 as irrelevant. Def.'s Obj. at 14. Defendant claims that its answers to contention interrogatories are not "facts" that can be admitted, but are the Defendant's legal contentions, so Rule 801(d)(2) does not apply. *Id.* at 15. Plaintiff's response is conclusory: "The defendant's interrogatory answers are admissions...." Pl.'s Resp. at 12.

Defendant's objection is DENIED. Defendant's answers to interrogatories are "the party's own statement[s] in either an individual or a representative capacity." Fed. R. Evid. 801(d)(2).

23. PX-296: Defendant's Service of Response Charts in Accordance with May 6, 2005 Order

Defendant objects to this exhibit under Rule 802 as inadmissible hearsay and under Rule 403 as irrelevant and unfairly prejudicial. Def.'s Obj. at 15-16. Defendant argues that Rule 801(d)(2) does not apply because the claim construction charts are attorney argument only, are not "facts," and were required to be drafted by Court order. *Id.* Defendant further contends that the charts, drafted prior to the Court's claim construction decision, "may not reflect the government's current arguments." *Id.* Plaintiff responds only that "[t]he response charts are

relevant to the infringement issue and constitute admissions," without further explanation. Pl.'s Resp. at 12.

Defendant's objection is DENIED. Whether the charts reflect Defendant's current arguments is irrelevant to an analysis under Rule 801(d)(2). Further, the cases cited by Defendant are non-binding and do not support Defendant's formulation of what constitutes an admission by a party-opponent.

24. PX-297 through PX-467: Excerpts of Contract Documents

Defendant objects to these exhibits under Rules 703 and 403. Defendant believes that these documents are unnecessary, since they are the source material for an expert report, which is itself admissible. Def.'s Obj. at 16-17. Plaintiff, ignoring Rule 403, responds that "[w]hether [the exhibits] are unnecessary is irrelevant to their admissibility." Pl.'s Resp. at 12.

Defendant's objection is DENIED. The admissibility of the exhibits shall be determined at trial.

s/ Edward J. Damich
EDWARD J. DAMICH
Chief Judge