# In the United States Court of Federal Claims

No. 92-580 C

(Filed: April 3, 2008)

| | |
|---|---|
| **SPARTON CORPORATION,** | |
| Plaintiff, | |
| v. | |
| **THE UNITED STATES,** | |
| Defendant. | |

## ORDER

On January 22, 2008, Plaintiff filed its objections to Defendant's proposed witnesses and exhibits. Defendant filed its responses to Plaintiff's objections on February 4, 2008. To remove duplicated exhibits and to add a new exhibit, Defendant filed a first amended exhibit list on February 25, 2008.

The parties are cautioned that denial of an objection is not to be taken as an indication that an exhibit is or will be admitted for trial. It is the practice of the Court to admit exhibits only as necessary during trial.

The Court also notes that Plaintiff's objections are, for the most part, poorly explained and are not supported by citations to authority. This is in contravention of the Court's Pre-Trial Order of June 20, 2007, at paragraph 3(b)(i). The Court has not attempted to divine the unstated bases for Plaintiff's objections.

## Objections to Witnesses

1. <u>Mr. Alan T. Hudson</u>: Mr. Hudson is an expert witness who will testify on the design and manufacture of sonobuoys, as well as the issue of patent invalidity.

Plaintiff purports to object to this witness under *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993). Pl.'s Objections to Def.'s Proposed Witnesses and Ex.'s ("Pl.'s Obj.") at 1. Plaintiff claims the witness will rely upon technology that is not prior art to support his opinion, has no personal knowledge of the factual events he will discuss, and

has not followed the appropriate legal standards applicable to issues of validity and infringement in formulating his opinion. *Id.* However, Plaintiff does not quote or specifically discuss any standards from Federal Rule of Evidence 702 or *Daubert*, which Plaintiff believes have not been satisfied, nor does Plaintiff explain which legal standards applicable to validity have not been followed.[1]

Defendant responds by pointing out the witness's qualifications and that the proposed witness testimony will provide "specialized knowledge" that will assist the court in "understand[ing] the evidence" and "determin[ing] a fact in issue," as required by Rule 702. Def.'s Resp. to Pl.'s Objections to Def.'s Proposed Witnesses and Ex.'s ("Def.'s Resp.") at 1-2. Defendant also argues that Plaintiff's objection is not directed to the reliability of methods employed by Mr. Hudson in forming his conclusions, but rather is an attempt to "preempt the merits . . . of whether the sonobuoy described in the ECP is prior art." *Id.* at 4.

Plaintiff's objection is DENIED. Defendant has shown that the witness is qualified to provide expert testimony under Rule 702. Contrary to Plaintiff's assertion, expert witnesses may rely upon information about which they do not have personal knowledge. Rule 703 ("The facts or data . . . upon which an expert bases an opinion or inference may be those perceived by *or made known* to the expert . . . ."). In addition, Plaintiff has not specifically identified any requirement in the Rules of Evidence, *Daubert*, or other controlling authority that would be contravened by Mr. Hudson's proposed testimony. Upon review of the witness's expert report, the witness's opinions appear to be formed from a sufficient analysis of what the witness fairly believed to be prior art, and appear to be based upon reliably applied standards. *See* DX-220.

2. Mr. Daniel McGavock: Mr. McGavock is a certified public accountant whom Defendant intends to call as an expert witness, to testify in regard to damages. He is expected to testify on the value of the sonobuoys produced under each of the various contracts and the proper methods for calculating various types of compensation.

Plaintiff objects to this witness under *Daubert*. Pl.'s Obj. at 2. Plaintiff claims that, because the witness will rely upon "the alleged dollar volume of Sparton sales (instead of the quantity of sonobuoys Sparton manuafactured) [sic] to establish Sparton's manufacturing capacity," the proposed testimony does not follow appropriate legal standards. *Id.* Plaintiff offers no further explanation for why reliance on the dollar volume of Sparton's sales renders Mr. McGavock's testimony improper under Rule 702, *Daubert*, or other controlling authority.

---

[1] Rule 702 of the Federal Rules of Evidence states that:

> [A] witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Defendant responds by noting Mr. McGavock's qualifications, including his experience in intellectual property valuation. Def.'s Resp. at 5. Defendant also references its argument made with respect to Mr. Hudson's testimony, stating that "[t]his objection [to Mr. McGavock's testimony] again conflates reliability with the sufficiency of the facts that the witness used." *Id.*

Plaintiff's objection is DENIED. Defendant has shown that the witness is qualified to provide expert testimony under Rule 702. As before, Plaintiff has not specifically identified any requirement in the Rules of Evidence, *Daubert*, or other controlling authority that would be contravened by Mr. McGavock's proposed testimony. The opinions rendered in Mr. McGavock's expert report appear to be based upon a reasonably thorough factual analysis and sound, reliably applied principles. *See* DX-220.31, .44-.45.

3. <u>Mr. William Mellis, Mr. Anthony Madeira, and Mr. Richard Coughlin</u>: Defendant intends to call these witnesses to testify regarding events that occurred between 1969-1974 relating to the design and testing of dual depth sonobuoys and regarding the Navy's need for the sonobuoys. Mellis is expected to further testify on the knowledge of others skilled in the sonobuoy art. Madeira and Coughlin are expected to further testify regarding the Magnavox, Sparton, and Sanders sonobuoy devices.

Plaintiff's objection to the proposed testimony of these witnesses does not cite any authority. Pl.'s Obj. at 2. Plaintiff states that the proposed testimony from these lay witnesses will amount to expert testimony, but does not explain why. Pl.'s Obj. at 2. Plaintiff also states that the subject matter of the proposed testimony of these witnesses was not included by Defendant in answers to interrogatories relating to Defendant's validity and license defenses. *Id.*

Defendant argues that lay witnesses such as these "can still offer opinions based on their observations." Def.'s Resp. at 6. Defendant also points out that it properly objected to the interrogatories at issue on the basis of the work product privilege, yet Plaintiff did not seek to compel further answers. Therefore, the first time Defendant was required to inform Plaintiff of the testimony of these witnesses was in November 2007. *Id.*

Plaintiff's argument concerning Defendant's responses to the interrogatories does not provide any basis for the Court to exclude the testimony of these witnesses, because Plaintiff fails to cite and discuss a rule of evidence or procedure under which the Court should exclude the testimony. Plaintiff has not even suggested that Defendant's invocation of the work product privilege in response to the interrogatories was improper. Therefore, this argument provides no support for exclusion of the witnesses' testimony.

In regard to the possible expert nature of the proposed testimony, the Court notes the differences between lay opinion testimony and expert opinion testimony. Lay witnesses can testify as to facts based on their personal knowledge and perceptions, and can offer opinions or conclusions based upon their perceptions and "familiarity" or "particularized knowledge." *See* Fed. R. Evid. 701 advisory committee's note (2000 amendment); *see also Union Pacific*

*Resources Co. v. Chesapeake Energy Corp.*, 236 F.3d 684, 693 (Fed. Cir. 2001) (applying Fifth Circuit law) (lay witnesses with extensive personal experience in oil drilling industry permitted to testify regarding enablement of patent in suit, based solely upon their own personal experiences); *Air Turbine Tech., Inc. v. Atlas Copco AB*, 410 F.3d 701, 712 (Fed. Cir. 2005) (applying Eleventh Circuit law) (inventor of patent in suit, testifying as lay witness, was permitted to testify as to his personal knowledge of the structure and function of the invention, but was not permitted to testify as to structure and function of the accused device because such testimony would not have been based upon his own "particularized knowledge and experience."). However, lay witnesses cannot offer any type of testimony that is based on scientific, technical, or other specialized knowledge within the scope of Rule 702. *See* Fed. R. Evid. 701 advisory committee's note (2000 amendment) ("[A]ny part of a witness' testimony that is based upon scientific, technical, or other specialized knowledge within the scope of Rule 702 is governed by the standards of Rule 702 and the corresponding disclosure requirements of the Civil and Criminal Rules."); *Forward Comm. Corp. v. United States*, 608 F.2d 485, 510 (Ct. Cl. 1979) ("Rule 701 . . . provides that 'if the witness is not testifying as an expert,' his opinions are admissible only if they are based on his own perception.").

Accordingly, Plaintiff's objection is GRANTED IN PART and DENIED IN PART. Because Mr. Mellis, Mr. Madeira, and Mr. Coughlin were not listed as experts, they shall not be permitted to testify as to information about which they have no personal knowledge or which is based upon scientific, technical, or specialized knowledge within the scope of Rule 702. Thus, for example, the witnesses shall not be able to testify in regard to general scientific principles or to the design choices of competitors or other engineers. *See Air Turbine*, 410 F.3d at 712. However, because it seems that these witnesses may have had some personal involvement in the design and/or testing of various sonobuoy devices, they shall be permitted to testify in regard to their personal and particularized knowledge concerning these specific sonobuoy devices. Plaintiff shall be permitted to renew its objection, based on Rule 702, if the witnesses attempt to offer what amounts to expert testimony at trial.

4. <u>Ms. Helen Q. Sherman or other DTIC representative</u>: Defendant intends to call this witness to testify as to the public availability of Defense Technical Information Center ("DTIC") reports and to the practices of the DTIC.

Plaintiff objected to this proposed testimony as being "impermissible, nonfactual (expert) or Rule 30 testimony to authenticate an/or lay an admissibility foundation for proposed trial exhibits." Pl.'s Obj. at 3. In addition, Plaintiff claims that the proposed testimony was not identified by Defendant in answers to interrogatories relating to Defendant's validity and license defenses. *Id.*

Defendant's response simply notes that Ms. Sherman will testify to the practices of the DTIC consistently with her declaration at DX-222 and that such foundational testimony is not

subject to the Rules of Evidence per Rule 104(a).[2] Def.'s Resp. at 6. Ms. Sherman's declaration makes statements concerning the document cataloguing and publishing practices of the predecessor agency to the DTIC in 1965. DX-222.

Plaintiff's objection is DENIED without prejudice. Plaintiff's objection, as before, does not provide a basis for why Defendant's failure to identify Ms. Sherman's testimony in response to Plaintiff's interrogatories should warrant exclusion of her testimony. In regard to the subject matter of the testimony, Rule 104(a) applies to the extent that Ms. Sherman will be called to testify as a qualified person to authenticate documents for purposes of their *admissibility*, such as under Rule 802(6). *See* 1 McCormick on Evid. § 53 (6th ed. 2006). However, Defendant is not correct that all of Ms. Sherman's testimony, at least as set forth in her declaration, would be exempt from the Rules of Evidence pursuant to Rule 104(a). *See Bourjaily v. United States*, 483 U.S. 171, 175, 107 S.Ct. 2775, 2778-79 (1987) ("the evidentiary standard [to which Rule 104(a) applies] is unrelated to the burden of proof on the substantive issues...."). Ms. Sherman's inferences about the date of publication of DDC Doc. No. AD 359865 are unrelated to the document's foundation for admissibility. Rather, it seems that Defendant seeks to establish the date of publication of this document in order to *substantively* prove its status as prior art under 35 U.S.C. § 102. Because Ms. Sherman's statements concerning the practices of the DDC in 1965 may be based upon information about which she has no personal knowledge, yet Ms. Sherman was not identified as an expert, her testimony could be admissible only if restricted to proper lay opinion. That is, Defendant must establish a foundation for Ms. Sherman's familiarity and particularized knowledge of DDC practices, and how she is personally aware of such practices, before attempting to elicit any conclusions about dates of publication. Plaintiff may renew its objection if Ms. Sherman attempts to offer what amounts to expert testimony at trial.

5. James W. Widenhofer: Mr. Widenhofer is the named inventor of the patents at issue in this case. Defendant intends to call Mr. Widenhofer to testify about his personal knowledge of events that transpired in 1969-1974 relating to the design, testing, and manufacture of various dual depth sonobuoys, including his creation of the inventions claimed in the patents at issue.

Plaintiff objects to this witness's proposed testimony because (1) Mr. Widenhofer's testimony was not identified by Defendant in answers to Plaintiff's interrogatories concerning Defendant's validity and license defenses, (2) the testimony will amount to expert testimony, though Mr. Widenhofer was not identified as an expert, and (3) Mr. Widenhofer cannot

---

[2] Rule 104(a) of the Federal Rules of Evidence states that:

> Preliminary questions concerning the qualification of a person to be a witness, the existence of a privilege, or the admissibility of evidence shall be determined by the court, subject to the provisions of subdivisions (b) [concerning conditional relevancy]. In making its determination, it is not bound by the rules of evidence except those with respect to privileges.

authenticate Sparton documents because he is not a "custodian." Pl.'s Obj. at 3.

Defendant first notes that it properly objected to Plaintiffs interrogatories under RCFC 26(b)(3) and the work product doctrine and that Plaintiff never sought to compel more complete answers. Def.'s Resp. at 7. Thus, according to Defendant, Plaintiff should not now be permitted to base an objection on Defendant's answers to the interrogatories. *Id.*

Defendant also agrees with Plaintiff that Mr. Widenhofer is an expert, but asserts that "the only questions he would be asked relating to that expertise . . . would be [in regard to] events to which he had personal knowledge either through his participation or as a result of reports or information received during the 1969 through 1974 timeframe." Def.'s Resp. at 7-8. Because of this "personal knowledge," Defendant believes that Mr. Widenhofer's testimony can include opinions "about his factual knowledge . . . relating to the design, testing and . . . manufacture of Sparton's Deep Depth sonobuoy, the Beartrap project" and other Sparton devices. *Id.* at 8. For this proposition, Defendant cites the advisory committee notes accompanying Rule 701. *Id.*

Plaintiff's objection is GRANTED IN PART and DENIED IN PART. As discussed above, the Federal Rules of Evidence are clear that a lay witness can offer opinions based upon the witness's own perceptions, but cannot offer opinions, inferences, or other testimony based on scientific, technical, or other specialized knowledge within the scope of Rule 702. Fed. R. Evid. 701, 702. Particularly instructive is *Air Turbine Tech., Inc. v. Atlas Copco AB*, 410 F.3d at 712, in which the testimony of an inventor was at issue. Applying Eleventh Circuit law, the Federal Circuit found that the trial court did not abuse its discretion by allowing the inventor to testify as to his personal knowledge of his own invention, but preventing the inventor from testifying regarding the structure and function of the accused device. *Id.* at 713. That fact that a witness is an inventor does not necessarily mean the witness has particularized knowledge and experience in the structure and workings of all similar or accused devices.

Because Mr. Widenhofer was not listed as an expert, he shall not be permitted to testify regarding information of which he has no personal knowledge or which is based upon scientific, technical, or specialized knowledge within the scope of Rule 702. *See Forward Comm. Corp.*, 608 F.2d at 510; Fed. R. Evid. 701 advisory committee's note (2000 amendment). Notably, Defendant has stated that some of Mr. Widenhofer's testimony is based upon his own "participation" while some is based merely on "reports" Mr. Widenhofer received. Def.'s Resp. at 8. Testimony based upon a "report" received by a witness is likely not based on the witness's own personal knowledge or perceptions. Thus, because some of Mr. Widenhofer's proposed testimony seems to be proper lay testimony and some seems to be improper expert testimony, Defendant shall be permitted to renew its objection, based on Rule 702, if Mr. Widenhofer attempts to offer what amounts to expert testimony at trial.

6. <u>William Graff, Joseph Abella, George Lewis, Chuck Logar, Rod Bergstedt, Albert Logan, Karl Kuhn, Donald Sawyer, Carrera, Don Pickrell, David Dellea, Charles Ouellette,</u>

Michael Balboni: Defendant intends to present previously recorded testimony of these witnesses under RCFC 32. Defendant has listed these witnesses as potential trial witnesses, in case the Court denied its motion to present the previously recorded testimony under RCFC 32.

Plaintiff objects to these witnesses on the basis that the Pre-Trial Order of June 20, 2007, set forth a procedure for the admission into evidence of the recorded testimony of these witnesses. Pl.'s Obj. at 3.

Plaintiff's objection is DENIED. Plaintiff has misunderstood the Court's Pre-Trial order. Defendant properly identified these individuals as trial witnesses in its Final Witness List. The fact that Defendant has also sought leave to provide their testimony in the form of deposition transcripts does not prevent Defendant from alternatively electing to call these individuals at trial.

**Objections to Exhibits**

The Court notes that Plaintiff's objections to exhibits, in most instances, simply list an abbreviation for the type of objection Plaintiff wishes to make, but offer no further explanation. Therefore, Plaintiff's objections will be ignored to the extent that the basis for the objections is not sufficiently identified or at least glaringly obvious from the nature of the exhibit. For example, Plaintiff frequently makes the following two objections, which do not seem to be based upon any particular Federal Rule of Evidence, and were never adequately explained:

- ID = issue already decided by this Court or the Federal Circuit
- NPII = not previously identified case issue

These two objections have not been considered by the Court with respect to any exhibit.

1. DX-1: Selected portions of contract documents.

Plaintiff objects to this exhibit as being incomplete and irrelevant. Pl.'s Obj. at 4. However, Plaintiff does not indicate any portion missing from the exhibit that would have made the exhibit complete. Plaintiff also does not attempt to explain why a contract between the Navy and Sparton would be irrelevant.

Plaintiff's objection is DENIED. The documents in this exhibit appear to be relevant.

2. DX-2: Letter to Mr. Kenneth Dobyns from Mr. Albert Waynick.

Plaintiff objects to this exhibit as being irrelevant and inadmissible hearsay, without elaborating. Pl.s' Obj. at 4. Defendant responds that the exhibit is admissible under Rule 803(6) as a business record. Def.'s Resp. at 11. Defendant also notes that the exhibit regards a test plan

that is relevant to the issues of skill in the art, Sparton's efforts, and the obviousness of the invention. *Id.*

Plaintiff's objection is DENIED. The exhibit appears to be relevant and seems to qualify as an admission of a party opponent.

3. DX-5: Proposal and Reference Data.

Plaintiff objects to this exhibit as being irrelevant and inadmissible hearsay, again without elaborating. Pl.s' Obj. at 4. Defendant responds that the exhibit is an admission by Sparton under Rule 801(d)(2) and is relevant to the issue of experimental use. Def.'s Resp. at 11.

Plaintiff's objection is DENIED. The exhibit appears to be relevant and seems to qualify as an admission of a party opponent.

4. DX 6-8: Letters to Naval Air Systems Command.

Plaintiff objects to these exhibits as being irrelevant, but would withdraw the objection "if the exhibits are restricted to the alleged Depew prior art or experimental use issues." Pl.'s Obj. at 4. Defendant responds that the evidence is relevant to the issue of whether the "Depew device" was sold, and to Sparton's assertion of experimental use. Def.'s Resp. at 11.

Plaintiff's objection is DENIED. The exhibits appear to be relevant, at least to the Depew device issue and the experimental use issue. Plaintiff's concerns about these exhibits being used in regard to any other issue should be raised at trial, if necessary and pertinent.

5. DX-9: Navy clearance memo

Plaintiff objects to this exhibit as being irrelevant and inadmissible hearsay. Pl.'s Obj. at 4 Defendant responds that it is admissible under Rule 803(6) as a business record, and that the exhibit is relevant to the issue of whether the "Depew device" was sold and to the issue of Sparton's assertion of experimental use. Def.'s Resp. at 11.

Plaintiff's objection is DENIED. The exhibit seems to qualify as a business record and appears relevant.

6. DX-14: Letter from Sparton Corporation to Dept. of Navy.

Plaintiff objects to this exhibit as irrelevant, but does not explain why. Pl.'s Obj. at 4. Defendant responds that the exhibit is relevant to whether the "upside-down" sonobuoy deployment scheme is prior art. Def.'s Resp. at 12.

Plaintiff's objection is DENIED. The document appears to be relevant.

7. DX-15: Letter from Defense Supply Agency to Sparton.

Plaintiff objects to this exhibit as inadmissible hearsay and irrelevant. Pl.'s Obj. at 4. Defendant responds that the letter is not hearsay because it is not being offered to prove the truth of the matter asserted, but only to give context to the response it engendered. Def.'s Resp. at 12.

Plaintiff's objection is DENIED. The exhibit appears relevant and will not be hearsay if not offered to prove the truth of the matter asserted.

8. DX-17: Sparton Brief.

Plaintiff objects to this exhibit as irrelevant. Pl.'s Obj. at 4. Defendant responds that the exhibit contains relevant factual admissions by a party opponent. Def.'s Resp. at 12.

Plaintiff's objection is DENIED. The document is relevant.

9. DX-20-31, DX-33-54, DX-56-81, DX-113, DX-137: Sparton Interdepartmental Correspondence.

Several of these exhibits have been converted to joint exhibits, withdrawn, or deleted as duplications. The remaining exhibits are: DX-21, DX-23, DX-27, DX-34, DX-47, DX-63, and DX-113.

Plaintiff objects to these exhibits as irrelevant, but would withdraw its objection if the admission of these documents is restricted to the alleged Depew prior art or experimental use issues. Pl.'s Obj. at 4. Defendant responds that the documents are variously relevant to conception and reduction to practice of the invention or to the preparation of the ECP. Def.'s Resp. at 12, 16.

Plaintiff's objection is DENIED. The exhibits appear to be relevant, at least to the Depew device issue and the experimental use issue. Plaintiff's concerns about these exhibits being used in regard to any other issue should be raised at trial, if necessary and pertinent.

10. DX-86, DX-88, DX-90: Letters to Sparton.

Plaintiff objects to these exhibits as inadmissible hearsay and irrelevant. Pl.'s Obj. at 4. Defendant responds variously that the exhibits are not offered to prove the truth of the matter asserted or that the hearsay exception under Rule 803(8) applies. Def.'s Resp. at 15. Defendant also states that the exhibits are relevant to the conception of the claimed invention, the "license issue," and obviousness. *Id.*

Plaintiff's objection is DENIED. To the extent that any of these documents will be used

to prove the truth of any statements asserted therein, the documents appear to be statements of an agency setting forth the activities of the agency under Rule 803(8). The documents also appear to be relevant.

11. DX-87, DX-89, DX-91-96: Sparton Letters to Office of Naval Research.

Plaintiff objects to these exhibits as irrelevant. Pl.'s Obj. at 4. Defendant responds that the exhibits are relevant to the conception of the claimed invention and the "license issue." Def.'s Resp. at 15-16.

Plaintiff's objection is GRANTED IN PART and DENIED IN PART. In general, the documents seem to be relevant, at a minimum, to reduction to practice and validity.

However, DX-95 contains as attachments two affidavits, one from Mr. Widenhofer and one from Mr. Depew, which were identically submitted by Defendant as DX-112 (which has now been withdrawn). Plaintiff had objected to DX-112 as being hearsay and improper expert testimony. Pl.'s Obj. at 4. The Court will entertain these additional objections with respect to DX-95, even though Plaintiff only objected to DX-95 as irrelevant.

The documents do not seem to be hearsay because Mr. Widenhofer and Mr. DePew were employees of Sparton when the affidavits were signed and because the affidavits were submitted by Sparton to the Navy. Fed. R. Evid. 801(d)(2).

Because Mr. Widenhofer will testify at trial, his affidavit would be cumulative to his testimony. Therefore, Plaintiff's objection is GRANTED as to pages DX-95.96-.98. Mr. DePew, on the other hand, will not testify at trial. His affidavit largely seems directed to authenticating various drawings and establishing dates on which Mr. DePew created the drawings. Because Mr. DePew purports to be the author of these drawings, the statements in this affidavit appear to be based on Mr. DePew's own personal knowledge. Thus, Plaintiff's objection is DENIED, without prejudice, as to pages DX-95.102-.106. Plaintiff may renew its objection at trial, if made with reference to specific statements in the DePew affidavit which are believed to constitute improper expert testimony.

Plaintiff's objections to DX-87, DX-89, DX-91-94, DX-96, and the remaining pages of DX-95 are DENIED.

12. DX-106, DX-107, DX-110: Contract Amendments.

DX-110 is now JX-105. As to DX-106 and DX-107, Plaintiff objects that they are irrelevant and hearsay. Pl.'s Obj. at 4. Defendant responds that the exhibits were identically submitted as Plaintiff's exhibits PX-122 and PX-123. Def.'s Resp. at 16. A review of DX-106 and DX-107, and PX-122 and PX-123, reveals they are the same documents and should be in the joint exhibit list.

Plaintiff's objection is DENIED. By submitting identical exhibits, Plaintiff has waived its objection.

13. DX-116: Technical Manual for Sonobuoys.

This exhibit is now JX-141. Plaintiff's objection is considered moot.

14. DX-117: Letter from Sparton.

Defendant deleted this exhibit as being a duplicate of DX-14. Plaintiff's objection is moot.

15. DX-118: Letter from Nelson to Bodde.

This exhibit was deleted as a duplicate of DX-15. Plaintiff's objection is moot.

16. DX-119: "Patent Information".

This exhibit was deleted as a duplicate of DX-93.14-15. Plaintiff's objection is moot.

17. DX-121: Selected portions of the transcript from the deposition of Graff.

Plaintiff objects to the selected deposition testimony on the basis that it is subject to this Court's June 20, 2007 Order, paragraph 2(c)(i)(3). Pl.'s Obj. at 5. Defendant replies that no valid objection was made when the deposition transcript was properly noticed by the Government in its motion to present substantive testimony by deposition transcript. Def.'s Resp. at 17. Plaintiff did not file an opposition to that motion.

Plaintiff's objection is DENIED. The Court's Pre-Trial order at paragraph 2(c)(i)(3) is not a basis for objection. Additionally, Plaintiff filed a motion, on the same date it filed the present objections, for leave to present excerpts of the same deposition testimony.

18. DX-126: Excerpt of Boyle deposition.

Plaintiff objects to the this exhibit because although the testimony is subject to this Court's June 20, 2007 Order, paragraph 2(c)(i)(3), Mr. Boyle will be a witness at trial. Pl.'s Obj. at 5. Plaintiff objects that, "in this vein[,] the objection lodged is" irrelevant and inadmissible hearsay. *Id.*

Plaintiff's objection is DENIED. Mr. Boyle will testify at trial. In addition, Defendant failed to file an opposition to Defendant's motion to present substantive testimony by deposition transcript.

19. DX-132: Sparton Corporation Proposal for Dual Depth DIFAR.

Plaintiff objects to the exhibit as irrelevant. Pl.'s Obj. at 5. Defendant responds that the exhibit is relevant to the license issue, obviousness, and plaintiff's claim of "experimental use." Def.'s Resp. at 17.

Plaintiff's objection is DENIED. The document appears to be relevant.

20. DX-134: Internal Navy Routing Sheet.

Plaintiff objects to this exhibit as irrelevant and inadmissible hearsay. Pl.'s Obj. at 5. Defendant responds that the exhibit is relevant to the license issue, obviousness, and Plaintiff's claim of "experimental use." Def.'s Resp. at 17. Defendant states that it will, however, withdraw page one of the document if necessary, but that page two is an admission by a party opponent under Rule 801(d)(2) and/or admissible under Rule 803(8). *Id.*

Plaintiff's objection is DENIED. The exhibit is relevant and appears to be both a business record and, partially, an admission.

21. DX-135: Sparton Proposal.

Defendant has deleted this exhibit as duplicating DX-5. Plaintiff's objection is moot

22. DX-138: Sparton drawing no. 900-4709.

This exhibit is now JX-45. Plaintiff's objection is considered moot.

23. DX-139: Amendment P0009.

Defendant has deleted this exhibit as duplicating DX-1. Plaintiff's objection is moot.

24. DX-140: Consulting Services Agreements.

Plaintiff objects to this exhibit as being irrelevant. Pl.'s Obj. at 5. Defendant responds that the exhibit is relevant to the credibility of Mr. Boyle, an expert witness of Plaintiff, citing RCFC 26(b)(2)(B) (relating to compensation paid to expert witnesses). Def.'s Resp. at 17. Defendant also states that it is relevant to the foundation for the admission of several documents. *Id.*

Plaintiff's objection is DENIED. The document is relevant.

25. DX-141: Deep DIFAR Illustration.

Plaintiff objects to this exhibit as being irrelevant and inadmissible hearsay. Pl.'s Obj. at 5. Defendant responds that the exhibit is relevant to the obviousness of the invention. Def.'s Resp. at 18. Defendant also responds that the exhibit is not hearsay, because it does not fall within the definition of hearsay. *Id.* In the alternative, Defendant responds that the exhibit falls within the Rule 803(6) or 803(16) exceptions. *Id.*

Plaintiff's objection is DENIED. The exhibit seems to be relevant. Plaintiff does not explain how a drawing can fall within the definition of hearsay. *See* Fed. R. Evid. 801(a). To the extent the drawing's label could be considered a statement, it seems to have been made by Sparton. *See* Fed. R. Evid. 801(d)(2).

26. DX-143: Sparton Interdepartmental Correspondence.

This exhibit is now JX-64. Plaintiff's objection is considered moot.

27. DX-144, DX-145, DX-146: Sonobuoy Packaging Layout Figures and Schematic Drawings.

Plaintiff objects to these exhibits as both inadmissible hearsay and irrelevant. Pl.'s Obj. at 5. Defendant responds that the exhibits are relevant to the obviousness of the invention. Def.'s Resp. at 18. Defendant also contends that the exhibits are not hearsay or are excepted from the hearsay rule by Rules 803(6) and/or (16). *Id.*

Plaintiff's objection is DENIED. The exhibits appear relevant. Plaintiff does not explain how these drawings can fall within the definition of hearsay. *See* Fed. R. Evid. 801(a). To the extent the drawings' labels can be considered statements, they seems to have been made by Sparton. *See* Fed. R. Evid. 801(d)(2).

28. DX-147: Physical Exhibit - Sonobuoy.

Plaintiff objects to this exhibit as hearsay and irrelevant. Pl.'s Obj. at 5.

Plaintiff's objection is DENIED. Plaintiff does not explain how a physical exhibit can be "an oral or written assertion." Fed. R. Evid. 801(a). The exhibit is relevant.

29. DX-148: List of Sonobuoy components.

DX-148 has been deleted as duplicating DX-40. Plaintiff's objection is moot.

30. DX-149: List of Sonobuoy components.

Plaintiff objects to this exhibit as hearsay and irrelevant. Pl.'s Obj. at 5. Defendant responds that the exhibit is relevant to obviousness and that it is either not hearsay or is excepted

from the hearsay rule by Rules 803(6) and/or (16).

Plaintiff's objection is DENIED. A list of the components in Sparton sonobuoys is relevant. The exhibit seems to be a business record.

31. DX-150: Sparton Letter to Navy.

Plaintiff objects to this exhibit as irrelevant. Pl.'s Obj. at 5. Defendant responds that the exhibit is relevant to conception and reduction to practice of the claimed inventions and to the Government's right to use the claimed inventions. Def.'s Resp. at 11.

Plaintiff's objection is GRANTED. The exhibit is identical to DX-95.1-.15.

32. DX-151, DX-152, DX-156: Inventory of Job 7400, Schematic Drawings, and Sparton Interdepartmental Correspondence

Plaintiff objects to these exhibits as irrelevant, but states it would withdraw the objection if the exhibits are restricted to the so-called "Depew device" and to Sparton's assertion of experimental use. Pl.'s Obj. at 5. Defendant responds that the exhibits are relevant to the conception and reduction to practice of the claimed inventions and to obviousness. Def.'s Resp. at 19.

Plaintiff's objection is DENIED. The documents appear to be relevant. Plaintiff's concerns about these exhibits being used in regard to any other issue should be raised at trial, if necessary and pertinent.

33. DX-157: Navy Letter to Sparton.

Plaintiff objects to this exhibit as irrelevant and inadmissible hearsay. Pl.'s Obj. at 5. Defendant responds that the exhibit is relevant to the dates of conception and reduction to practice of the inventions and that the document is not hearsay or is excepted under Rule 803(6) or (16). Def.'s Resp. at 19.

Plaintiff's objection is DENIED. The exhibit appears to be relevant and seems to be of the type kept in the regular course of business.

34. DX-158: Sparton Interdepartmental Correspondence.

Plaintiff objects to this exhibit as irrelevant. Pl.'s Obj. at 5. Defendant responds that the exhibit is relevant to practices in the sonobuoy industry. Def.'s Resp. at 19.

Plaintiff's objection is DENIED. Defendant has provided at least some minimum reason for why this document is relevant. Plaintiff has not provided any explanation for why it would

not be relevant.

35. DX-159: Sparton Electronics Proposal.

Plaintiff objects to this exhibit as irrelevant. Pl.'s Obj. at 5. Defendant responds that the exhibit is relevant to long-felt need and to the benefits of an upside-down sonobuoy deployment method. Def.'s Resp. at 19.

Plaintiff's objection is DENIED. The document appears to be relevant. Plaintiff has not explained why this document would not be relevant to any issue of the case, such as long-felt need.

36. DX-160, DX-164: Defense Technical Information Center Reports.

Plaintiff objects to these exhibits as irrelevant and inadmissible hearsay. Pl.'s Obj. at 5-6. Defendant responds that the exhibits are relevant to validity and are excepted from the hearsay rule pursuant to Rules 803(6), (8), or (16). In addition, Defendant states that these exhibits would not be offered to prove the truth of the matters they assert, but merely to show that "the information was stated." Def.'s Resp. at 19-20.

Plaintiff's objection is DENIED. This exhibits are related to the testimony of Ms. Sherman, are relevant as indicative of the art, and are likely business records.

37. DX-161, DX-163: Letters to Department of the Navy.

Plaintiff objects to these exhibits as irrelevant. Pl.'s Obj. at 5. Defendant responds that the exhibits are relevant to when the invention was conceived and/or reduced to practice. Def.'s Resp. at 19 - 20.

Plaintiff's objection is DENIED. The exhibit appears relevant.

38. DX-162: Physical exhibit - Sonobuoy.

Plaintiff objects to this exhibit as irrelevant. Pl.'s Obj. at 5. Defendant responds that the exhibit is relevant to obviousness. Def.'s Resp. at 19.

Plaintiff's objection is DENIED. A sonobuoy as an exhibit is relevant.

39. DX-165: Contract File.

Plaintiff objects to this exhibit as irrelevant and inadmissible hearsay. Pl.'s Obj. at 6. Defendant responds that the exhibit is related to the government's right to use the claimed inventions and is excepted from the hearsay rule pursuant to Rule 803(6), (8), or (16). Def.'s

Resp. at 20.

The Court agrees with Defendant that much of this exhibit is relevant. The exhibit also appears to be excepted from the hearsay rule. However, the exhibit is over 450 pages long. Upon review, it appears that many pages of this exhibit are redundant or unnecessary. For example, many of the first ten pages of the exhibit regard Sparton's employment practices. Page 165.411 regards "Payment for Overtime Premiums." Page 165.415 regards "Convict Labor." Pages 165.160 and 165.161 are virtually identical and appear, at least upon first glance, to have limited relevance.

Defendant is therefore ORDERED to provide to chambers, on or before **April 9, 2008**, a list of redundant or unnecessary pages which can be removed from DX-165.

Accordingly, Plaintiff's objection is GRANTED IN PART and DENIED IN PART. Because Plaintiff provided no explanation for its objection as to relevance, Plaintiff's objection is granted only insofar as Defendant identifies redundant and unnecessary pages of DX-165. Plaintiff's objection is denied as to the remaining pages.

40. DX-167: Partial Schematic Drawing.

Plaintiff objects to this exhibit as irrelevant and inadmissible hearsay. Pl.'s Obj. at 6. Defendant responds that the exhibit is a description of the sonobuoy in the ECP in question and is not hearsay under Rule 801(d)(2).

Plaintiff's objection is DENIED. Schematic drawings of the ECP sonobuoy design are relevant. To the extent that the exhibit contains "statements" which could be hearsay, they appear to be Sparton's own statements.

41. DX-168, DX-169, DX-171: Sparton Proposal and DICASS Sonobuoy Reports.

Plaintiff objects to these exhibits as irrelevant. Pl.'s Obj. at 6. Defendant responds that the exhibits are relevant to the government's right to use the claimed inventions, to the question of obviousness, and to whether the Mod. 4 contract was a commercial sale. Def.'s Resp. at 20.

Plaintiff's objection is GRANTED as to DX-168, as the exhibit is identical to DX-132. Plaintiff's objection is DENIED as to DX-169 and DX-171. The exhibits appear relevant.

42. DX-170, DX-172: Affidavits of Depew and Widenhofer and Attachments.

These exhibits were deleted as duplicating portions of DX-95. Plaintiff's objection is moot.

43. DX-173: Sparton Proposal.

Plaintiff objects to this exhibit as irrelevant, without explanation. Pl.'s Obj. at 6. Defendant responds that the exhibit is "relevant to obviousness." Def.'s Resp. at 21.

Plaintiff's objection is DENIED. The exhibit is a proposal by Sparton for a sonobuoy design. It appears relevant.

44. DX-174, DX-178, DX-182, DX-188, DX-193, DX-197, DX-202, DX-203, DX-206, DX-208, DX-211, DX-214: Excerpts from Deposition Transcripts.

Plaintiff objects, stating that "[t]his deposition testimony is subject to this Court's June 20, 2007 Order, paragraph 2ci(3)." Pl.'s Obj. at 6.

Plaintiff's objection is DENIED. Plaintiff did not file an opposition to Defendant's motion to present these transcripts as substantive testimony.

45. DX-220: Expert Reports of Mr. Hudson and Mr. McGavock.

Plaintiff objects to these exhibits as inadmissible hearsay and improper expert reports under *Daubert*. Pl.'s Obj. at 6. In making its objection, Plaintiff refers the Court to Plaintiff's objections to the witnesses' testimony. *Id.* Defendant responds that witnesses are "expected to testify at trial which will eliminate any hearsay objections," and that the reports are relevant to a variety of issues. Def.'s Resp. at 21.

Plaintiff's objection is DENIED. As discussed above, Plaintiff's objections regarding these witnesses are not specifically based on a Rule of Evidence or other controlling precedent. Also, the objections are directed to the weight and credibility of the evidence, not to the reliability. Moreover, the reports are clearly relevant and are found to be excepted from the hearsay rule by Rule 703.

46. DX-222: Declaration of Ms. Helen Sherman.

Plaintiff objects to this exhibit as inadmissible hearsay, improper expert testimony, and irrelevant. Pl.'s Obj. at 6. Defendant responds that the declaration contains only foundational testimony falling under Rule 104(a) and that the witness will be available in court. Def.'s Resp. at 21.

Plaintiff's objection is GRANTED. Because Ms. Sherman is expected to testify at trial, subject to the Court's restrictions set forth above, this exhibit would be cumulative.

47. DX-224, DX-229, DX-231: US Patents.

Plaintiff objects to these exhibits as irrelevant. Pl.'s Obj. at 6. Defendant responds that

these exhibits are relevant as analogous prior art. Def.'s Resp. at 21.

Plaintiff's objection is DENIED. The documents are relevant as potential prior art.

48. DX-232, DX-234: DTIC Reports.

Plaintiff objects to these exhibits as irrelevant and inadmissible hearsay. Pl.'s Obj. at 6. Defendant responds that the exhibits are relevant as analogous prior art and that they are not hearsay under Rule, 801(d)(2) or are excepted under Rule 803(6), (8), and/or (16). Def.'s Resp. at 22.

Plaintiff's objection is DENIED. The exhibits appear relevant and seem to have been generated by Sparton.

49. DX-235, DX-236: ANA Bulletin 445 and Supplement.

Plaintiff objects to these exhibits as irrelevant and inadmissible hearsay. Pl.'s Obj. at 6. Defendant responds that the exhibits are relevant to the nature of the contract formed by acceptance of the ECP and qualify for the hearsay exceptions under Rule 803(8) and/or (16). Def.'s Resp. at 22.

Plaintiff's objection is DENIED. The exhibits are relevant to the issue of the ECP and appear to be excepted from the hearsay rule.

50. DX-237: Sparton Interdepartmental Correspondence.

Plaintiff objects to this exhibit as irrelevant. Pl.'s Obj. at 6. Defendant responds that the exhibit is relevant as possible rebuttal evidence to testimony of Mr. Boyle. Def.'s Obj. at 22.

Plaintiff's objection is DENIED. The exhibit is relevant.

51. DX-238: Excerpt from Sonobuoy Instructional Manual.

Plaintiff objects to this exhibit as irrelevant and inadmissible hearsay. Pl.'s Obj. at 6. Defendant responds that the exhibit is relevant as "background" and is excepted from the hearsay rule by Rules 803(8) and/or (16). Def.'s Resp. at 22.

Plaintiff's objection is DENIED. The exhibit is relevant to the functionality of various sonobuoy designs and appears to be a business record.

52. DX-239: Excerpt of Sparton Report.

Plaintiff objects to this exhibit as irrelevant. Pl.'s Obj. at 6. Defendant responds that it is

relevant to the events surrounding creation of the invention. Def.'s Resp. at 22.

Plaintiff's objection is DENIED. The exhibit is relevant to the Beartrap Sensor Study issue.

53. DX-240: Excerpt of Government Contract.

Plaintiff objects to exhibit as irrelevant. Pl.'s Obj. at 6. Defendant responds that the exhibit is relevant to the events surrounding creation of the invention. Def.'s Resp. at 22.

Plaintiff's objection is DENIED. The exhibit appears relevant.

54. DX-241: Memo: "Award of Contract."

Plaintiff objects to exhibit as irrelevant and inadmissible hearsay. Pl.'s Obj. at 6. Defendant responds that the exhibit is relevant as background to the -0465 contract and the development of the claimed invention, and that the exhibit is excepted from the hearsay rule under Rule 803(8) or (16). Def.'s Resp. at 241.

Plaintiff's objection is DENIED. The exhibit is relevant to the contract/license issue and appears to qualify as a public record.

55. DX-242: Sparton Proposal.

Defendant submitted this exhibit, by leave of the Court, on February 25, 2008. Plaintiff submitted its objections to this exhibit on February 26, 2008, arguing that the exhibit is incomplete, irrelevant, and inadmissible hearsay. Pl.'s Objection to New Ex. D242 ("Pl.'s Supp. Obj.") at 1.

Plaintiff first points out that the exhibit consists of a heavily excerpted document (about 15 pages out of 67) and argues that "defendant should be required to introduce the entire document in evidence." Pl.'s Supp. Obj. at 1. Plaintiff does not explain why the additional pages would be necessary or relevant. Nevertheless, Defendant is ORDERED to bring complete copies of the document to trial. If Plaintiff presents persuasive arguments for why such additional pages are necessary and relevant, they shall be included in DX-242.

Plaintiff also does not explain why the exhibit is believed to be irrelevant or inadmissible hearsay. The exhibit appears to consist of Sparton's own statements regarding sonobuoy designs. Therefore, the exhibit is relevant and not hearsay, pursuant to Rule 801(d)(2).

Plaintiff also reasons that the document should not be admitted because (1) "it is unknown whether such a proposal was actually made by Sparton or received by the Navy," (2) "[i]ts author is unknown," and (3) "[d]iscovery is over." Pl.'s Supp. Obj. at 2. Plaintiff's

arguments are misdirected and not persuasive.

Whether or not this proposal was actually made or received has no bearing on its relevance as Sparton's own statements concerning sonobuoy design. Additionally, because the document was prepared by Sparton, Plaintiff should know better than any other who authored the document. Finally, the fact that discovery is over has nothing to do with Defendant's desire to include this document in its exhibit list. As Plaintiff is quick to point out, this document "was produced to defendant in the early 1990s, over 10 years ago." *Id.* at 1. Thus, Plaintiff has been aware of the content of this document since it was drafted and has long been aware that Defendant possessed this document. There is no surprise to Plaintiff by the inclusion of this document in Defendant's exhibit list. Plaintiff has had far more than ample time to consider the pertinence of this document.

Plaintiff's objection is therefore DENIED.

s/ Edward J. Damich
EDWARD J. DAMICH
Chief Judge