# In the United States Court of Federal Claims

No. 92-580 C
(Filed: April 4, 2008)

| | |
|---|---|
| **SPARTON CORPORATION,** | |
| Plaintiff, | |
| v. | |
| **THE UNITED STATES,** | |
| Defendant. | |

## ORDER

On January 22, 2008, Plaintiff filed a Motion in Limine to exclude any evidence relating to Defendant's claim that it possesses a license under the patents in suit by virtue of contract No. N00019-70-C-0133 ("the -0133 contract") and Defendant's claim that it possesses data rights to the patents in suit as a result of Contract N00019-69-C-0465 ("the -0465 contract"), because these defenses are "stale and untimely."

In its entire motion, Plaintiff cites no authority whatsoever as a basis for exclusion of the evidence. Plaintiff contents itself to simply complain of unfairness, leaving out any mention of the Rules of the Court of Federal Claims and the Federal Rules of Evidence. Even after examining Plaintiff's arguments using a generalized fairness test, they have no merit.

In regard to the -0133 contract license issue, Plaintiff makes the astounding argument that its motion, filed on January 22, *2008*, should be granted because it was not made aware until December 15, *2006*, that Defendant believed it possessed a license under the -0133 contract. According to Plaintiff, it was prejudiced because discovery had already closed by December 15, 2006, preventing it from taking discovery regarding this issue. Pl.'s Mot. at 1. In fact, Plaintiff was made aware of the possibility of a license defense based on the -0133 contract not on December 15, 2006, but on June 27, 2006, (during the expert discovery period) when Defendant served its first Amended Answers to Plaintiff's Interrogatories. Def.'s Am. Resp. at 2, Ex. 1.[1] In

[1] The June 27, 2006 amended answers informed Plaintiff that, "[w]ith respect to the '120 patent, the Government may also assert a defense of lawful right based solely on the contractual provisions of Contract No. N00019-70-C-0133." Def.'s Resp. at Ex. 1. Though Defendant's

any event, even if Plaintiff was not made aware until December 15, 2006, of the license defense, Plaintiff did not raise the "stale and untimely" issue for more than an entire year (December 15, 2006 to January 22, 2008), even though other motions in limine and motions to compel discovery were being briefed and decided during that time.[2] It is Plaintiff's *motion* that is "stale and untimely," not Defendant's license argument under the -0133 contract.[3]

Plaintiff's argument that Defendant's assertion that it has the right to use the data Plaintiff presented in documents relating to the -0465 contract is a newly raised "claim" is based on a misunderstanding of Defendant's theory of relevance for the data rights clause. According to Defendant, "[t]he data rights provisions of the [-0465] contract and procurement regulations counter plaintiff's claim" that "the Mod 4 contract was a cost-reimbursement agreement for 'experimental use' of the claimed inventions." Def.'s Am. Resp. at 5. Thus, Defendant is relying upon the data rights provision of the -0465 contract merely as evidence supporting Defendant's belief that the -0465 contract and Mod 4 were not for an "experimental use" of Plaintiff's invention. This is not a newly raised "claim."

For the reasons stated above,

Plaintiff's motion is DENIED.

---

December 15, 2006 second amended answers gave further information regarding the *evidence* upon which Defendant would rely in presenting its defense, Plaintiff was sufficiently aware of the *existence* of the defense on June 27, 2006.

[2] For example, on October 3, 2006, Plaintiff filed a Motion to Compel, seeking answers to requests for admissions and requests for production of documents, relating to the -0465 contract license issue.

[3] Defendant notes that it's first Amended Answers were precipitated by the fact that, on February 9, 2006, Plaintiff's counsel requested that certain documents be declassified. *See* Def.'s Am. Resp. at Ex. 1; Report of the United States Regarding the Status of the Government's Review of Classified Documents, April 25, 2006, at A19 (Docket Entry No. 271). The documents which were declassified at Plaintiff's request became part of the basis for Defendant's license defense. It is ironic, therefore, that Plaintiff is now attempting to suppress the very argument that it's request for declassification prompted.

Moreover, the Court is puzzled by Plaintiff's complaint in its Reply brief that the Defendant did not indicate in its response and did not indicate in its interrogatory answer when the declassification of the Beartrap Sensory Study had been requested. Aside from the apparent irrelevance of this fact, this study was one of the documents that Plaintiff itself had requested to be declassified, as mentioned above; therefore, Plaintiff had to know this fact.

s/ Edward J. Damich
EDWARD J. DAMICH
Chief Judge