IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SPARTON CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 92-580 |
| | ) | Chief Judge Edward J. Damich |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**EMERGENCY MOTION BY THE UNITED STATES FOR EXPEDITED RELIEF IN THE FORM OF AN ORDER ENTERING MS. ROWE AS A QUALIFIED PERSON UNDER THE STIPULATED PROTECTIVE ORDER**

In accordance with this court's Stipulated Protective Order (May 26, 1996),[1] as amended, defendant hereby moves for an expedited order allowing Ms. Julia Rowe to have access to proprietary information as "Qualified Person" under the Protective Order.

On March 19, 2008, defendant sent the declaration of Ms. Rowe, in the form required for entry as a Qualified Person under the Stipulated Protective Order, to plaintiff by facsimile transmission. A6-A8, A13 & A20-21. Ms. Rowe is assisting Mr. McGavock, defendant's accounting and licensing expert and is employed as an analyst by his firm. A6-A8. In accordance with paragraph 12 of the protective order, plaintiff had 20 days to object to Ms. Rowe's participation. A13-A14.

After the close of business on day 19, plaintiff's counsel sent a letter by facsimile objecting to Ms. Rowe "unless Messrs. Thomson and Lindsey are also so designated." A1. The letter further explains that Messrs. Thomson and Lindsey are attorneys "one or the other of who

[1] This Order does not appear in the court's PACER docket report. A copy is provided at Appendix A10-A21.

will be assisting Mr. Boyle at the Ann Arbor courthouse." A1, A2 & A4. Mr. Kreiss's letter states no objection to Ms. Rowe's qualifications, nor does it suggest any conflict of interest or other basis for disqualification. A1. Rather, it simply attempts to demand consent to Messrs Thomson and Lindsey[2] as the price for Ms. Rowe's participation. Such action is unconscionable and improper.

Having failed to state any basis for its objection to Ms. Rowe, plaintiff is improperly using this opportunity to disrupt defendant's trial preparation. And plaintiff clearly intends to continue its obdurate, unreasonable and vexatious behavior until stopped by the court. Awaiting a response from plaintiff (who is likely take all available time) will only further exacerbate the delay caused by plaintiff's baseless objection.

---

[2] Whether Attorneys Thomson and/or Lindsey may be present at the remote site in Ann Arbor during the testimony of Mr. Boyle would seem to be a matter strictly within the discretion of the court. In exercising its discretion, however, the court must consider the fairness, both actual and perceived, of having plaintiff's attorneys at the remote site without the court, court reporter or opposing counsel being present to observe what actions may be occurring outside the view of the camera.

We request that court enter an order designating Ms. Rowe as a qualified person under the Stipulated Protective Order without awaiting a response from plaintiff.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JOHN FARGO
Director

*/s Gary L. Hausken*
GARY L. HAUSKEN
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D. C. 20530
Tel: (202) 307-0342

April 8, 2008

J. Fargo
G. HAUSKEN

Steven Kreiss
Attorney at Law

1120 Connecticut Avenue N.W., Suite 433, Washington, DC 20036
Telephone (202) 347-6382 Facsimile (202) 347-7711

April 7, 2008

Gary L. Hausken, Esq.
Commercial Litigation Branch
Civil Division
Department of Justice
Washington D.C. 20530

**BY FACSIMILE**
(202) 307-0345

Re: Sparton Corporation v. United States,
U.S. Court of Federal Claims, No. 92-580C

Dear Mr. Hausken:

In response to your March 19, 2008 facsimile letter, please find enclosed the declarations of Thomas Thomson and Richard Lindsey, Jr., one or the other of who will be assisting Mr. Boyle at the Ann Arbor courthouse. Sparton proposes that Messrs. Thomson and Lindsey and Ms. Rowe be designated under the Stipulated Protective Order in order to assist Mr. Boyle or Mr. McGavock as the case may be. Accordingly, Sparton objects to Ms. Rowe being designated under the Stipulated Protective Order unless Messrs. Thomson and Lindsey are also so designated. Should you have any questions, please feel free to contact me at the number provided above.

Very truly yours,

Steven Kreiss

Steven Kreiss



Rec'd 4-8-08 ude

EXHIBIT A

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| SPARTON CORPORATION,<br>Plaintiff,<br>v.<br>THE UNITED STATES,<br>Defendant. | No. 92-580C<br>Judge James F. Merow |

DECLARATION OF:
Thomas L. Thompson

I, Thomas Thompson, declare and state under penalty of perjury that:

1. My address is 11694 Concord Road, Jonesville, Michigan 49250.

2. My present employer is Marcoux, Allen, ~~[illegible]~~ P.C. and the address of my present employer is 145 South Jackson Street, Jackson Michigan 49204-0787.

3. My present occupation or job description is Attorney.

4. I have received a copy of the Stipulated Protective Order in this action, which order was entered on May 26, 1993.

5. I have carefully read and understand all of the provisions of the Stipulated Protective Order.

6. I will comply with all of the provisions of the Stipulated Protective Order.

7. I will hold in confidence, will not disclose to anyone not qualified under the Stipulated Protective Order, and will use only for purposes of this action, any Proprietary Information that is supplied to me.

8. I will return each document and each other tangible thing that discloses or reveals any Proprietary Information to the attorney who provided such document or other tangible thing to me. Moreover, I will deliver any copies, abstracts, summaries, notes, or other records regarding the contents of any Proprietary Information to the attorney who provided such Proprietary Information to me.

9. I hereby submit to the jurisdiction of the United States Court of Federal Claims for the purpose of enforcement of the Stipulated Protective Order.

10. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on 4/3/08 ______________________ Signature

EXHIBIT A

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SPARTON CORPORATION, Plaintiff, v. THE UNITED STATES, Defendant. | ) | No. 92-580C Judge James F. Merow |

DECLARATION OF:
Richard C. Lindsey, Jr.

I, Richard Lindsay, declare and state under penalty of perjury that:

1. My address is 15509 17 ½ Mile Road, Marshall, Michigan 49068 RCL

2. My present employer is Marcoux, Allen, ~~Abbott, Schomer & Bower, PC~~ and the address of my present employer is 145 South Jackson Street, Jackson Michigan 49204-0787.

3. My present occupation or job description is Attorney.

4. I have received a copy of the Stipulated Protective Order in this action, which order was entered on 5/26/1993.

5. I have carefully read and understand all of the provisions of the Stipulated Protective Order.

6. I will comply with all of the provisions of the Stipulated Protective Order.

7. I will hold in confidence, will not disclose to anyone not qualified under the Stipulated Protective Order, and will use only for purposes of this action, any Proprietary Information that is supplied to me.

8. I will return each document and each other tangible thing that discloses or reveals any Proprietary Information to the attorney who provided such document or other tangible thing to me. Moreover, I will deliver any copies, abstracts, summaries, notes, or other records regarding the contents of any Proprietary Information to the attorney who provided such Proprietary Information to me.

9. I hereby submit to the jurisdiction of the United States Court Of Federal Claims for the purpose of enforcement of the Stipulated Protective Order.

10. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 4, 2008 [signature]
Signature

**U.S. Department of Justice**

Civil Division

Telephone: (202) 307-0342
Facsimile: (202) 307-0345

GLH
154-92-580

*Washington, D.C. 20530*

March 19, 2008

**By Facsimile**

Steven Kreiss, Esquire
1120 Connecticut Avenue, N.W.
Suite 433
Washington, D.C. 20036

Re: Sparton Corporation v. United States,
Court of Federal Claims No. 92-580C

Dear Mr. Kreiss:

In accordance with the Stipulated Protective Order, as amended, I am forwarding the attached declaration of Julia Rowe, who will be assisting Mr. McGavock. Should you have any questions, please feel free to contact me at the number provided above.

Very truly yours,

GARY L. HAUSKEN
Assistant Director
Commercial Litigation Branch
Civil Division

Attachment

EXHIBIT A

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SPARTON CORPORATION, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 92-580C |
| THE UNITED STATES, | ) | Judge James F. Merow |
| Defendant. | ) | |

DECLARATION OF:

______________________

I, Julia Rowe, declare and state under penalty of perjury that:

1. My address is 610 West Surf Street, #2A Chicago, IL 60657.

2. My present employer is CRA International and the address of my present employer is 101 North Wacker Drive Chicago, IL 60606.

3. My present occupation or job description is analyst.

4. I have received a copy of the Stipulated Protective Order in this action, which order was entered on 5/26/1993.

5. I have carefully read and understand all of the provisions of the Stipulated Protective Order.

6. I will comply with all of the provisions of the Stipulated Protective Order.

7. I will hold in confidence, will not disclose to anyone not qualified under the Stipulated Protective Order, and will use only for purposes of this action, any Proprietary Information that is supplied to me.

8. I will return each document and each other tangible thing that discloses or reveals any Proprietary Information to the attorney who provided such document or other tangible thing to me. Moreover, I will deliver any copies, abstracts, summaries, notes, or other records regarding the contents of any Proprietary Information to the attorney who provided such Proprietary Information to me.

9. I hereby submit to the jurisdiction of the United States Court Of Federal Claims for the purpose of enforcement of the Stipulated Protective Order.

10. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on 3 / 5 / 2008 Julia Rowe
Signature

P. 01

TRANSACTION REPORT

MAR-19-2008 WED 11:46 AM

FOR:

SEND

| DATE | START | RECEIVER | TX TIME | PAGES | TYPE | NOTE | M# | DP |
|---|---|---|---|---|---|---|---|---|
| MAR-19 | 11:45 AM | 93477711 | 34" | 4 | FAX TX | OK | 512 | |

TOTAL : 34S PAGES: 4

Telephone: (202) 307-0342
Facsimile: (202) 307-0345

FACSIMILE INFORMATION SHEET

| | |
|---|---|
| DATE: | March 19, 2008 |
| TO: | Steven Kreiss |
| ADDRESS: | 1120 Connecticut Avenue, N.W.<br>Suite 433<br>Washington, D.C. 20036 |
| FACSIMILE NUMBER: | (202) 347-7711 |
| TELEPHONE NUMBER: | (202) 347-6382 |
| FROM: | Gary L. Hausken<br>Assistant Director<br>Commercial Litigation Branch<br>Civil Division |

NUMBER OF PAGES (INCLUDING THIS INFORMATION SHEET): 4

COMMENT:

IF YOU HAVE ANY PROBLEM RECEIVING THIS FACSIMILE TRANSMISSION, PLEASE CONTACT US AT TELEPHONE NUMBER LISTED ABOVE.

The information accompanying this facsimile transmission is intended only for the use of the recipient named above. The information may contain confidential information which may also be legally privileged. If you have received this facsimile in error, please immediately notify us by telephone to arrange for return of the original documents to us, and any disclosure, copying, distribution or the taking of any action in reliance on the contents of this faced information is strictly prohibited.

FILED
MAY 26 1993
U.S. COURT OF
FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

SPARTON CORPORATION, )
Plaintiff, )
v. ) No. 92-580C
THE UNITED STATES, ) Judge James F. Merow
Defendant. )

STIPULATED PROTECTIVE ORDER

The parties having agreed and stipulated to the entry of an order pursuant to Rule 26(c) of the Rules of the United States Court of Federal Claims (RCFC) for the protection of secret, confidential, and other proprietary information (but not information classified by reason of national security), as evidenced by the signatures of the attorneys of record, and the court having approved of such order,

IT IS HEREBY ORDERED that the following provisions shall govern the conduct of further proceedings in this action:

Definitions

1. The term "Proprietary Information" shall mean any document or other tangible thing or oral testimony that contains or reveals what a party considers to be its secret, confidential, or proprietary information. In designating such information as "Proprietary Information," a party shall designate only its trade secrets, information that it has maintained in confidence, or information in which it has a proprietary interest. Each party

shall act in good faith in designating information as "Proprietary Information."

2. The term "Qualified Person" shall mean:

(a) the plaintiff, attorneys for the plaintiff, their legal assistants, and members of their support staffs;

(b) the attorney of record for the defendant, other attorneys of the Civil Division of the Department of Justice, their legal assistants, and members of their support staffs;

(c) counsel for each department or agency of the Government involved in this lawsuit, their legal assistants, and members of their support staffs;

(d) any independent expert who is retained or consulted by counsel solely for the purpose of assisting in this action; and

(e) any other person who is designated as a "Qualified Person" by order of the court or by written agreement of the parties.

Use of Proprietary Information

3. Proprietary Information shall be used solely for the purpose of this action.

4. Nothing in this order shall prevent any person, including a Qualified Person, from making use of any information that is designated as Proprietary Information if such information:

(a) was lawfully in his or her possession prior to receipt under the provisions of this order;

(b) was or becomes available to the public through no fault of a receiving party;

(c) was or is obtained from a source who is not under an obligation of secrecy to the designating party; or

(d) is exempted from the operation of this order by written consent of the designating party.

If any party or person disputes or challenges the designation of any information as Proprietary Information based upon any ground specified in subparagraphs (a) through (c), such information shall, nevertheless, be treated as Proprietary Information in accordance with the provisions of this order until such designation is removed by order of the court or by written consent of the designating party.

Disclosure of Proprietary Information

5. Proprietary Information shall not be made available to anyone other than a Qualified Person or the party who produced such Proprietary Information, except as otherwise provided in this order.

6. A document that contains or reveals Proprietary Information may be shown to any person indicated in such document to be its originator or author or the recipient of a copy.

7. A document that contains or reveals Proprietary Information may be copied by an independent commercial copying service, and an exhibit based upon such a document may be prepared by an independent printer or illustrator.

8. Proprietary Information may be disclosed to the court and its staff, stenographic reporters, official court reporters, and their assistants who are engaged in such proceedings as are necessary for the preparation and trial of this action.

9. Proprietary Information may be disclosed to a witness testifying under oath if the witness is an officer, director, or employee of the party who produced such Proprietary Information.

10. Proprietary Information may be disclosed to a witness testifying under oath if (a) the witness was an officer, director, or employee of the party who produced such Proprietary Information, and (b) the witness had actual access to such Proprietary Information during the period of his or her service or employment.

11. Nothing in this order shall prevent disclosure of Proprietary Information if the designating party consents to such disclosure or if the court, after notice to all parties, orders such disclosure.

12. Counsel desiring to disclose Proprietary Information to an independent expert according to paragraph 2(d) or any other person according to paragraph 2(e) shall first obtain a signed declaration in the form shown in attached Exhibit A from such person. At least twenty (20) days in advance of the proposed disclosure of any Proprietary Information to such person, counsel shall serve a copy of the signed declaration upon each other party. A party may object for cause to the proposed disclosure by serving a written objection upon each other party within

twenty (20) days after receiving the copy of the signed declaration. If any party objects to the proposed disclosure, no Proprietary Information shall be disclosed to such person except by order of the court or by written consent of the objecting party. Failure to timely object shall operate as a waiver of the objection.

Identification and Marking of Proprietary Information

13. Any document or other tangible thing that contains or reveals Proprietary Information shall be labeled with the legend "CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER, SPARTON CORP. v. UNITED STATES, CIVIL ACTION NO. 92-580-C" or "PROPRIETARY" or a marking of like import. For a document, such marking shall appear on each page of the document that contains Proprietary Information. Any document or other tangible thing so labeled and the information it contains or reveals shall be treated in accordance with the provisions of this order. Any Proprietary Information not reduced to documentary or physical form or which cannot be conveniently labeled shall be so designated by a party by serving a written notification to the receiving party.

14. When a party initially produces documents for inspection by a Qualified Person, no marking need be made by the producing party in advance of the inspection. For purposes of the inspection, all documents shall be treated as containing Proprietary Information. After the receiving party selects specified documents for copying, the producing party shall use

its best efforts to appropriately mark the copies of the selected documents before they are provided to the receiving party.

15. Information disclosed at the deposition of a party or one of its present or former officers, directors, employees, agents, or consultants may be designated as Proprietary Information by that party either (a) on the record at the deposition or (b) by serving a written notification on each other party within thirty (30) days of receipt of the transcript by counsel for the designating party. Such written notification shall identify the specific pages and lines of the transcript that contain Proprietary Information. A copy of such written notification shall be attached to the face of the transcript and each copy of the transcript in the possession, custody, or control of any Qualified Person. All information disclosed during a deposition shall be treated as Proprietary Information until at least thirty (30) days after a transcript of the deposition is received by counsel for each of the parties. A deponent may review the transcript of his or her deposition at any time.

16. Only Qualified Persons, the deponent, and the court reporter shall be allowed to attend any portion of a deposition in which Proprietary Information is used or elicited from the deponent.

17. If a party designates information as Proprietary Information on the record at a deposition, the court reporter, to the extent possible, shall segregate into separate transcripts

information designated as Proprietary Information from information not so designated. The page numbers of the separate transcripts shall be consecutive so as to permit the pages to be merged into a complete transcript at the time of trial or as the court may direct.

Challenges to Proprietary Information Designation

18. A party shall not be obligated to challenge the propriety of a Proprietary Information designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that a party disagrees at any time with a Proprietary Information designation made by another party, the parties shall make a good-faith attempt to resolve the dispute on an informal basis. If the parties cannot resolve the dispute, the objecting party may seek appropriate relief from the court, and the designating party shall have the burden of proving that its Proprietary Information designation is proper.

Filing of Proprietary Information

19. The Clerk of the United States Court of Federal Claims is directed to maintain under seal any pleading, motion, brief, memorandum, affidavit, declaration, transcript, response to a discovery request, or other document, or exhibit or tangible thing filed with the court that has been designated, in whole or in part, as containing or revealing Proprietary Information.

20. In the event that a party wishes to use any Proprietary Information in any pleading, motion, brief, memorandum, affidavit, declaration, transcript, response to a discovery

request, or other document, or in any exhibit or tangible thing filed with the court, each document or exhibit or tangible thing containing Proprietary Information shall be labeled in accordance with paragraph 13 of this order. Nothing shall prevent the parties from agreeing to additional procedures for filing documents or exhibits or tangible things with the court.

Advice to Clients

21. Nothing in this order shall bar or otherwise restrict an attorney herein from referring to or relying upon his or her examination of Proprietary Information while rendering advice to his or her client with respect to this action. In rendering such advice and in otherwise communicating with his or her client, the attorney shall not disclose any Proprietary Information if such disclosure would be contrary to the provisions of this order.

Miscellaneous

22. No party shall be responsible to another party for any use made of information that was produced and not designated as Proprietary Information.

23. Nothing in this order shall prejudice the right of any party to oppose production of any information for lack of relevance, privilege, or any ground other than confidentiality.

24. Nothing in this order shall prejudice the right of any party to seek at any time a further order modifying this protective order.

25. Nothing in this order shall prejudice the right of any party to bring before the court at any time the question of whether any greater or lesser restrictions should be placed upon the disclosure of any Proprietary Information.

26. Within ninety (90) days after the termination of this action, each document and each other tangible thing that contains or reveals Proprietary Information and any copies, abstracts, summaries, notes, or other records regarding the contents of any Proprietary Information shall be either (a) returned to the attorney of record for the producing party or (b) destroyed with a representation of such destruction being made to the attorney of record for the producing party. Any portion of the official record that contains or reveals Proprietary Information shall be exempt from this provision.

27. The provisions of this order shall survive and remain in full force and effect after the termination of this action.

28. This order may be amended as need may arise by written agreement of the parties without prior leave of the court.

SO ORDERED:

BY THE COURT:

Dated: May 24, 1993

JAMES F. MEROW
Judge, United States Court of Federal Claims

The foregoing protective order is agreed to and accepted as to both form and substance.

Dated: May 19, 1993

ROBERT C. MILLER, Esq.
Oblon, Spivak, McClelland,
Maier & Neustadt P.C.
Suite 400
1755 Jefferson Davis Highway
Arlington, VA 22202
Telephone: (703) 413-3000

Attorney for Plaintiff

STUART E. SCHIFFER
Acting Assistant Attorney General

VITO J. DiPIETRO
Director

Dated: May 24, 1993

CARL M. DeFRANCO JR.
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D.C. 20530
Telephone: (202) 307-0333

Attorneys for Defendant

EXHIBIT A

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SPARTON CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 92-580C<br><br>Judge James F. Merow |

DECLARATION OF:

____________________________

I, ___________________________________, declare and state under penalty of perjury that:

1. My address is ______________________________________________________________________________________.

2. My present employer is __________________________________ and the address of my present employer is _____________________________________________________________________________________.

3. My present occupation or job description is ____________________________________________________________________________________________.

4. I have received a copy of the Stipulated Protective Order in this action, which order was entered on __________________.

5. I have carefully read and understand all of the provisions of the Stipulated Protective Order.

6. I will comply with all of the provisions of the Stipulated Protective Order.

7. I will hold in confidence, will not disclose to anyone not qualified under the Stipulated Protective Order, and will use only for purposes of this action, any Proprietary Information that is supplied to me.

8. I will return each document and each other tangible thing that discloses or reveals any Proprietary Information to the attorney who provided such document or other tangible thing to me. Moreover, I will deliver any copies, abstracts, summaries, notes, or other records regarding the contents of any Proprietary Information to the attorney who provided such Proprietary Information to me.

9. I hereby submit to the jurisdiction of the United States Court Of Federal Claims for the purpose of enforcement of the Stipulated Protective Order.

10. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on ______________________ ____________________________
Signature