IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| SPARTON CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 92-580C<br>Chief Judge Edward Damich |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S "EMERGENCY MOTION … FOR … AN ORDER ENTERING MS. ROWE AS A QUALIFIED PERSON UNDER THE STIPULATED PROTECTIVE ORDER" [DOCKET NO. 328]**

Sparton Corporation ("Sparton") responds to defendant's emergency motion ("DEM") to designate Ms. Rowe as a qualified person under the stipulated protective order. In its motion, defendant contends that Sparton is improperly using this opportunity – in objecting to Ms. Rowe's designation under the protective order without basis- to disrupt defendant's trial preparation. DEM 2. Defendant further contends that it should not be required to consent to Messrs. Thomson and Lindsey being designated qualified persons under the stipulated protective order in exchange for Ms. Rowe being so designated. In conclusion, defendant states that Sparton's behavior in requesting a trade of persons designated under the protective order is "… obdurate, unreasonable and vexatious …." DEM 2.

Defendant's position is meritless and does not set forth the entire "picture" behind defendant's request to designate Ms Rowe under the stipulated protective order.

Defendant acknowledges that "… Ms. Rowe is assisting Mr. McGavock, defendant's accounting and licensing expert and is employed as an analyst by his firm." DEM 1. The Court may be left with the impression that defendant's expert Mr. McGavock may need assistance from a member of his firm. The defendant has not informed the Court, however, that defendant had designated three other members of Mr. McGavock's firm, Robert Goldman, Mathew Vold, Kevin Bailey, under the stipulated protective order to assist Mr. McGavock. See exhibit A. As concerns the core of defendant's motion, i.e. Sparton's behavior is "… obdurate, unreasonable and vexatious …[,]" the Court should note that **Sparton raised no objection to defendant's designation of these three employees of Mr. McGavock's firm under the stipulated protective order** to assist Mr. McGavock. Bold and/or underscored words are for emphasis added. In other words, Sparton fully cooperated with defendant regarding stipulated protective order designations. The designation of Ms. Rowe under the stipulated protective order to assist Mr. McGavock now raises the number of McGavock assistants to four. Defendant has not explained to Sparton why Mr. McGavock now needs four, instead of the original three, assistants to assist him. Instead, one month before trial, defendant now requests a fourth McGavock assistant to be designated under the stipulated protective order.

Rather than rejecting or objecting to defendant's request, Sparton attempted to accommodate defendant by not opposing Ms. Rowe's designation under the stipulated protective order if defendant likewise agreed to accommodate Sparton by not opposing Messrs. Thomson's and Lindsey's designation under said protective order. Messrs. Thomson's and Lindsey's protective order designation is important to Sparton because one or the other of these designees will assist the nearly 82 year old Mr. Boyle in traveling to Ann Arbor, Michigan, to attend the video trial sessions and, due to the volume of documents in loose leaf binders to which Mr. Boyle will be testifying, Mr. Thomson or Mr. Lindsey will merely assist Mr. Boyle in removing or replacing documents from the referenced loose leaf binders already supplied to this Court. In other words, Mr. Thomson or Mr. Lindsey will not review any confidential information contained in documents marked confidential or proprietary under the protective order. In order to prevent any innocent violation of the protective order, Sparton thought it prudent to designate Mr. Thomson and Mr. Lindsey under the stipulated protective order. Sparton disagrees with defendant that requesting a trade of designated qualified persons under the protective order is tantamount to "… obdurate, unreasonable and vexatious …" behavior. Sparton believes that its trade request was a good faith cooperative

gesture. Sparton did not believe that a matter such as a designation under the stipulated protective order was now necessary for court adjudication. If defendant had desired to expedite Ms. Rowe's designation under the stipulated protective order, all its counsel needed to do was to contact Sparton's counsel with any concern he may have had in connection with Messrs. Thomson's and Lindsey's protective order designation. Defendant's counsel would have learned that Messrs. Thomson and Lindsey are only procedurally assisting Mr. Boyle and are not assisting him on any substantive matter in this litigation. Messrs. Thomson and Lindsey are attorneys with a local firm in Jackson, Michigan, which represents Sparton. They are neither patent attorneys nor knowledgeable of the substantive issues in this case. They are not assisting Sparton's counsel. They are only assisting Mr. Boyle.

Sparton addresses an additional matter related to defendant's motion. Sparton sent defendant a letter dated April 8, 2008 requesting that Sparton's expert Gerry Martin be designated under the stipulated protective order. See Exhibit B. On April 10, 2008, defendant objected to Mr. Martin's designation because, although he is a former Sparton employee, he has actively participated in this case for over 10 years, has been closely associated with Sparton during the entirety of this litigation and Sparton now

requests two weeks before trial that Mr. Martin be permitted access to protective material. See Exhibit C. Although defendant's objection to Mr. Martin undercuts its argument with respect to Ms. Rowe and the timeliness of defendant's designation request for her, Sparton submits that all the above referenced individuals, including Mr. Martin, should be designated under the stipulated protective order. All of defendant's objections raised against Mr. Gerry Martin were likewise raised against Mr. Boyle when Sparton sought his designation under the stipulated protective order. Judge Merow overruled these objections. See defendant's opposition to Sparton's motion to designate Mr. Boyle under the stipulated protective order, filed December 5, 1997, Docket #101 and Judge Merow's March 30, 1998 Order granting Sparton's motion, Docket #111. Sparton requests Mr. Gerry Martin's designation because he then can review Mr. McGavock's expert report and testify in regard thereto, especially with respect to the royalty base. Mr. McGavock's expert report was marked confidential by defendant. Sparton's expert Mr. Gerry Martin is the only expert proferred by Sparton in regard to the royalty base issue. Rather than casting aspersions against defendant's counsel, as he has done respecting Sparton's counsel, Sparton submits that a cooperative trial atmosphere will best be achieved by

the designation of the above named individuals under the stipulated protective order.

In view of the foregoing, Sparton submits that defendant's motion should be denied or declared moot by the designation of all herebefore named individuals under the stipulated protective order. Sparton requests a short telephonic hearing in regard to defendant's motion.

Respectfully submitted,
Sparton Corporation, Plaintiff

Dated: April 11, 2008

s/Steven Kreiss
Steven Kreiss
Attorney for Plaintiff
1120 Connecticut Avenue NW
Suite 433
Washington D.C. 20036
Telephone: (202) 347-6382
Facsimile: (202) 347-7711