# In the United States Court of Federal Claims

No. 92-580 C
(Filed: April 14, 2008)

**********************************
SPARTON CORPORATION, Plaintiff,
v.
THE UNITED STATES, Defendant.
**********************************

## ORDER

On February 20, 2008, the Court held a telephonic status conference at which Defendant's counsel requested leave to file a motion in limine after the January 22, 2008 deadline for motions in limine relating to witnesses and exhibits. *See* Pretrial Order, June 20, 2007, ¶ 2(c)(i)(4) (Docket Entry #290). The Court instructed Defendant to file its motion in limine on or before February 27, 2008, and to provide justification in the motion for its filing past the deadline. *See* Scheduling Order, February 20, 2008 (Docket Entry #312). Plaintiff was instructed to include an opposition to the untimely filing of Defendant's motion, if it chose to do so, in its response brief, in addition to Plaintiff's substantive arguments. *Id.*

Defendant filed the present Motion in Limine on February 20, 2008. Plaintiff filed a response brief on March 10, 2008, opposing Defendant's motion both substantively and as being untimely.

In its motion, Defendant requests that Plaintiff be precluded from using a settlement offer Plaintiff made in 1981 as evidence of reasonable compensation. Def.'s Mot. in Limine at 1. Defendant contends that evidence of Plaintiff's settlement offer is not admissible pursuant to Rule 408 of the Federal Rules of Evidence.[1] *Id.* at 3. However, Defendant qualifies its argument

---

[1] Rule 408 states:

a) Prohibited uses – Evidence of the following is not admissible on behalf of any party, when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent

by stating that the "facts disclosed and discussed by plaintiff during the settlement discussions are relevant and admissible in this case" for other purposes. *Id.* at 6. In other words, Defendant does not object to any particular exhibit relating to Plaintiff's 1981 settlement proposal (DX-86 to DX-96) or to any expert report which mentions the proposal. Defendant merely requests that the Court "disregard the references to the offered amount" and ignore "the settlement offer in determining what compensation, if any, is appropriate in this case." *Id.* at 5.

Defendant's justification for filing its motion is twofold: (1) Defendant was not made aware that Plaintiff would rely on its settlement offer as evidence of reasonable compensation until Plaintiff filed its pretrial brief on February 6, 2008, and (2) the Court's Pretrial Order at paragraph 3(b)(iii) permits filing of "other" motions in limine not related to witnesses or exhibits up to March 6, 2008.

In regard to Defendant's first justification, the Court finds that Defendant should have been aware of Plaintiff's plan to rely upon its settlement offer as evidence of reasonable compensation in 2006. As Plaintiff points out, the expert report of Mr. Gerald Martin states that one of the "conclusions/opinions" that Mr. Martin "*will present*" is that "Sparton offered the Navy a settlement license about February 11, 1981 at a 5% rate...." Pl.'s Resp. at 2-3; PX-246.3 (emphasis added). The expert report of Mr. Donald Martin also mentions Plaintiff's settlement proposal: "Sparton offered a settlement license to the U.S. Navy at a royalty rate of 5%," which "should be thought of only as a floor for the reasonable royalty rate." PX-248.15. Without any argument from Defendant to the contrary, the Court assumes that these expert reports were timely submitted to Defendant by the close of expert discovery in August 2006. *See* Scheduling Order, February 2, 2006, at 2 (Docket Entry #256).

Defendant first presented the second of its two justifications, the March 6, 2008 deadline for motions in limine under paragraph 3(b)(iii), in its reply brief, thereby not affording Plaintiff

---

statement or contradiction:

> (1) furnishing or offering or promising to furnish--or accepting or offering or promising to accept--a valuable consideration in compromising or attempting to compromise the claim; and
>
> (2) conduct or statements made in compromise negotiations regarding the claim, except when offered in a criminal case and the negotiations related to a claim by a public office or agency in the exercise of regulatory, investigative, or enforcement authority.

(b) Permitted uses – This rule does not require exclusion if the evidence is offered for purposes not prohibited by subdivision (a). Examples of permissible purposes include proving a witness's bias or prejudice; negating a contention of undue delay; and proving an effort to obstruct a criminal investigation or prosecution

an opportunity to respond to this argument. Regardless, the Court finds that the present motion is not one which falls into the category of motions in limine having a deadline of March 6, 2008. Though Defendant purports to seek a limitation on the arguments which may be presented to the Court, the practical effect of Defendant's request, as it regards trial, is to limit the testimony of Plaintiff's experts in regard to reasonable royalty rates. Objections to witness testimony were required to be filed, in one form or another, by January 22, 2008. *See* Pretrial Order, June 20, 2007, ¶ 2(c)(i)(4) (Docket Entry #290).

Thus, Defendant did not first learn of Plaintiff's reliance upon its 1981 settlement offer on February 6, 2008, when Plaintiff filed its pretrial brief. Rather, Defendant was aware of this fact for approximately 18 months before filing the present motion in limine, and could have filed this motion long ago. More importantly, Defendant did not object to Plaintiff's damages experts' proposed testimony or to their expert reports under Rule 408 by the deadline of by January 22, 2008.

Because Defendant was dilatory in raising the issue of the applicability of Rule 408 to evidence of Plaintiff's settlement offer, Defendant's motion in limine is DENIED.

s/ Edward J. Damich
EDWARD J. DAMICH
Chief Judge