# In the United States Court of Federal Claims

No. 92-580 C

(Filed: April 14, 2008)

| | |
|---|---|
| **SPARTON CORPORATION,** | * |
| Plaintiff, | * |
| v. | * |
| **THE UNITED STATES,** | * |
| Defendant. | * |

## ORDER

Before the Court is Defendant's emergency motion requesting an order designating Ms. Julia Rowe, an assistant to Defendant's expert witness Mr. Daniel McGavock, as a "Qualified Person" under the Stipulated Protective Order of May 26, 1996 (as amended).

Defendant submitted to Plaintiff on March 19, 2008, the proper forms requesting Ms. Rowe's entry under the Protective Order. Def.'s Mot. at A6. By letter of April 7, 2008, Plaintiff objected to Ms. Rowe's designation as a Qualified Person, without stating a substantive basis. Def.'s Mot. at A1. Instead, Plaintiff simply demanded Defendant's assent to the designation of Attorneys Thomson and Lindsey (*one* of whom will assist Mr. Charles Boyle during his videoconferenced testimony in Ann Arbor, Michigan) in exchange for Ms. Rowe's designation. *Id.* Defendant then filed the present motion on April 8, 2008.

Plaintiff filed a response in opposition to Defendant's motion on April 11, 2008, in which Plaintiff stated that it objects to the designation of Ms. Rowe because she would be the fourth assistant to Mr. McGavock to be granted "Qualified Person" status under the Protective Order. Pl.'s Resp. at 2. Plaintiff also stated its reasoning for why Attorneys Thomson and Lindsey should be designated under the Protective Order and attempted to bring up "an additional matter related to defendant's motion": whether Mr. Gerald Martin should be designated as a "Qualified Person" under the Protective Order. *Id.* at 3-4.

In its reply brief, Defendant states that Ms. Rowe is replacing one of Mr. McGavock's previous assistants who is no longer working on this case. Def.'s Reply at 3. Finding this reason to be sufficient, the Court hereby GRANTS Defendant's motion. Ms. Rowe shall be considered

a "Qualified Person" under the Protective Order.

The Court notes, as Defendant points out in its reply brief, that it is improper to attempt to seek independent relief from the Court in a responsive briefing. *See* Def.'s Reply at 5 (citing RCFC 7(b)(1)). Plaintiff must file its own motion, if it seeks an order from the Court designating individuals under the Protective Order. If Plaintiff chooses to file such a motion with respect to Mr. Martin, Plaintiff shall discuss Judge Merow's reasoning with respect to Mr. Boyle's designation and the applicability of that reasoning to Mr. Martin's proposed designation. If Plaintiff chooses to file such a motion with respect to Attorneys Thomson and/or Lindsey, Plaintiff shall specify which one of these individuals will be assisting Mr. Boyle.

However, the Court will not entertain any further motions regarding the designation of individuals under the Protective Order past **April 16, 2008**. Response briefs to any such motions shall be filed on or before **April 17, 2008**. Any reply briefs shall be filed on or before **April 18, 2008**.

s/ Edward J. Damich
EDWARD J. DAMICH
Chief Judge