IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| SPARTON CORPORATION, Plaintiff, v. THE UNITED STATES, Defendant. | No. 92-580C<br>Chief Judge Edward Damich |

**PLAINTIFF'S MOTION FOR AN ORDER ENTERING MESSRS. THOMPSON, LINDSEY AND MARTIN AS QUALIFIED PERSONS UNDER THE STIPULATED PROTECTIVE ORDER**

Sparton Corporation ("Sparton") moves for an order to designate Messrs. Thomas Thompson, Richard Lindsey and Gerald Martin as qualified persons under the May 26, 1993 stipulated protective order. The Declarations of Messrs. Thomas Thompson and Richard Lindsey submitted to defendant under said protective order are attached as Exhibit A. Messrs.Thompson's and Lindsey's protective order designation is important to Sparton because one or the other of these designees should assist the nearly 82 year old Mr. Boyle in (a) traveling to Ann Arbor, Michigan, to attend the video trial sessions, and (b) removing or replacing voluminous documents from the loose leaf binders to which Mr. Boyle will be testifying. Those binders have already been supplied to this Court.

The Court has requested Sparton to specify which one of these two individuals will assist Mr. Boyle. Sparton will select Mr. Thompson to assist Mr. Boyle. Both were

identified, however, because one was ill, and Sparton's counsel has not had an opportunity, after reviewing the Court's April 14, 2008 Order, to determine which one was ill. If Mr. Thompson is ill, then Sparton requests that Mr. Lindsey be permitted to assist Mr. Boyle.

Mr. Thompson or Mr. Lindsey will not review any confidential information contained in documents marked confidential or proprietary under the protective order. In order to prevent any innocent violation of the protective order, Sparton thought it prudent to designate Mr. Thompson and Mr. Lindsey under the stipulated protective order. Messrs. Thompson and Lindsey are only procedurally assisting Mr. Boyle and are not assisting him on any substantive matter in this litigation. Messrs. Thompson and Lindsey are attorneys with a local firm in Jackson, Michigan, which represents Sparton. They are neither patent attorneys nor knowledgeable of the substantive issues in this case. They are not assisting Sparton's counsel. They are only assisting Mr. Boyle.

Sparton sent defendant a letter dated April 8, 2008 requesting that Sparton's expert Gerry Martin be designated under the stipulated protective order. See Exhibit B which includes Mr. Martin's Declaration under the stipulated protective order. On April 10, 2008, defendant objected to Mr. Martin's designation because, although he is a former

Sparton employee, he has actively participated in this case for over 10 years, has been closely associated with Sparton during the entirety of this litigation and Sparton now requests two weeks before trial that Mr. Martin be permitted access to protective material. See Exhibit C. All of defendant's objections raised against Mr. Martin were likewise raised against Mr. Boyle when Sparton sought the latter's designation under the stipulated protective order. Judge Merow overruled these objections on the grounds that (1) Mr. Boyle was not an officer, shareholder or employee of Sparton since 1992, (2) Mr. Boyle was not involved in Sparton competitive decisions, (3) the extent of Mr. Boyle's association with Sparton was in regard to this litigation, (4) the potential for his future involvement in Sparton's competitive decisions was nil, and (5) Mr. Boyle was willing to forego any involvement in Sparton's competitive decisions. See defendant's opposition to Sparton's motion to designate Mr. Boyle under the stipulated protective order, filed December 5, 1997, Docket #101, and Judge Merow's March 30, 1998 Order granting Sparton's motion, Docket #111.

Mr. Martin's curriculum vitae is attached as Exhibit D. It establishes that Mr. Martin retired from Sparton in 2001 and is no longer a Sparton employee. He has not been involved in Sparton's competitive decisions for over 6 years. His sole association with Sparton is as a contracts

expert to develop the royalty base and rate in regard to the issue of damages. Sparton requests Mr. Gerry Martin’s designation because he then can review Mr. McGavock’s expert report, presently marked confidential by defendant, and testify in regard thereto, especially with respect to the royalty base. Mr. McGavock’s entire expert report was marked confidential by defendant even though the royalty base was allegedly determined by a review of non-confidential government contracts. Sparton’s expert Mr. Gerry Martin is the only expert proferred by Sparton in regard to the royalty base issue. He should be allowed to review defendant’s royalty base contentions advanced by Mr. McGavock. To achieve this end, he must be designated under the stipulated protective order.

In view of the foregoing, Sparton submits that its motion should be granted.

Respectfully submitted,
Sparton Corporation, Plaintiff

Dated: April 15, 2008

s/Steven Kreiss
Steven Kreiss
Attorney for Plaintiff
1120 Connecticut Avenue NW
Suite 433
Washington D.C. 20036
Telephone: (202) 347-6382
Facsimile: (202) 347-7711

EXHIBIT A

**U.S. Department of Justice**

GLH:mm
154-92-580

Telephone: (202) 307-0342
Facsimile: (202) 307-0345

*Washington, D.C. 20530*

June 10, 2005

**VIA FACSIMILE AND CONFIRMATORY COPY**

Steven Kreiss, Esquire
1120 Connecticut Avenue, N.W. (Suite 240)
Washington, D. C. 20036

Re: *Sparton Corporation v. United States*,
Court of Federal Claims No. 92-580 C

Dear Steve:

Pursuant to paragraphs 2(e) and 12 of the Order, the United States desires to give access to information which may include that designated as "Proprietary Information" by your client, Sparton Corporation, to the following independent experts, all of CRA International in Chicago:

Robert B. Goldman, Principal
Matthew S. Vold, Associate
Kevin J. Bailey, Analyst

We request your company's written permission to designate the above individuals as "Qualified Persons" under the Order. Copies of a curriculum vitae and the required declaration under the Order for each of them are also enclosed.

Thank you for your cooperation. Please feel free to call me at the above telephone number should you have any questions.

Very truly yours,

GARY L. HAUSKEN
Assistant Director
Commercial Litigation Branch
Civil Division

Enclosures

EXHIBIT A

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SPARTON CORPORATION, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 92-580C |
| THE UNITED STATES, | ) | Judge James F. Merow |
| Defendant. | ) | |

DECLARATION OF:
Thomas L. Thompson

I, Thomas Thompson, declare and state under penalty of perjury that:

1. My address is 11694 Concord Road, Jonesville, Michigan 49250.

2. My present employer is Marcoux, Allen, ~~Abbott, Schomer & Bower~~ P.C., and the address of my present employer is 145 South Jackson Street, Jackson Michigan 49204-0787.

3. My present occupation or job description is Attorney.

4. I have received a copy of the Stipulated Protective Order in this action, which order was entered on May 26, 1993.

5. I have carefully read and understand all of the provisions of the Stipulated Protective Order.

6. I will comply with all of the provisions of the Stipulated Protective Order.

A

7. I will hold in confidence, will not disclose to anyone not qualified under the Stipulated Protective Order, and will use only for purposes of this action, any Proprietary Information that is supplied to me.

8. I will return each document and each other tangible thing that discloses or reveals any Proprietary Information to the attorney who provided such document or other tangible thing to me. Moreover, I will deliver any copies, abstracts, summaries, notes, or other records regarding the contents of any Proprietary Information to the attorney who provided such Proprietary Information to me.

9. I hereby submit to the jurisdiction of the United States Court Of Federal Claims for the purpose of enforcement of the Stipulated Protective Order.

10. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on 4/3/08 ____________________ Signature

EXHIBIT A

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SPARTON CORPORATION, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 92-580C |
| THE UNITED STATES, | ) | Judge James F. Merow |
| Defendant. | ) | |

DECLARATION OF:
Richard C. Lindsey, Jr.

I, Richard Lindsay, declare and state under penalty of perjury that:

1. My address is 15509 17 ½ Mile Road, Marshall, Michigan 49068. RCL

2. My present employer is Marcoux, Allen, ~~Abbott, Schomer & Bower, PC~~ and the address of my present employer is 145 South Jackson Street, Jackson Michigan 49204-0787.

3. My present occupation or job description is Attorney.

4. I have received a copy of the Stipulated Protective Order in this action, which order was entered on 5/26/1993.

5. I have carefully read and understand all of the provisions of the Stipulated Protective Order.

6. I will comply with all of the provisions of the Stipulated Protective Order.

7. I will hold in confidence, will not disclose to anyone not qualified under the Stipulated Protective Order, and will use only for purposes of this action, any Proprietary Information that is supplied to me.

8. I will return each document and each other tangible thing that discloses or reveals any Proprietary Information to the attorney who provided such document or other tangible thing to me. Moreover, I will deliver any copies, abstracts, summaries, notes, or other records regarding the contents of any Proprietary Information to the attorney who provided such Proprietary Information to me.

9. I hereby submit to the jurisdiction of the United States Court Of Federal Claims for the purpose of enforcement of the Stipulated Protective Order.

10. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 4, 2008 ______________________
Signature

EXHIBIT B

Steven Kreiss
Attorney at Law

1120 Connecticut Avenue N.W., Suite 433, Washington, DC 20036
Telephone (202) 347-6382 Facsimile (202) 347-7711

April 8, 2008

Gary L. Hausken, Esq.
Commercial Litigation Branch
Civil Division
Department of Justice
Washington D.C. 20530

**BY FACSIMILE**
(202) 307-0345

Re: Sparton Corporation v. United States,
U.S. Court of Federal Claims, No. 92-580C

Dear Mr. Hausken:

In further response to your March 19, 2008 facsimile letter, please find enclosed the declaration of Gerald Martin. Sparton proposes that Mr. Martin and Ms. Rowe be designated under the Stipulated Protective Order. Accordingly, Sparton objects to Ms. Rowe being designated under the Stipulated Protective Order unless Mr. Martin is also so designated. Should you have any questions, please feel free to contact me at the number provided above.

Very truly yours,

Steven Kreiss

EXHIBIT A

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SPARTON CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | No. 92-580C<br><br>Judge James F. Merow |

DECLARATION OF:

Gerald Martin

I, Gerald Martin, declare and state under penalty of perjury that:

1. My address is 1617 Lakeside Drive DeLand Florida 32720.

2. My present employer is Retired and the address of my present employer is ________________.

3. My present occupation or job description is Retired; Government contracts expert.

4. I have received a copy of the Stipulated Protective Order in this action, which order was entered on 5-26-1993.

5. I have carefully read and understand all of the provisions of the Stipulated Protective Order.

6. I will comply with all of the provisions of the Stipulated Protective Order.

7. I will hold in confidence, will not disclose to anyone not qualified under the Stipulated Protective Order, and will use only for purposes of this action, any Proprietary Information that is supplied to me.

8. I will return each document and each other tangible thing that discloses or reveals any Proprietary Information to the attorney who provided such document or other tangible thing to me. Moreover, I will deliver any copies, abstracts, summaries, notes, or other records regarding the contents of any Proprietary Information to the attorney who provided such Proprietary Information to me.

9. I hereby submit to the jurisdiction of the United States Court Of Federal Claims for the purpose of enforcement of the Stipulated Protective Order.

10. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on 4/7/2008 [signature]
Signature

**EXHIBIT C**

**U.S. Department of Justice**

Civil Division

Telephone: (202) 307-0342
Facsimile: (202) 307-0345

GLH
154-92-580

*Washington, D.C. 20530*

April 10, 2008

**By Facsimile w/ Confirming Copy**

Steven Kreiss, Esquire
1120 Connecticut Avenue, N.W.
Suite 433
Washington, D.C. 20036

Re: Sparton Corporation v. United States,
<u>Court of Federal Claims No. 92-580C</u>

Dear Mr. Kreiss:

In your letter of April 8, 2008, you enclose a declaration by Mr. Gerald Martin, and propose an exchange permitting Ms. Julia Rowe, an analyst with CRA International, to see protected information if Mr. Martin is likewise allowed to see such information under the Stipulated Protective Order. In short, you are refusing to consent to Ms. Rowe's application unless we agree to allow Mr. Martin access to protected information. We reject your proposal because their applications are not comparable.

We object to Mr. Martin receiving access to protected information. Mr. Martin is a former employee of Sparton Corporation and has been closely associated with Sparton during the entirety of this litigation. Accordingly, Mr. Martin is not an "independent" expert and not entitled to the protected information of the Government or its contractors.

Further, Mr. Martin has been actively participating in this case for over 10 years. Yet, only now – less than two weeks before the start of trial – do you ask that Mr. Martin be permitted to see protected material. This is rather surprising, since he prepared his report about two years ago and testified at a deposition over a year ago. Mr. Martin apparently did not require access to protected information for either of those events, and you have not explained why he needs such access now.

Finally, we note that, like your letter of April 7, 2008, you have again failed to state any objection to Ms. Rowe's being a Qualified Person under the Stipulated Protective Order. Since you have failed to state any basis, we conclude that your objection is raised only for the purpose

of attempting the exchanges proposed in your letters of April 7 and 8. We have previously informed you and the court that we view the previously proposed exchange as unconscionable and improper, and we view the present proposal as being the same. Each person's request for access to protected information must stand or fall on that person's qualifications and the potential risk to the protected information, not on the perceived leverage that can be gained by one party over another.

Very truly yours,

GARY L. HAUSKEN
Assistant Director
Commercial Litigation Branch
Civil Division

EXHIBIT D

GERALD E. MARTIN
1617 Lakeside Drive
DeLand, FL 32720

EMPLOYMENT: Contracts Manager - Sparton Electronics 1988 - 2001
Senior Contract Administrator - BBA Systems 1986 - 1988

Dec 1982 - 1986 — Senior Contract Administrator - Brunswick Defense Division

Responsible for proposal preparation, contract negotiation/administration of DoD prime contracts for electronics systems with the US Army Armament, Munitions and Chemical Command and direct sales to foreign customers through an international marketing agent. Prepare contractor's position regarding legal interpretation of potential claims and disputes. Possess unlimited delegation of authority to sign contractual documents on behalf of Brunswick Defense Division.

Mar ~~1981~~ 1981 - Dec 1982 — Senior Contract Administrator - Martin Marietta Orlando Aerospace

Administered complex contracts for electronics systems with DoD prime contractors including McDonnel Douglass Corp., Honeywell, Inc., Kollsman Instrument Co., AAI Corp., Optics Electronics Corp., and Westinghouse Corp. Negotiated terms and conditions and contract modifications. Also performed configuration and data management function.

Apr 1961 - Mar 1981 — United States Air Force

- Chief, Contracting Division, Homestead AFB, FL
- Chief, Contracting Policy Division, HQ Strategic Air Command, Ofutt AFB, NB
- Director, PACAF Procurement Center, Okinawa, Japan
- Commander, 1138th Procurement Squadron, Andrews AFB, MD
- Chief, Washington Area Procurement Center, HQ Command USAF, Andrews AFB, MD
- Base Procurement Officer, Bolling AFB, Washington DC
- Chief, Procurement Division, Goose AFB, Labrador
- Base Procurement Officer, Francis E. Warren AFB, WY

Managed complex purchasing /contracting programs for a diverse range of supplies/services including high technology laser guided weapons delivery systems, commodities, architect-engineering services, construction, equipment repair, aircraft maintenance and utility services with annual expenditures in excess of $70 million. Functioned as Procuring Contracting Officer and Administrative Contracting Officer, formulated policy/guidance for 26 Strategic Air Command Bases, negotiated contracts with both U.S. and foreign firms, responsible for

career development, personnel manning, formal training, and compliance with contracting directives. Supervised a staff of up to 80 personnel engaged in contracting for supplies and services.

## EDUCATION

- Bachelor of Science Degree from Florida State University (1960) with a major in Business Management, with minors in Economics and Marketing.
- Air Force Institute of Technology, Westinghouse Defense and Electronic Systems Center, Baltimore, MD (1973) - Industrial Procurement and Production.
- Government/Professional Courses

| | |
|---|---|
| - Procurement Officer Course | 1963 |
| - Government Contracts Course | 1964 |
| - Squadron Officer School | 1965 |
| - Personnel Management Course | 1965 |
| - Supervisor Centered Classification Plan Course | 1966 |
| - Business Law Course | 1966 |
| - Technical Representative of the Contracting Officer | 1966 |
| - Advanced Base Procurement Management | 1967 |
| - Contract Law Course | 1969 |
| - Utility Contract Negotiation and Administration | 1969 |
| - Advanced Contract Administration | 1975 |
| - Small Business Specialist | 1976 |
| - Customer Integrated Automated Purchasing System | 1977 |
| - Defense Acquisition and Contracting Executive Seminar | 1978 |
| - Principles of Contract Pricing | 1980 |
| - Financial Management and Advanced Pricing | 1984 |

## PROFESSIONAL AFFILIATIONS

National Contract Management Association (NCMA) - Education Chairman and Vice President, Central Florida Chapter