EXHIBIT C

U.S. Department of Justice

Civil Division

Telephone: (202) 307-0342
Facsimile: (202) 307-0345

GLH
154-92-580

*Washington, D.C. 20530*

April 10, 2008

**By Facsimile w/ Confirming Copy**

Steven Kreiss, Esquire
1120 Connecticut Avenue, N.W.
Suite 433
Washington, D.C. 20036

Re: Sparton Corporation v. United States,
<u>Court of Federal Claims No. 92-580C</u>

Dear Mr. Kreiss:

In your letter of April 8, 2008, you enclose a declaration by Mr. Gerald Martin, and propose an exchange permitting Ms. Julia Rowe, an analyst with CRA International, to see protected information if Mr. Martin is likewise allowed to see such information under the Stipulated Protective Order. In short, you are refusing to consent to Ms. Rowe's application unless we agree to allow Mr. Martin access to protected information. We reject your proposal because their applications are not comparable.

We object to Mr. Martin receiving access to protected information. Mr. Martin is a former employee of Sparton Corporation and has been closely associated with Sparton during the entirety of this litigation. Accordingly, Mr. Martin is not an "independent" expert and not entitled to the protected information of the Government or its contractors.

Further, Mr. Martin has been actively participating in this case for over 10 years. Yet, only now – less than two weeks before the start of trial – do you ask that Mr. Martin be permitted to see protected material. This is rather surprising, since he prepared his report about two years ago and testified at a deposition over a year ago. Mr. Martin apparently did not require access to protected information for either of those events, and you have not explained why he needs such access now.

Finally, we note that, like your letter of April 7, 2008, you have again failed to state any objection to Ms. Rowe's being a Qualified Person under the Stipulated Protective Order. Since you have failed to state any basis, we conclude that your objection is raised only for the purpose

of attempting the exchanges proposed in your letters of April 7 and 8. We have previously informed you and the court that we view the previously proposed exchange as unconscionable and improper, and we view the present proposal as being the same. Each person's request for access to protected information must stand or fall on that person's qualifications and the potential risk to the protected information, not on the perceived leverage that can be gained by one party over another.

Very truly yours,

GARY L. HAUSKEN
Assistant Director
Commercial Litigation Branch
Civil Division