**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| SPARTON CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 92-580 C |
| v. | ) | |
| | ) | Chief Judge Edward J. Damich |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR AN ORDER ENTERING MESSSRS THOMPSON, LINDSEY AND MARTIN AS QUALIFIED PERSONS UNDER THE STIPULATED PROTECTIVE ORDER**

The court's Order of April 14, 2008 (Docket No. 334) (2008 Order) set a terminal date for requests to designate persons as "Qualified Persons" under the Stipulated Protective Order of May 26, 1996, as amended. Any such motion was to be filed by April 16, 2008, with responses and replies to be filed respectively on April 17 and April 18, 2008. The 2008 Order also set forth requirements for any such motion:

> If Plaintiff chooses to file such a motion with respect to Mr. Martin, Plaintiff shall discuss Judge Merow's reasoning with respect to Mr. Boyle's designation and the applicability of that reasoning to Mr. Martin's proposed designation. If Plaintiff chooses to file such a motion with respect to Attorneys Thomson and/or Lindsey, Plaintiff shall specify which one of these individuals will be assisting Mr. Boyle.

Order at 2. The reference to Judge Merow being to the court's Order, Docket 111 (Mar. 30, 1998) (the 1998 Order).

The present motion was filed on April 16, 2008. Pl. Mot. for an Order Entering Messrs. Thompson, Lindsey and Martin as Qualified Persons under the Stip. Protective Order, Docket No. 335 (April 16, 2008) (Pl. Mot.). While plaintiff seeks relief under the terms of the 2008

Order, it has failed to comply with the requirements of the Order. Further, in the case of Mr. Martin, plaintiff fails to establish a basis for granting the relief requested.

## DEFENDANT DID NOT AND DOES NOT OBJECT TO MESSRS. THOMPSON AND LINDSEY

Plaintiff requests that Messrs. Thompson and Lindsey, outside counsel to Sparton Corporation, be granted Qualified Person status for the purpose of assisting Mr. Boyle in his testimony "by removing or replacing voluminous documents[[1]] from the loose leaf binders to which Mr. Boyle will be testifying." Pl. Mot. at 1.

The Government has previously stated that it had no objection to Messrs. Thompson and/or Lindsey being granted the status of Qualified Person under the Protective Order. *See* Def's Reply to Pl's Opp. to Mot. by United States for Expedited Relief in Form of an Order Entering Ms. Rowe as Qualified Person under Stipulated Protective Order, Docket No. 333, at 3 (April 14, 2008). As we stated then:

> The government has not objected to Messrs Thomson and Lindsey having access under the Stipulated Protective Order. We think that, in this case, each attorney's agreement to submit to the court's authority is sufficient to check any possible misconduct. Notably, this court now has the power to sanction Messrs. Thomson and Lindsey for any misconduct, can disbar them from this court, and, more importantly, can refer any complaints to any state bar to which either is admitted for the full range of disciplinary actions available to that bar.

*Id.* We do have some concern that neither the court nor opposing counsel will be present in Ann Arbor to observe the level of assistance provided by Messrs. Thompson or Lindsey. However ,

[1] Removing and replacing the documents will be unnecessarily time consuming and creates a risk that the pages will be lost or re-ordered. A better practice would be to simply place the binder before Mr. Boyle opened to the appropriate page.

that concern can be addressed by other measures, such as having the camera view a wider area to better observe what is being placed in front of Mr. Boyle.

Thus, defendant has no objection to the court granting Messrs. Thompson and Lindsey, or one of them, "Qualified Person" status.

**PLAINTIFF HAS FAILED TO COMPLY WITH THE COURT'S ORDER REGARDING MR. MARTIN**

Plaintiff also seeks an order permitting Mr. Martin to have access to Protected Information under the Stipulated Protective Order. However, plaintiff has not complied with the court's Order, Docket No. 334 (Apr. 14, 2008).

In its 2008 Order, at 2, the court stated: "If Plaintiff chooses to file such a motion with respect to Mr. Martin, Plaintiff shall discuss Judge Merow's reasoning with respect to Mr. Boyle's designation and the applicability of that reasoning to Mr. Martin's proposed designation." Plaintiff has failed to state the reasoning behind Judge Merow's 1998 Order, compare the present situation to prior events, or apply the reasoning of Judge Merow's 1998 Order to the present facts. Plaintiff states only conclusions:

> All of defendant's objections raised against Mr. Martin were likewise raised against Mr. Boyle when Sparton sought the latter's designation under the stipulated protective order. Judge Merow overruled these objections on the grounds that (1) Mr. Boyle was not an officer, shareholder or employee of Sparton since 1992, (2) Mr. Boyle was not involved in Sparton competitive decisions, (3) the extent of Mr. Boyle's association with Sparton was in regard to this litigation, (4) the potential for his future involvement in Sparton's competitive decisions was nil, and (5) Mr. Boyle was willing to forego any involvement in Sparton's competitive decisions. See defendant's opposition to Sparton's motion to designate Mr. Boyle under the stipulated protective order, filed December 5, 1997, Docket #101, and Judge Merow's March 30, 1998 Order granting Sparton's motion, Docket #111.

Pl. Mot. at 3. Plaintiff fails to provide any analysis, nor does it correctly report Judge Merow's conclusions.

In his 1998 Order,[2] Judge Merow granted Mr. Boyle "Qualified Person" status as defined by the Stipulated Protective Order. 1998 Order at 10-12. He did so after careful analysis of several factors. 1998 Order at 4, 10-12. He concluded that, on balance, his review of the facts militated in favor of allowing access to Protected Information by Mr. Boyle.

Mr. Boyle's situation however can be distinguished from that of Mr. Martin. Plaintiff has another expert available to it, who can review the Protected Information, and who would not be objectionable. *Cf* 1998 Order at 11. Plaintiff has already designated Dr. Donald Martin as a witness, he has prepared a report and is expected to testify at trial as to a number of accounting and damages issues. *See* Plaintiff's Pretrial Witness List; PX-248 (Report of Dr. Martin). Plaintiff could have had Dr. Martin perform the tasks that required access to Protected Information. As an outside consultant, the Government has no objection to his receiving Protected Information.

Finally, plaintiff throws in a red herring: its complaint that Mr. McGavock's report is marked as containing Protected Information. While it is true that Mr. McGavock's report is marked as containing Protected Information, it was so marked two years ago when it was produced to plaintiff. As can be seen from a review of the footnotes and exhibits, Mr. McGavock and his team reviewed hundreds of documents (*see* DX-221 at D221.97 - .129) of the government's contractors, including Sparton, many of which were marked as containing

---

[2] Judge Merow's 1998 Order was filed under seal, although we know of no matter in the 1998 Order that is Protected Information. In compliance with the court's sealing of that Order, however, we limit our discussion of it.

proprietary information. Thus, the report has been so marked to insure that no inadvertent disclosure occurred.

In this instance, however, plaintiff only asks that Mr. Martin be given access to the portions of Mr. McGavock's report relating to the royalty base. Those portions are pages D221.1 through D221.5 and D221.29 through D221.39 of the text and pages D221.134 through D221.140 and D221.156 through D221.732 of the Appendix. Having reviewed the identified portions, we have no objection to plaintiff providing those portions of Mr. McGavock's report to Gerald Martin.

**CONCLUSION**

For the reasons stated above, defendant has no objection to Messrs. Thompson or Lindsey being Qualified Persons under the Stipulated Protective Order. As to Mr. Martin, plaintiff failed to abide by the court's 2008 Order, and the present circumstances are sufficiently different to

preclude applying the rationale of Judge Merow's 1998 Order to the present circumstances.

Accordingly, plaintiff's request for Mr. Martin to be a Qualified Person should be denied.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JOHN FARGO
Director

*s/ Gary L. Hausken*
GARY L. HAUSKEN
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D.C. 20530
Telephone: (202) 307-0342
Facsimile: (202) 307-0345

April 16, 2008

Attorneys for Defendant, United States