IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| SPARTON CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 92-580C<br>Chief Judge Edward Damich |

**REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR AN ORDER ENTERING MESSRS. THOMPSON, LINDSEY AND MARTIN AS QUALIFIED PERSONS UNDER THE STIPULATED PROTECTIVE ORDER**

Sparton Corporation ("Sparton") replies to defendant's response to Sparton's motion for an order to designate Messrs. Thomas Thompson, Richard Lindsey and Gerald Martin as qualified persons under the May 26, 1993 stipulated protective order. Defendant does not object to Messrs. Thomas Thompson and Richard Lindsey being designated under said protective order. Reply at 2. Defendant does not object to Mr. Gerald Martin reviewing those portions of Mr. McGavock's report relating to the royalty base issue. Nevertheless, defendant states that Sparton failed to comply with this Court's Order by not stating Judge Merow's reasoning in allowing Mr. Boyle to be designated under the protective order and applying that reasoning to Mr. Martin. Defendant is wrong and did not provide a complete quote of Sparton's motion.

Judge Merow's reasoning in allowing Mr. Boyle to be designated under the protective order was set forth in defendant's quote of Sparton's motion (Reply at 3):

> All of defendant's objections raised against Mr. Martin were likewise raised against Mr. Boyle when Sparton sought the latter's designation under the stipulated protective order. Judge Merow overruled these objections on the grounds that (1) Mr. Boyle was not an officer, shareholder or employee of Sparton since 1992, (2) Mr. Boyle was not involved in Sparton competitive decisions, (3) the extent of Mr. Boyle's association with Sparton was in regard to this litigation, (4) the potential for his future involvement in Sparton's competitive decisions was nil, and (5) Mr. Boyle was willing to forego any involvement in Sparton's competitive decisions. See defendant's opposition to Sparton's motion to designate Mr. Boyle under the stipulated protective order, filed December 5, 1997, Docket #101, and Judge Merow's March 30, 1998 Order granting Sparton's motion, Docket #111.

The application of that reasoning to Mr. Martin was set forth by Sparton in the very next paragraph of Sparton's motion (Mot. 3-4):

> Mr. Martin's curriculum vitae is attached as Exhibit D. It establishes that Mr. Martin retired from Sparton in 2001 and is no longer a Sparton employee. He has not been involved in Sparton's competitive decisions for over 6 years. His sole association with Sparton is as a contracts expert to develop the royalty base and rate in regard to the issue of damages. Sparton requests Mr. Gerry Martin's designation because he then can review Mr. McGavock's expert report, presently marked confidential by defendant, and testify in regard thereto, especially with respect to the royalty base. Mr. McGavock's entire expert report was marked confidential by defendant even though the royalty base was allegedly determined by a review of non-confidential government contracts. Sparton's expert Mr. Gerry Martin is the only expert proferred by Sparton in regard to the royalty base issue. He should be allowed to review defendant's royalty base contentions advanced by Mr. McGavock. To achieve this

end, he must be designated under the stipulated protective order.

Although defendant suggests that Sparton has two experts, and the other, Mr. Donald Martin, could have reviewed Mr. McGavock's report and testified in regard to the royalty base, Sparton noted in its motion that Mr. Gerald Martin, not Mr. Donald Martin, reviewed the royalty base government contracts at issue and thus was the only one who could testify in regard to the same royalty base matters as Mr. McGavock. Accordingly, Mr. Gerald Martin should be designated under the protective order.

In view of the foregoing, Sparton submits that its motion should be granted.

Respectfully submitted,
Sparton Corporation, Plaintiff

Dated: April 18, 2008

s/Steven Kreiss
Steven Kreiss
Attorney for Plaintiff
1120 Connecticut Avenue NW
Suite 433
Washington D.C. 20036
Telephone: (202) 347-6382
Facsimile: (202) 347-7711